1  JAMES C. MACDONALD (SBN 175760)
   LAW OFFICES OF JAMES C. MACDONALD
2  2030 Main Street, Suite 660
   Irvine, California 92614
3  Telephone: (949) 660-0011
   Facsimile: (949) 408-1743
4  E-mail: jcm@jcmacdonald.com

5  Attorneys for Ramcar Batteries, Inc.,
   a California corporation

6

7                   UNITED STATES DISTRICT COURT

8                  CENTRAL DISTRICT OF CALIFORNIA

9
   CALIFORNIA DEPARTMENT OF      )  **CASE NO.**  2:20-cv-11293-SVW-JPR
10 TOXIC SUBSTANCES CONTROL and  )
   the TOXIC SUBSTANCES CONTROL  )
11 ACCOUNT,                      )
                                 )  **JUDGE:**  Stephen V. Wilson
12                               )  **COURTROOM:** 9B
              Plaintiffs,        )
13                               )
                                 )  **Complaint Filed:** December 14, 2020
14 v.                            )
                                 )
15 NL INDUSTRIES, INC., a New Jersey )  **RAMCAR BATTERIES, INC.'S**
16 corporation; JX NIPPON MINING )  **ANSWER AND AFFIRMATIVE**
   &METALS CORPORATION, a        )  **DEFENSES TO COMPLAINT AND**
17 Japanese corporation; GOULD   )  **COUNTERCLAIMS**
   ELECTRONICS, INC., an Arizona )
18 corporation; KINSBURSKY BROS. )
19 SUPPLY, INC., a California     )
   corporation; TROJAN BATTERY   )
20 COMPANY, LLC, a Delaware limited )
21 liability company; RAMCAR     )
   BATTERIES INC., a California   )
22 corporation; CLARIOS, LLC, a  )
   Wisconsin limited liability company; )
23 QUEMETCO, INC., a Delaware     )
24 corporation; INTERNATIONAL    )
   METALS EKCO, LTD., a California )
25 corporation; and BLOUNT, INC., a )
26 Delaware corporation,          )
                                 )
27                               )
              Defendants.        )
28 _____)

                                    1

Defendant   RAMCAR   BATTERIES   INC., a   California   corporation ("RAMCAR") hereby answers the COMPLAINT of Plaintiffs CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the TOXIC SUBSTANCES CONTROL ACCOUNT,   (hereinafter referred to as "PLAINTIFFS") as follows:

## INTRODUCTION

1.     Answering Paragraph 1, this paragraph includes numerous legal and technical conclusions that do not require an admission or denial and RAMCAR lacks sufficient information or belief to admit or deny all other factual allegations of this paragraph and on that basis denies each and every allegation of this paragraph.

2.     Answering Paragraph 2, this paragraph includes numerous legal and technical conclusions that do not require an admission or denial and RAMCAR lacks sufficient information or belief to admit or deny all other factual allegations of this paragraph and on that basis denies each and every allegation of this paragraph.

3.     Answering Paragraph 3, this paragraph includes numerous legal and technical conclusions that do not require an admission or denial and RAMCAR lacks sufficient information or belief to admit or deny all other factual allegations of this paragraph and on that basis denies each and every allegation of this paragraph.

4.     Answering Paragraph 4, this paragraph includes numerous legal and technical conclusions that do not require an admission or denial and RAMCAR lacks sufficient information or belief to admit or deny all other factual allegations of this paragraph and on that basis denies each and every allegation of this paragraph.

## STATEMENT OF THE ACTION

5.     Answering Paragraph 5, Paragraph 5 contains Plaintiffs' characterization of their own lawsuit, which need not be admitted or denied.   RAMCAR lacks information sufficient to admit or deny the allegation that Plaintiffs incurred unreimbursed response costs at the alleged addresses and parcels in connection with the contaminants of concern identified in Paragraph 5. RAMCAR lacks information

sufficient to admit or deny the alleged definition of "Vernon Plant." The term "Vernon Plant" as used in this pleading refers to Plaintiffs' defined term "Vernon Plant," but use of the term "Vernon Plant" herein does not admit any allegation or definition regarding the term "Vernon Plant." This paragraph further includes numerous legal and technical conclusions that do not require an admission or denial and RAMCAR lacks sufficient information or belief to admit or deny all other factual allegations of this paragraph and on that basis denies each and every allegation of this paragraph.

6.      Answering Paragraph 6, Paragraph 6 purports to define the "Site," the definition of which is a conclusion of law that need not be admitted or denied at this stage. The term "Site" as used in this pleading refers to Plaintiffs' defined term "Site," but use of the term "Site" herein does not admit any allegation or definition regarding the term "Site" or Plaintiffs' characterizations regarding the extent of contamination attributable to the Vernon Plant. RAMCAR denies Plaintiffs' allegations regarding the extent of contamination attributable to the Vernon Plant. This paragraph includes further numerous legal and technical conclusions that do not require an admission or denial and RAMCAR lacks sufficient information or belief to admit or deny all other factual allegations of this paragraph and on that basis denies each and every allegation of this paragraph.

7.      Answering Paragraph 7, this paragraph includes numerous legal and technical conclusions that do not require an admission or denial and RAMCAR lacks sufficient information or belief to admit or deny all other factual allegations of this paragraph and on that basis denies each and every allegation of this paragraph. However, RAMCAR specifically denies that PLAINTIFFS are entitled to joint and several liability as defined in CERCLA §107(a) because PLAINTIFFS are responsible parties and "persons" as defined by CERCLA because they were a generator, arranger and/or operator at the Site and/or because of their actions or inactions taken in overseeing Site activities and/or improperly implementing remedial actions at the Site.

1   Furthermore, to the extent that RAMCAR is found liable for any of the damages
2   alleged in the COMPLAINT, RAMCAR alleges that such liability is distinct, separate
3   and divisible from the liability of other parties, including PLAINTIFFS. Therefore,
4   RAMCAR specifically denies PLAINTIFFS are entitled to joint and several liability.

5       8.     Answering Paragraph 8, this paragraph includes numerous legal and
6   technical conclusions that do not require an admission or denial and RAMCAR lacks
7   sufficient information or belief to admit or deny all other factual allegations of this
8   paragraph and on that basis denies each and every allegation of this paragraph.

9       9.     Answering Paragraph 9, this paragraph includes numerous legal and
10  technical conclusions that do not require an admission or denial and RAMCAR lacks
11  sufficient information or belief to admit or deny all other factual allegations of this
12  paragraph and on that basis denies each and every allegation of this paragraph.

13      10.    Answering Paragraph 10, this paragraph includes numerous legal and
14  technical conclusions that do not require an admission or denial and RAMCAR lacks
15  sufficient information or belief to admit or deny all other factual allegations of this
16  paragraph and on that basis denies each and every allegation of this paragraph.
17  However, RAMCAR specifically denies that PLAINTIFFS are entitled to a
18  preliminary or permanent injunction directing RAMCAR to take action to abate the
19  release(s) because PLAINTIFFS are responsible parties and "persons" as defined by
20  CERCLA because they were a generator, arranger and/or operator at the Site and/or
21  because of their actions or inactions taken in overseeing Site activities and/or
22  improperly implementing remedial actions at the Site. Furthermore, to the extent that
23  RAMCAR is found liable for any of the damages alleged in the COMPLAINT,
24  RAMCAR alleges that such liability is distinct, separate and divisible from the
25  liability of other parties, including PLAINTIFFS. Therefore, RAMCAR specifically
26  denies PLAINTIFFS are entitled to demand that RAMCAR take action on its own to
27  abate the alleged release(s).
28  ///

## JURISDICTION AND VENUE

11.     Answering Paragraph 11 of the COMPLAINT, RAMCAR admits the Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 113(b) of CERCLA, 42 U.S.C. § 9613(b) and that supplemental jurisdiction exists for the state law claims.

12.     Answering Paragraph 12 of the COMPLAINT, RAMCAR admits that venue is proper.

## PLAINTIFFS

13.     Answering Paragraph 13, this paragraph includes numerous legal and technical conclusions that do not require an admission or denial and RAMCAR lacks sufficient information or belief to admit or deny all other factual allegations of this paragraph and on that basis denies each and every allegation of this paragraph.

14.     Answering Paragraph 14, this paragraph includes numerous legal and technical conclusions that do not require an admission or denial and RAMCAR lacks sufficient information or belief to admit or deny all other factual allegations of this paragraph and on that basis denies each and every allegation of this paragraph.

## DEFENDANTS

### Owner/Operator Defendants

15.     Answering Paragraph 15 of the COMPLAINT, RAMCAR lacks sufficient information or belief to admit or deny the allegations of this paragraph and on that basis denies each and every allegation of this paragraph.

16.     Answering Paragraph 16 of the COMPLAINT, RAMCAR lacks sufficient information or belief to admit or deny the allegations of this paragraph and on that basis denies each and every allegation of this paragraph.

17.     Answering Paragraph 17 of the COMPLAINT, RAMCAR lacks sufficient information or belief to admit or deny the allegations of this paragraph and on that basis denies each and every allegation of this paragraph.

18.     Answering Paragraph 18 of the COMPLAINT, RAMCAR lacks sufficient information or belief to admit or deny the allegations of this paragraph and on that

basis denies each and every allegation of this paragraph.

19.     Answering Paragraph 19 of the COMPLAINT, RAMCAR lacks sufficient information or belief to admit or deny the allegations of this paragraph and on that basis denies each and every allegation of this paragraph.

20.     Answering Paragraph 20 of the COMPLAINT, RAMCAR lacks sufficient information or belief to admit or deny the allegations of this paragraph and on that basis denies each and every allegation of this paragraph.

**Arranger/Transporter Defendants**

21.     Answering Paragraph 21 of the COMPLAINT, RAMCAR lacks sufficient information or belief to admit or deny the allegations of this paragraph and on that basis denies each and every allegation of this paragraph.

22.     Answering Paragraph 22 of the COMPLAINT, RAMCAR lacks sufficient information or belief to admit or deny the allegations of this paragraph and on that basis denies each and every allegation of this paragraph.

23.     Answering Paragraph 23 of the COMPLAINT, RAMCAR lacks sufficient information or belief to admit or deny the allegations of this paragraph and on that basis denies each and every allegation of this paragraph.

24.     Answering Paragraph 24 of the COMPLAINT, RAMCAR lacks sufficient information or belief to admit or deny the allegations of this paragraph and on that basis denies each and every allegation of this paragraph.

25.     Answering Paragraph 25 of the COMPLAINT, RAMCAR lacks sufficient information or belief to admit or deny the allegations of this paragraph and on that basis denies each and every allegation of this paragraph.

26.     Answering Paragraph 26 of the COMPLAINT, RAMCAR admits it is a California Corporation, but denies it is a "Person" as alleged in this paragraph because it did not cause "hazardous substances" as defined by CERCLA, 42 U.S.C. § 9601(14) to be delivered to the Site.

27.     Answering Paragraph 27, this paragraph includes numerous legal and

technical conclusions that do not require an admission or denial and RAMCAR lacks sufficient information or belief to admit or deny all other factual allegations of this paragraph and on that basis denies each and every allegation of this paragraph. RAMCAR nonetheless denies it is an arranger or transporter based upon the recycling exemption 42 U.S.C. § 9627 and/or the "useful product" exemption, and denies it is a "Person" as alleged in this paragraph because it did not cause "hazardous substances" as defined by CERCLA, 42 U.S.C. § 9601(14) to be delivered to the Site.

28.     Answering Paragraph 28 of the COMPLAINT, RAMCAR lacks sufficient information or belief to admit or deny the allegations of this paragraph and on that basis denies each and every allegation of this paragraph.

29.     Answering Paragraph 29 of the COMPLAINT, RAMCAR lacks sufficient information or belief to admit or deny the allegations of this paragraph and on that basis denies each and every allegation of this paragraph.

30.     Answering Paragraph 30 of the COMPLAINT, RAMCAR lacks sufficient information or belief to admit or deny the allegations of this paragraph and on that basis denies each and every allegation of this paragraph.

31.     Answering Paragraph 31 of the COMPLAINT, RAMCAR lacks sufficient information or belief to admit or deny the allegations of this paragraph and on that basis denies each and every allegation of this paragraph.

32.     Answering Paragraph 32 of the COMPLAINT, RAMCAR lacks sufficient information or belief to admit or deny the allegations of this paragraph and on that basis denies each and every allegation of this paragraph.

33.     Answering Paragraph 33 of the COMPLAINT, RAMCAR lacks sufficient information or belief to admit or deny the allegations of this paragraph and on that basis denies each and every allegation of this paragraph.

34.     Answering Paragraph 34 of the COMPLAINT, RAMCAR lacks sufficient information or belief to admit or deny the allegations of this paragraph and on that basis denies each and every allegation of this paragraph.

35.     Answering Paragraph 35 of the COMPLAINT, RAMCAR lacks sufficient information or belief to admit or deny the allegations of this paragraph and on that basis denies each and every allegation of this paragraph.

36.     Answering Paragraph 36 of the COMPLAINT, RAMCAR lacks sufficient information or belief to admit or deny the allegations of this paragraph and on that basis denies each and every allegation of this paragraph.

37.     Answering Paragraph 37 of the COMPLAINT, RAMCAR lacks sufficient information or belief to admit or deny the allegations of this paragraph and on that basis denies each and every allegation of this paragraph.

38.     Answering Paragraph 38 of the COMPLAINT, RAMCAR lacks sufficient information or belief to admit or deny the allegations of this paragraph and on that basis denies each and every allegation of this paragraph.

39.     Answering Paragraph 39 of the COMPLAINT, RAMCAR lacks sufficient information or belief to admit or deny the allegations of this paragraph and on that basis denies each and every allegation of this paragraph.

40.     Answering Paragraph 40 of the COMPLAINT, RAMCAR lacks sufficient information or belief to admit or deny the allegations of this paragraph and on that basis denies each and every allegation of this paragraph.

## GENERAL ALLEGATIONS

**The Site**

41.     Answering Paragraph 41 of the COMPLAINT, RAMCAR lacks sufficient information or belief to admit or deny the allegations of this paragraph and on that basis denies each and every allegation of this paragraph.

42.     Answering Paragraph 42 of the COMPLAINT, RAMCAR lacks sufficient information or belief to admit or deny the allegations of this paragraph and on that basis denies each and every allegation of this paragraph.

43.     Answering Paragraph 43, this paragraph includes numerous legal and technical conclusions that do not require an admission or denial and RAMCAR

1   lacks sufficient information or belief to admit or deny all other factual allegations of

2   this paragraph and on that basis denies each and every allegation of this paragraph.

3       44.        Answering Paragraph 44, this paragraph includes numerous legal

4   and technical conclusions that do not require an admission or denial and RAMCAR

5   lacks sufficient information or belief to admit or deny all factual allegations as to the

6   other named Defendants of this paragraph and on that basis cannot admit or deny each

7   of allegations of this paragraph as relates to them.  RAMCAR specifically denies the

8   allegations of this paragraph as relates to each and every factual allegation as relates to

9   it specifically.

10      45.        Answering Paragraph 45, this paragraph includes numerous legal

11  and technical conclusions that do not require an admission or denial and RAMCAR

12  lacks sufficient information or belief to admit or deny all factual allegations as to the

13  other named Defendants of this paragraph and on that basis cannot admit or deny each

14  of allegations of this paragraph as relates to them.

15      46.        Answering Paragraph 46, this paragraph includes numerous legal

16  and technical conclusions that do not require an admission or denial and RAMCAR

17  lacks sufficient information or belief to admit or deny all factual allegations as to the

18  other named Defendants of this paragraph and on that basis cannot admit or deny each

19  of allegations of this paragraph as relates to them.

20      47.        Answering Paragraph 47, this paragraph includes numerous legal

21  and technical conclusions that do not require an admission or denial and RAMCAR

22  lacks sufficient information or belief to admit or deny all factual allegations as to the

23  other named Defendants of this paragraph and on that basis cannot admit or deny each

24  of allegations of this paragraph as relates to them.

25      48.        Answering Paragraph 48 of the COMPLAINT, RAMCAR lacks

26  sufficient information or belief to admit or deny the allegations of this paragraph and

27  on that basis denies each and every allegation of this paragraph.

28      49.        Answering Paragraph 49, this paragraph includes numerous legal

Ramcar's Answer and Affirmative Defenses to Complaint and Counterclaims

1  and technical conclusions that do not require an admission or denial and RAMCAR

2  lacks sufficient information or belief to admit or deny all other factual allegations of

3  this paragraph and on that basis denies each and every allegation of this paragraph.

4      50.       Answering Paragraph 50, this paragraph includes numerous legal

5  and technical conclusions that do not require an admission or denial and RAMCAR

6  lacks sufficient information or belief to admit or deny all other factual allegations of

7  this paragraph and on that basis denies each and every allegation of this paragraph.

8      51.       Answering Paragraph 51, this paragraph includes numerous legal

9  and technical conclusions that do not require an admission or denial and RAMCAR

10  lacks sufficient information or belief to admit or deny all other factual allegations of

11  this paragraph and on that basis denies each and every allegation of this paragraph.

12      52.       Answering Paragraph 52, this paragraph includes numerous legal

13  and technical conclusions that do not require an admission or denial and RAMCAR

14  lacks sufficient information or belief to admit or deny all other factual allegations of

15  this paragraph and on that basis denies each and every allegation of this paragraph.

16      53.       Answering Paragraph 53, this paragraph includes numerous legal

17  and technical conclusions that do not require an admission or denial and RAMCAR

18  lacks sufficient information or belief to admit or deny all other factual allegations of

19  this paragraph and on that basis denies each and every allegation of this paragraph.

20      54.       Answering Paragraph 54, this paragraph includes numerous legal

21  and technical conclusions that do not require an admission or denial and RAMCAR

22  lacks sufficient information or belief to admit or deny all other factual allegations of

23  this paragraph and on that basis denies each and every allegation of this paragraph.

24      55.       Answering Paragraph 55, this paragraph includes numerous legal

25  and technical conclusions that do not require an admission or denial and RAMCAR

26  lacks sufficient information or belief to admit or deny all other factual allegations of

27  this paragraph and on that basis denies each and every allegation of this paragraph.

28  ///

**Health Effects of Lead and Other Hazardous Substances**

56.     Answering Paragraph 56, this paragraph includes numerous legal and technical conclusions that do not require an admission or denial and RAMCAR lacks sufficient information or belief to admit or deny all other factual allegations of this paragraph and on that basis denies each and every allegation of this paragraph.

57.     Answering Paragraph 57, this paragraph includes numerous legal and technical conclusions that do not require an admission or denial and RAMCAR lacks sufficient information or belief to admit or deny all other factual allegations of this paragraph and on that basis denies each and every allegation of this paragraph.

58.     Answering Paragraph 58, this paragraph includes numerous legal and technical conclusions that do not require an admission or denial and RAMCAR lacks sufficient information or belief to admit or deny all other factual allegations of this paragraph and on that basis denies each and every allegation of this paragraph.

59.     Answering Paragraph 59, this paragraph includes numerous legal and technical conclusions that do not require an admission or denial and RAMCAR lacks sufficient information or belief to admit or deny all other factual allegations of this paragraph and on that basis denies each and every allegation of this paragraph.

60.     Answering Paragraph 60, this paragraph includes numerous legal and technical conclusions that do not require an admission or denial and RAMCAR lacks sufficient information or belief to admit or deny all other factual allegations of this paragraph and on that basis denies each and every allegation of this paragraph.

61.     Answering Paragraph 61, this paragraph includes numerous legal and technical conclusions that do not require an admission or denial and RAMCAR lacks sufficient information or belief to admit or deny all other factual allegations of this paragraph and on that basis denies each and every allegation of this paragraph.

62.     Answering Paragraph 62, this paragraph includes numerous legal and technical conclusions that do not require an admission or denial and RAMCAR lacks sufficient information or belief to admit or deny all other factual allegations of

1 | this paragraph and on that basis denies each and every allegation of this paragraph.

2 |      63.        Answering Paragraph 63, this paragraph includes numerous legal
3 | and technical conclusions that do not require an admission or denial and RAMCAR
4 | lacks sufficient information or belief to admit or deny all other factual allegations of
5 | this paragraph and on that basis denies each and every allegation of this paragraph.

6 |      64.        Answering Paragraph 64, this paragraph includes numerous legal
7 | and technical conclusions that do not require an admission or denial and RAMCAR
8 | lacks sufficient information or belief to admit or deny all other factual allegations of
9 | this paragraph and on that basis denies each and every allegation of this paragraph.

10 | **Regulation of the Vernon Plant**

11 |      65.        Answering Paragraph 65, this paragraph includes numerous legal
12 | and technical conclusions that do not require an admission or denial and RAMCAR
13 | lacks sufficient information or belief to admit or deny all other factual allegations of
14 | this paragraph and on that basis denies each and every allegation of this paragraph.

15 |      66.        Answering Paragraph 66, this paragraph includes numerous legal
16 | and technical conclusions that do not require an admission or denial and RAMCAR
17 | lacks sufficient information or belief to admit or deny all other factual allegations of
18 | this paragraph and on that basis denies each and every allegation of this paragraph.

19 |      67.        Answering Paragraph 67, this paragraph includes numerous legal
20 | and technical conclusions that do not require an admission or denial and RAMCAR
21 | lacks sufficient information or belief to admit or deny all other factual allegations of
22 | this paragraph and on that basis denies each and every allegation of this paragraph.

23 |      68.        Answering Paragraph 68 of the COMPLAINT, RAMCAR lacks
24 | sufficient information or belief to admit or deny the allegations of this paragraph and
25 | on that basis denies each and every allegation of this paragraph.

26 |      69.        Answering Paragraph 69, this paragraph includes numerous legal
27 | and technical conclusions that do not require an admission or denial and RAMCAR
28 | lacks sufficient information or belief to admit or deny all other factual allegations of

this paragraph and on that basis denies each and every allegation of this paragraph.

70.     Answering Paragraph 70 of the COMPLAINT, RAMCAR lacks sufficient information or belief to admit or deny the allegations of this paragraph and on that basis denies each and every allegation of this paragraph.

71.     Answering Paragraph 71 of the COMPLAINT, RAMCAR lacks sufficient information or belief to admit or deny the allegations of this paragraph and on that basis denies each and every allegation of this paragraph.

72.     Answering Paragraph 72 of the COMPLAINT, RAMCAR lacks sufficient information or belief to admit or deny the allegations of this paragraph and on that basis denies each and every allegation of this paragraph.

73.     Answering Paragraph 73, this paragraph includes numerous legal and technical conclusions that do not require an admission or denial and RAMCAR lacks sufficient information or belief to admit or deny all other factual allegations of this paragraph and on that basis denies each and every allegation of this paragraph.

74.     Answering Paragraph 74, this paragraph includes numerous legal and technical conclusions that do not require an admission or denial and RAMCAR lacks sufficient information or belief to admit or deny all other factual allegations of this paragraph and on that basis denies each and every allegation of this paragraph.

75.     Answering Paragraph 75, this paragraph includes numerous legal and technical conclusions that do not require an admission or denial and RAMCAR lacks sufficient information or belief to admit or deny all other factual allegations of this paragraph and on that basis denies each and every allegation of this paragraph.

76.     Answering Paragraph 76, this paragraph includes numerous legal and technical conclusions that do not require an admission or denial and RAMCAR lacks sufficient information or belief to admit or deny all other factual allegations of this paragraph and on that basis denies each and every allegation of this paragraph.

77.     Answering Paragraph 77, this paragraph includes numerous legal and technical conclusions that do not require an admission or denial and RAMCAR

1 | lacks sufficient information or belief to admit or deny all other factual allegations of
2 | this paragraph and on that basis denies each and every allegation of this paragraph.

3 |        78.        Answering Paragraph 78, this paragraph includes numerous legal
4 | and technical conclusions that do not require an admission or denial and RAMCAR
5 | lacks sufficient information or belief to admit or deny all other factual allegations of
6 | this paragraph and on that basis denies each and every allegation of this paragraph.

7 | **Site Cleanup and Enforcement History**

8 |        79.        Answering Paragraph 79, this paragraph includes numerous legal
9 | and technical conclusions that do not require an admission or denial and RAMCAR
10 | lacks sufficient information or belief to admit or deny all other factual allegations of
11 | this paragraph and on that basis denies each and every allegation of this paragraph.

12 |        80.        Answering Paragraph 80, this paragraph includes numerous legal
13 | and technical conclusions that do not require an admission or denial and RAMCAR
14 | lacks sufficient information or belief to admit or deny all other factual allegations of
15 | this paragraph and on that basis denies each and every allegation of this paragraph.

16 |        81.        Answering Paragraph 81, this paragraph includes numerous legal
17 | and technical conclusions that do not require an admission or denial and RAMCAR
18 | lacks sufficient information or belief to admit or deny all other factual allegations of
19 | this paragraph and on that basis denies each and every allegation of this paragraph.

20 |        82.        Answering Paragraph 82, this paragraph includes numerous legal
21 | and technical conclusions that do not require an admission or denial and RAMCAR
22 | lacks sufficient information or belief to admit or deny all other factual allegations of
23 | this paragraph and on that basis denies each and every allegation of this paragraph.

24 |        83.        Answering Paragraph 83, this paragraph includes numerous legal
25 | and technical conclusions that do not require an admission or denial and RAMCAR
26 | lacks sufficient information or belief to admit or deny all other factual allegations of
27 | this paragraph and on that basis denies each and every allegation of this paragraph.

28 |        84.        Answering Paragraph 84, this paragraph includes numerous legal

1  and technical conclusions that do not require an admission or denial and RAMCAR

2  lacks sufficient information or belief to admit or deny all other factual allegations of

3  this paragraph and on that basis denies each and every allegation of this paragraph.

4       85.      Answering Paragraph 85, this paragraph includes numerous legal

5  and technical conclusions that do not require an admission or denial and RAMCAR

6  lacks sufficient information or belief to admit or deny all other factual allegations of

7  this paragraph and on that basis denies each and every allegation of this paragraph.

8       86.      Answering Paragraph 86, this paragraph includes numerous legal

9  and technical conclusions that do not require an admission or denial and RAMCAR

10  lacks sufficient information or belief to admit or deny all other factual allegations of

11  this paragraph and on that basis denies each and every allegation of this paragraph.

12       87.      Answering Paragraph 87, this paragraph includes numerous legal

13  and technical conclusions that do not require an admission or denial and RAMCAR

14  lacks sufficient information or belief to admit or deny all other factual allegations of

15  this paragraph and on that basis denies each and every allegation of this paragraph.

16       88.      Answering Paragraph 88, this paragraph includes numerous legal

17  and technical conclusions that do not require an admission or denial and RAMCAR

18  lacks sufficient information or belief to admit or deny all other factual allegations of

19  this paragraph and on that basis denies each and every allegation of this paragraph.

20       89.      Answering Paragraph 89 of the COMPLAINT, RAMCAR lacks

21  sufficient information or belief to admit or deny the allegations of this paragraph and

22  on that basis denies each and every allegation of this paragraph.

23       90.      Answering Paragraph 90 of the COMPLAINT, RAMCAR lacks

24  sufficient information or belief to admit or deny the allegations of this paragraph and

25  on that basis denies each and every allegation of this paragraph.

26       91.      Answering Paragraph 91, this paragraph includes numerous legal

27  and technical conclusions that do not require an admission or denial and RAMCAR

28  lacks sufficient information or belief to admit or deny all other factual allegations of

1  this paragraph and on that basis denies each and every allegation of this paragraph.

2      92.    Answering Paragraph 92, this paragraph includes numerous legal

3  and technical conclusions that do not require an admission or denial and RAMCAR

4  lacks sufficient information or belief to admit or deny all other factual allegations of

5  this paragraph and on that basis denies each and every allegation of this paragraph.

6      93.    Answering Paragraph 93, this paragraph includes numerous legal

7  and technical conclusions that do not require an admission or denial and RAMCAR

8  lacks sufficient information or belief to admit or deny all other factual allegations of

9  this paragraph and on that basis denies each and every allegation of this paragraph.

10      94.    Answering Paragraph 94, this paragraph includes numerous legal

11  and technical conclusions that do not require an admission or denial and RAMCAR

12  lacks sufficient information or belief to admit or deny all other factual allegations of

13  this paragraph and on that basis denies each and every allegation of this paragraph.

14  **<u>History of Owners and Operators of the Vernon Plant and Their Successors</u>**

15      95.    Answering Paragraph 95, this paragraph includes numerous legal

16  conclusions that do not require an admission or denial and RAMCAR lacks sufficient

17  information or belief to admit or deny all factual allegations as to the other named

18  Defendants and/or parties described in this paragraph and on that basis cannot admit or

19  deny each of allegations of this paragraph as relates to them.

20      96.    Answering Paragraph 96, this paragraph includes numerous legal

21  conclusions that do not require an admission or denial and RAMCAR lacks sufficient

22  information or belief to admit or deny all factual allegations as to the other named

23  Defendants and/or parties described in this paragraph and on that basis cannot admit or

24  deny each of allegations of this paragraph as relates to them.

25      97.    Answering Paragraph 97, this paragraph includes numerous legal

26  conclusions that do not require an admission or denial and RAMCAR lacks sufficient

27  information or belief to admit or deny all factual allegations as to the other named

28  Defendants and/or parties described in this paragraph and on that basis cannot admit or

1    deny each of allegations of this paragraph as relates to them.

2         98.         Answering Paragraph 98, this paragraph includes numerous legal

3    conclusions that do not require an admission or denial and RAMCAR lacks sufficient

4    information or belief to admit or deny all factual allegations as to the other named

5    Defendants and/or parties described in this paragraph and on that basis cannot admit or

6    deny each of allegations of this paragraph as relates to them.

7         99.         Answering Paragraph 99, this paragraph includes numerous legal

8    conclusions that do not require an admission or denial and RAMCAR lacks sufficient

9    information or belief to admit or deny all factual allegations as to the other named

10   Defendants and/or parties described in this paragraph and on that basis cannot admit or

11   deny each of allegations of this paragraph as relates to them.

12        100.        Answering Paragraph 100, this paragraph includes numerous legal

13   conclusions that do not require an admission or denial and RAMCAR lacks sufficient

14   information or belief to admit or deny all factual allegations as to the other named

15   Defendants and/or parties described in this paragraph and on that basis cannot admit or

16   deny each of allegations of this paragraph as relates to them.

17        101.        Answering Paragraph 101, this paragraph includes numerous legal

18   conclusions that do not require an admission or denial and RAMCAR lacks sufficient

19   information or belief to admit or deny all factual allegations as to the other named

20   Defendants and/or parties described in this paragraph and on that basis cannot admit or

21   deny each of allegations of this paragraph as relates to them.

22        102.        Answering Paragraph 102, this paragraph includes numerous legal

23   conclusions that do not require an admission or denial and RAMCAR lacks sufficient

24   information or belief to admit or deny all factual allegations as to the other named

25   Defendants and/or parties described in this paragraph and on that basis cannot admit or

26   deny each of allegations of this paragraph as relates to them.

27        103.        Answering Paragraph 103, this paragraph includes numerous legal

28   conclusions that do not require an admission or denial and RAMCAR lacks sufficient

information or belief to admit or deny all factual allegations as to the other named Defendants and/or parties described in this paragraph and on that basis cannot admit or deny each of allegations of this paragraph as relates to them.

104.     Answering Paragraph 104, this paragraph includes numerous legal conclusions that do not require an admission or denial and RAMCAR lacks sufficient information or belief to admit or deny all factual allegations as to the other named Defendants and/or parties described in this paragraph and on that basis cannot admit or deny each of allegations of this paragraph as relates to them.

105.     Answering Paragraph 105, this paragraph includes numerous legal conclusions that do not require an admission or denial and RAMCAR lacks sufficient information or belief to admit or deny all factual allegations as to the other named Defendants and/or parties described in this paragraph and on that basis cannot admit or deny each of allegations of this paragraph as relates to them.

106.     Answering Paragraph 106, this paragraph includes numerous legal conclusions that do not require an admission or denial and RAMCAR lacks sufficient information or belief to admit or deny all factual allegations as to the other named Defendants and/or parties described in this paragraph and on that basis cannot admit or deny each of allegations of this paragraph as relates to them.

107.     Answering Paragraph 107, this paragraph includes numerous legal conclusions that do not require an admission or denial and RAMCAR lacks sufficient information or belief to admit or deny all factual allegations as to the other named Defendants and/or parties described in this paragraph and on that basis cannot admit or deny each of allegations of this paragraph as relates to them.

108.     Answering Paragraph 108, this paragraph includes numerous legal conclusions that do not require an admission or denial and RAMCAR lacks sufficient information or belief to admit or deny all factual allegations as to the other named Defendants and/or parties described in this paragraph and on that basis cannot admit or deny each of allegations of this paragraph as relates to them.

109.        Answering Paragraph 109, this paragraph includes numerous legal conclusions that do not require an admission or denial and RAMCAR lacks sufficient information or belief to admit or deny all factual allegations as to the other named Defendants and/or parties described in this paragraph and on that basis cannot admit or deny each of allegations of this paragraph as relates to them.

110.        Answering Paragraph 110, this paragraph includes numerous legal conclusions that do not require an admission or denial and RAMCAR lacks sufficient information or belief to admit or deny all factual allegations as to the other named Defendants and/or parties described in this paragraph and on that basis cannot admit or deny each of allegations of this paragraph as relates to them.

111.        Answering Paragraph 111 of the COMPLAINT, RAMCAR lacks sufficient information or belief to admit or deny the allegations of this paragraph and on that basis denies each and every allegation of this paragraph.

112.        Answering Paragraph 112, this paragraph includes numerous legal conclusions that do not require an admission or denial and RAMCAR lacks sufficient information or belief to admit or deny all factual allegations as to the other named Defendants and/or parties described in this paragraph and on that basis cannot admit or deny each of allegations of this paragraph as relates to them.

113.        Answering Paragraph 113, this paragraph includes numerous legal conclusions that do not require an admission or denial and RAMCAR lacks sufficient information or belief to admit or deny all factual allegations as to the other named Defendants and/or parties described in this paragraph and on that basis cannot admit or deny each of allegations of this paragraph as relates to them.

114.        Answering Paragraph 114, this paragraph includes numerous legal conclusions that do not require an admission or denial and RAMCAR lacks sufficient information or belief to admit or deny all factual allegations as to the other named Defendants and/or parties described in this paragraph and on that basis cannot admit or deny each of allegations of this paragraph as relates to them.

115.       Answering Paragraph 115, this paragraph includes numerous legal conclusions that do not require an admission or denial and RAMCAR lacks sufficient information or belief to admit or deny all factual allegations as to the other named Defendants and/or parties described in this paragraph and on that basis cannot admit or deny each of allegations of this paragraph as relates to them.

116.       Answering Paragraph 116, this paragraph includes numerous legal conclusions that do not require an admission or denial and RAMCAR lacks sufficient information or belief to admit or deny all factual allegations as to the other named Defendants and/or parties described in this paragraph and on that basis cannot admit or deny each of allegations of this paragraph as relates to them.

117.       Answering Paragraph 117, this paragraph includes numerous legal conclusions that do not require an admission or denial and RAMCAR lacks sufficient information or belief to admit or deny all factual allegations as to the other named Defendants and/or parties described in this paragraph and on that basis cannot admit or deny each of allegations of this paragraph as relates to them.

118.       Answering Paragraph 118, this paragraph includes numerous legal conclusions that do not require an admission or denial and RAMCAR lacks sufficient information or belief to admit or deny all factual allegations as to the other named Defendants and/or parties described in this paragraph and on that basis cannot admit or deny each of allegations of this paragraph as relates to them.

119.       Answering Paragraph 119, this paragraph includes numerous legal conclusions that do not require an admission or denial and RAMCAR lacks sufficient information or belief to admit or deny all factual allegations as to the other named Defendants and/or parties described in this paragraph and on that basis cannot admit or deny each of allegations of this paragraph as relates to them.

120.       Answering Paragraph 120, this paragraph includes numerous legal conclusions that do not require an admission or denial and RAMCAR lacks sufficient information or belief to admit or deny all factual allegations as to the other named

Defendants and/or parties described in this paragraph and on that basis cannot admit or deny each of allegations of this paragraph as relates to them.

121.    Answering Paragraph 121, this paragraph includes numerous legal conclusions that do not require an admission or denial and RAMCAR lacks sufficient information or belief to admit or deny all factual allegations as to the other named Defendants and/or parties described in this paragraph and on that basis cannot admit or deny each of allegations of this paragraph as relates to them.

122.    Answering Paragraph 122, this paragraph includes numerous legal conclusions that do not require an admission or denial and RAMCAR lacks sufficient information or belief to admit or deny all factual allegations as to the other named Defendants and/or parties described in this paragraph and on that basis cannot admit or deny each of allegations of this paragraph as relates to them.

123.    Answering Paragraph 123, this paragraph includes numerous legal conclusions that do not require an admission or denial and RAMCAR lacks sufficient information or belief to admit or deny all factual allegations as to the other named Defendants and/or parties described in this paragraph and on that basis cannot admit or deny each of allegations of this paragraph as relates to them.

124.    Answering Paragraph 124, this paragraph includes numerous legal conclusions that do not require an admission or denial and RAMCAR lacks sufficient information or belief to admit or deny all factual allegations as to the other named Defendants and/or parties described in this paragraph and on that basis cannot admit or deny each of allegations of this paragraph as relates to them.

125.    Answering Paragraph 125, this paragraph includes numerous legal conclusions that do not require an admission or denial and RAMCAR lacks sufficient information or belief to admit or deny all factual allegations as to the other named Defendants and/or parties described in this paragraph and on that basis cannot admit or deny each of allegations of this paragraph as relates to them.

126.    Answering Paragraph 126, this paragraph includes numerous legal

conclusions that do not require an admission or denial and RAMCAR lacks sufficient information or belief to admit or deny all factual allegations as to the other named Defendants and/or parties described in this paragraph and on that basis cannot admit or deny each of allegations of this paragraph as relates to them.

127.     Answering Paragraph 127, this paragraph includes numerous legal conclusions that do not require an admission or denial and RAMCAR lacks sufficient information or belief to admit or deny all factual allegations as to the other named Defendants and/or parties described in this paragraph and on that basis cannot admit or deny each of allegations of this paragraph as relates to them.

128.     Answering Paragraph 128, this paragraph includes numerous legal conclusions that do not require an admission or denial and RAMCAR lacks sufficient information or belief to admit or deny all factual allegations as to the other named Defendants and/or parties described in this paragraph and on that basis cannot admit or deny each of allegations of this paragraph as relates to them.

129.     Answering Paragraph 129, this paragraph includes numerous legal conclusions that do not require an admission or denial and RAMCAR lacks sufficient information or belief to admit or deny all factual allegations as to the other named Defendants and/or parties described in this paragraph and on that basis cannot admit or deny each of allegations of this paragraph as relates to them.

## **FIRST CLAIM FOR RELIEF**

### **(Claim for Recovery of Response Costs Pursuant to section 107(a) of CERCLA, 42 U.S.C. § 9607(a)) Against All Defendants)**

130.     Answering Paragraph 130 of the COMPLAINT, RAMCAR admits the allegations contained in Paragraph 130 to the extent they were admitted in previous paragraphs that are incorporated by reference in this paragraph, and deny all other allegations.

131.     Answering Paragraph 131, this paragraph includes numerous legal and technical conclusions that do not require an admission or denial and RAMCAR

lacks sufficient information or belief to admit or deny all other factual allegations of this paragraph and on that basis denies each and every allegation of this paragraph.

132.     Answering Paragraph 132, this paragraph includes numerous legal and technical conclusions that do not require an admission or denial and RAMCAR lacks sufficient information or belief to admit or deny all other factual allegations of this paragraph and on that basis denies each and every allegation of this paragraph.

133.     Answering Paragraph 133 of the COMPLAINT, RAMCAR admits at least some of those parties are a "person" as defined by CERCLA, but denies it is a "Person" as alleged in this paragraph because it did not cause "hazardous substances" as defined by CERCLA, 42 U.S.C. § 9601(14) to be delivered to the Site.

134.     Answering Paragraph 134, this paragraph includes numerous legal and technical conclusions that do not require an admission or denial, and RAMCAR lacks sufficient information or belief to admit or deny all other factual allegations of this paragraph and on that basis denies each and every allegation of this paragraph.

135.     Answering Paragraph 135, this paragraph includes numerous legal and technical conclusions that do not require an admission or denial, and RAMCAR lacks sufficient information or belief to admit or deny all other factual allegations of this paragraph and on that basis denies each and every allegation of this paragraph.

136.     Answering Paragraph 136, this paragraph includes numerous legal conclusions that do not require an admission or denial and RAMCAR lacks sufficient information or belief to admit or deny all factual allegations as to the other named Defendants and/or parties described in this paragraph and on that basis cannot admit or deny each of allegations of this paragraph as relates to them.  As to factual allegations that specifically relate to RAMCAR, RAMCAR denies it is liable as an "arranger" Defendant as alleged in this paragraph, and on that basis denies each and every allegation of this paragraph as to those allegations.

137.     Answering Paragraph 137, this paragraph includes numerous legal conclusions that do not require an admission or denial and RAMCAR lacks sufficient

1   information or belief to admit or deny all factual allegations as to the other named

2   Defendants and/or parties described in this paragraph and on that basis cannot admit or

3   deny each of allegations of this paragraph as relates to them.

4        138.        Answering Paragraph 138 of the COMPLAINT, RAMCAR admits

5   that at least some of the substances discharged at the Site are "hazardous substances"

6   as defined by CERCLA.  As to factual allegations that specifically relate to RAMCAR,

7   RAMCAR denies it is liable for the presence of any "hazardous substances" as alleged

8   in this paragraph, based upon the application of the recycling exemption 42 U.S.C. §

9   9627 and/or the "useful product" exemption, and therefore denies it caused "hazardous

10  substances" as defined by CERCLA, 42 U.S.C. § 9601(14) to be delivered to the Site.

11       139.        Answering Paragraph 139 of the COMPLAINT, RAMCAR admits

12  that there has been releases and/or threatened releases at the Site as defined by

13  CERCLA.  As to factual allegations that specifically relate to RAMCAR, RAMCAR

14  denies it is liable for the presence of any releases and/or threatened releases at the Site

15  as alleged in this paragraph, and on that basis denies each and every allegation of this

16  paragraph as to those allegations.

17       140.        Answering Paragraph 140, this paragraph includes numerous legal

18  and technical conclusions that do not require an admission or denial, and RAMCAR

19  lacks sufficient information or belief to admit or deny all other factual allegations of

20  this paragraph and on that basis denies each and every allegation of this paragraph.

21       141.        Answering Paragraph 140, this paragraph includes numerous legal

22  and technical conclusions that do not require an admission or denial, and RAMCAR

23  lacks sufficient information or belief to admit or deny certain factual allegations of this

24  paragraph and on that basis denies those factual allegations of this paragraph.

25  However, RAMCAR specifically denies that PLAINTIFFS have incurred response

26  costs not inconsistent with the National Contingency Plan, 40 C.F.R. Part 300

27  ("NCP"), and denies that this is the proper standard for determining compliance with

28  the requirements of the NCP.

142.           Answering Paragraph 142, RAMCAR specifically denies that PLAINTIFFS are entitled to joint and several liability as defined in CERCLA §107(a) because PLAINTIFFS are responsible parties and "persons" as defined by CERCLA because they were a generator, arranger and/or operator at the Site and/or because of their actions or inactions taken in overseeing Site activities and/or improperly implementing remedial actions at the Site.  Furthermore, to the extent that RAMCAR is found liable for any of the damages alleged in the COMPLAINT, RAMCAR alleges that such liability is distinct, separate and divisible from the liability of other parties, including PLAINTIFFS.  Therefore, RAMCAR denies PLAINTIFFS are entitled to joint and several liability.

143.           Answering Paragraph 143, this paragraph includes numerous legal and technical conclusions that do not require an admission or denial, and RAMCAR lacks sufficient information or belief to admit or deny all other factual allegations of this paragraph and on that basis denies each and every allegation of this paragraph.

## SECOND CLAIM FOR RELIEF

**(Claim for Declaratory Relief Pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2)) Against All Defendants)**

144.   Answering Paragraph 144 of the COMPLAINT, RAMCAR admits the allegations contained in Paragraph 144 to the extent they were admitted in previous paragraphs that are incorporated by reference in this paragraph, and deny all other allegations.

145.  Answering Paragraph 145, RAMCAR specifically denies that PLAINTIFFS are entitled to joint and several liability as defined in CERCLA §113(g) because PLAINTIFFS are responsible parties and "persons" as defined by CERCLA because they were a generator, arranger and/or operator at the Site and/or because of their actions or inactions taken in overseeing Site activities and/or improperly implementing remedial actions at the Site.  Furthermore, to the extent that RAMCAR is found liable for any of the damages alleged in the COMPLAINT, RAMCAR

1  alleges that such liability is distinct, separate and divisible from the liability of other

2  parties, including PLAINTIFFS.   Therefore, RAMCAR denies PLAINTIFFS are

3  entitled to joint and several liability.   As to the remaining factual allegations,

4  RAMCAR alleges this paragraph includes numerous legal and technical conclusions

5  that do not require an admission or denial, and RAMCAR lacks sufficient information

6  or belief to admit or deny certain factual allegations of this paragraph and on that basis

7  denies those remaining factual allegations of this paragraph.

8  **THIRD CLAIM FOR RELIEF**

9  **(Claim for Recovery of Costs Pursuant to the HSAA, California Health and**

10  **Safety Code section 25360) Against All Defendants)**

11  146.         Answering Paragraph 146 of the COMPLAINT, RAMCAR admits

12  the allegations contained in Paragraph 146 to the extent they were admitted in

13  previous paragraphs that are incorporated by reference in this paragraph, and deny all

14  other allegations.

15  147.         Answering Paragraph 147, this paragraph includes numerous legal

16  and technical conclusions that do not require an admission or denial, and RAMCAR

17  lacks sufficient information or belief to admit or deny all other factual allegations of

18  this paragraph and on that basis denies each and every allegation of this paragraph.

19  148.         Answering Paragraph 148 of the COMPLAINT, RAMCAR admits

20  that at least some of the substances discharged at the Site are "hazardous substances"

21  as defined by the Health and Safety Code.  As to factual allegations that specifically

22  relate to RAMCAR, RAMCAR denies it is liable for the presence of any "hazardous

23  substances" as alleged in this paragraph, and on that basis denies each and every

24  allegation of this paragraph as to those allegations.

25  149.         Answering Paragraph 149 of the COMPLAINT, RAMCAR admits

26  that there has been release(s) and/or threatened release(s) at the Site as defined by the

27  health and safety code.  As to factual allegations that specifically relate to RAMCAR,

28  RAMCAR denies it is liable for the presence of any releases and/or threatened releases

1  at the Site as alleged in this paragraph, and on that basis denies each and every
2  allegation of this paragraph as to those allegations.

3       150.       Answering Paragraph 150, this paragraph includes numerous legal
4  and technical conclusions that do not require an admission or denial, and RAMCAR
5  lacks sufficient information or belief to admit or deny all other factual allegations of
6  this paragraph and on that basis denies each and every allegation of this paragraph.

7       151.       Answering Paragraph 151, this paragraph includes numerous legal
8  conclusions that do not require an admission or denial and RAMCAR lacks sufficient
9  information or belief to admit or deny all factual allegations as to the other named
10 Defendants described in this paragraph and on that basis cannot admit or deny each of
11 allegations of this paragraph as relates to them.  As to factual allegations that
12 specifically relate to RAMCAR, RAMCAR denies it is liable as alleged in this
13 paragraph, and on that basis denies each and every allegation of this paragraph as to
14 those allegations.

15      152.       Answering Paragraph 152, this paragraph includes numerous legal
16 and technical conclusions that do not require an admission or denial, and RAMCAR
17 lacks sufficient information or belief to admit or deny all other factual allegations of
18 this paragraph and on that basis denies each and every allegation of this paragraph.

19      153.       Answering Paragraph 153, this paragraph includes numerous legal
20 and technical conclusions that do not require an admission or denial, and RAMCAR
21 lacks sufficient information or belief to admit or deny all other factual allegations of
22 this paragraph and on that basis denies each and every allegation of this paragraph.

23                    **FOURTH CLAIM FOR RELIEF**
24     **(Claim for Abatement of Release or Threatened Release Pursuant to the**
25     **HSAA, California Health and Safety Code section 25358.3) Against All**
26                              **Defendants)**
27      154.       Answering Paragraph 154 of the COMPLAINT, RAMCAR admits
28 the allegations contained in Paragraph 154 to the extent they were admitted in

-------------------------------------------

-27-

1    previous paragraphs that are incorporated by reference in this paragraph, and deny all

2    other allegations.

3         155.     Answering Paragraph 155, this paragraph includes a recitation of

4    numerous legal conclusions that do not require an admission or denial, and on that

5    basis denies each and every allegation of this paragraph.

6         156.     Answering Paragraph 156, this paragraph includes a recitation of

7    numerous legal conclusions that do not require an admission or denial, and on that

8    basis denies each and every allegation of this paragraph.

9         157.     Answering Paragraph 157, this paragraph includes a recitation of

10   numerous legal conclusions that do not require an admission or denial, and on that

11   basis denies each and every allegation of this paragraph.

12        158.     Answering Paragraph 158, this paragraph includes numerous legal

13   and technical conclusions that do not require an admission or denial and RAMCAR

14   lacks sufficient information or belief to admit or deny all other factual allegations of

15   this paragraph and on that basis denies each and every allegation of this paragraph.

16        159.     Answering Paragraph 159, this paragraph includes numerous legal

17   and technical conclusions that do not require an admission or denial and RAMCAR

18   lacks sufficient information or belief to admit or deny all other factual allegations of

19   this paragraph and on that basis denies each and every allegation of this paragraph.

20        160.     Answering Paragraph 160, this paragraph includes numerous legal

21   conclusions that do not require an admission or denial and RAMCAR lacks sufficient

22   information or belief to admit or deny all factual allegations as to the other named

23   Defendants described in this paragraph and on that basis cannot admit or deny each of

24   allegations of this paragraph as relates to them.   As to factual allegations that

25   specifically relate to RAMCAR, RAMCAR denies it is liable as alleged in this

26   paragraph, and on that basis denies each and every allegation of this paragraph as to

27   those allegations.

28        161.     Answering Paragraph 161, this paragraph includes numerous legal

Ramcar's Answer and Affirmative Defenses to Complaint and Counterclaims

and technical conclusions that do not require an admission or denial and RAMCAR lacks sufficient information or belief to admit or deny all other factual allegations of this paragraph and on that basis denies each and every allegation of this paragraph.

## FIFTH CLAIM FOR RELIEF

**(Claim for Abatement of a Public Nuisance, California Civil Code sections 3479, 3480 and 3491, California Health and Safety Code sections 58009 and 58010) Against Defendant NL Industries Only)**

162.     Answering Paragraph 162 of the COMPLAINT, RAMCAR admits the allegations contained in Paragraph 162 to the extent they were admitted in previous paragraphs that are incorporated by reference in this paragraph, and deny all other allegations.

163.     Answering Paragraph 163, this paragraph includes a recitation of numerous legal conclusions that do not require an admission or denial, and on that basis denies each and every allegation of this paragraph.

164.     Answering Paragraph 164, this paragraph includes a recitation of numerous legal conclusions that do not require an admission or denial, and on that basis denies each and every allegation of this paragraph.

165.     Answering Paragraph 165, this paragraph includes numerous legal and technical conclusions that do not require an admission or denial and RAMCAR lacks sufficient information or belief to admit or deny all other factual allegations of this paragraph and on that basis denies each and every allegation of this paragraph.

166.     Answering Paragraph 166, this paragraph includes numerous legal and technical conclusions that do not require an admission or denial and RAMCAR lacks sufficient information or belief to admit or deny all other factual allegations of this paragraph and on that basis denies each and every allegation of this paragraph.

167.     Answering Paragraph 167, this paragraph includes numerous legal conclusions that do not require an admission or denial and RAMCAR lacks sufficient information or belief to admit or deny all factual allegations as to the other named

1   Defendants and/or parties described in this paragraph and on that basis cannot admit
2   or deny each of allegations of this paragraph as relates to them.

3       168.        Answering Paragraph 168, this paragraph includes numerous legal
4   conclusions that do not require an admission or denial and RAMCAR lacks sufficient
5   information or belief to admit or deny all factual allegations as to the other named
6   Defendants and/or parties described in this paragraph and on that basis cannot admit
7   or deny each of allegations of this paragraph as relates to them.

8       169.        Answering Paragraph 169, this paragraph includes numerous legal
9   conclusions that do not require an admission or denial and RAMCAR lacks sufficient
10  information or belief to admit or deny all factual allegations as to the other named
11  Defendants and/or parties described in this paragraph and on that basis cannot admit
12  or deny each of allegations of this paragraph as relates to them.

13      170.        Answering Paragraph 170, this paragraph includes numerous legal
14  conclusions that do not require an admission or denial and RAMCAR lacks sufficient
15  information or belief to admit or deny all factual allegations as to the other named
16  Defendants and/or parties described in this paragraph and on that basis cannot admit
17  or deny each of allegations of this paragraph as relates to them.

18      171.        Answering Paragraph 171, this paragraph includes numerous legal
19  conclusions that do not require an admission or denial and RAMCAR lacks sufficient
20  information or belief to admit or deny all factual allegations as to the other named
21  Defendants and/or parties described in this paragraph and on that basis cannot admit
22  or deny each of allegations of this paragraph as relates to them.

23      172.        Answering Paragraph 172, this paragraph includes numerous legal
24  conclusions that do not require an admission or denial and RAMCAR lacks sufficient
25  information or belief to admit or deny all factual allegations as to the other named
26  Defendants and/or parties described in this paragraph and on that basis cannot admit
27  or deny each of allegations of this paragraph as relates to them.

28      173.        Answering Paragraph 173, this paragraph includes numerous legal

conclusions that do not require an admission or denial and RAMCAR lacks sufficient information or belief to admit or deny all factual allegations as to the other named Defendants and/or parties described in this paragraph and on that basis cannot admit or deny each of allegations of this paragraph as relates to them.

174. Answering Paragraph 174, this paragraph includes numerous legal conclusions that do not require an admission or denial and RAMCAR lacks sufficient information or belief to admit or deny all factual allegations as to the other named Defendants and/or parties described in this paragraph and on that basis cannot admit or deny each of allegations of this paragraph as relates to them.

175. Answering Paragraph 175, this paragraph includes numerous legal conclusions that do not require an admission or denial and RAMCAR lacks sufficient information or belief to admit or deny all factual allegations as to the other named Defendants and/or parties described in this paragraph and on that basis cannot admit or deny each of allegations of this paragraph as relates to them.

176. Answering Paragraph 176, this paragraph includes numerous legal conclusions that do not require an admission or denial and RAMCAR lacks sufficient information or belief to admit or deny all factual allegations as to the other named Defendants and/or parties described in this paragraph and on that basis cannot admit or deny each of allegations of this paragraph as relates to them.

177. Answering Paragraph 177, this paragraph includes numerous legal conclusions that do not require an admission or denial and RAMCAR lacks sufficient information or belief to admit or deny all factual allegations as to the other named Defendants and/or parties described in this paragraph and on that basis cannot admit or deny each of allegations of this paragraph as relates to them.

178. Answering Paragraph 178, this paragraph includes numerous legal conclusions that do not require an admission or denial and RAMCAR lacks sufficient information or belief to admit or deny all factual allegations as to the other named Defendants and/or parties described in this paragraph and on that basis cannot admit

1   or deny each of allegations of this paragraph as relates to them.

2   179.        Answering Paragraph 179, this paragraph includes numerous legal

3   conclusions that do not require an admission or denial and RAMCAR lacks sufficient

4   information or belief to admit or deny all factual allegations as to the other named

5   Defendants and/or parties described in this paragraph and on that basis cannot admit

6   or deny each of allegations of this paragraph as relates to them.

7                           **PRAYER FOR RELIEF**

8   1.        RAMCAR specifically denies that PLAINTIFFS are entitled to joint and

9   several liability as defined in CERCLA §107(a) because PLAINTIFFS are responsible

10  parties and "persons" as defined by CERCLA because they were a generator, arranger

11  and/or operator at the Site and/or because of their actions or inactions taken in

12  overseeing Site activities and/or improperly implementing remedial actions at the Site.

13  Furthermore, to the extent that RAMCAR is found liable for any of the damages

14  alleged in the COMPLAINT, RAMCAR alleges that such liability is distinct, separate

15  and divisible from the liability of other parties, including PLAINTIFFS.  Therefore,

16  RAMCAR denies PLAINTIFFS are entitled to joint and several liability and/or any

17  other relief alleged by PLAINTIFFS in this paragraph.

18  2.        RAMCAR denies that PLAINTIFFS are entitled to interest as alleged in

19  this paragraph.

20  3.        RAMCAR denies that PLAINTIFFS are entitled to declaratory relief that

21  that PLAINTIFFS are entitled to joint and several liability as defined in CERCLA

22  §113(g) because PLAINTIFFS are responsible parties and "persons" as defined by

23  CERCLA because they were a generator, arranger and/or operator at the Site and/or

24  because of their actions or inactions taken in overseeing Site activities and/or

25  improperly implementing remedial actions at the Site.  Furthermore, to the extent that

26  RAMCAR is found liable for any of the damages alleged in the COMPLAINT,

27  RAMCAR alleges that such liability is distinct, separate and divisible from the liability

28  of other parties, including PLAINTIFFS.  Therefore, RAMCAR denies PLAINTIFFS

1   are entitled to joint and several liability and/or any other relief alleged by
2   PLAINTIFFS in this paragraph.

3       4.      RAMCAR denies that RAMCAR is liable for any damages alleged under
4   any of PLAINTIFFS' causes of action and as alleged in this paragraph.

5       5.      RAMCAR denies that PLAINTIFFS are entitled to a preliminary or
6   permanent injunction as against RAMCAR as alleged in this paragraph.

7       6.      RAMCAR denies the allegations as they do not relate to RAMCAR.

8       7.      RAMCAR denies that PLAINTIFFS are entitled to costs of suit.

9       8.      RAMCAR denies that PLAINTIFFS are entitled to any other and further
10  relief from the Court.

11  WHEREFORE, RAMCAR prays in the alternative for judgment as follows:

12      1.      For judgment in its favor and for dismissal with prejudice of all claims
13  alleged in the COMPLAINT against it;

14      2.      For attorney's fees and costs as the law allows, and as specifically
15  provided for under the CERCLA Section 127 Recycling Exemption;

16      3.      For costs of suit incurred herein; and

17      4.      For such other and further relief as the court may deem just and
18  proper.

19  **FIRST AFFIRMATIVE DEFENSE**
20  **(Statute of Limitations)**

21  PLAINTIFFS themselves allege in the COMPLAINT that they had actual or
22  constructive knowledge of the Exide releases at issue, and for which PLAINTIFFS
23  seek recovery, at least by October of 1990, or more than thirty (30) years ago.
24  PLAINTIFFS also allege they were provided additional facts relating to Exide's
25  releases in 2002, almost twenty (20) years ago. PLAINTIFFS further allege they
26  directed emergency response actions by Exide that were conducted from August 21,
27  2013 through December 8, 2014. Therefore PLAINTIFFS' CERCLA and HSAA
28  claims are barred by the applicable statute of limitations, and each cause of action

1  thereof, are barred by the applicable Statutes of Limitations as set forth in the
2  California *Code of Civil Procedure*, commencing with Section 335 and continuing
3  through Section 340, and specifically including, but not limited to, CERCLA. 42
4  U.S.C. § 9601 et seq., and *§§* 9613(g)(2)(A) and (B), in that the COMPLAINT was
5  not filed within five (5) years of PLAINTIFFS' actual or constructive knowledge of
6  the asserted causes of action and/or that the COMPLAINT was not filed within six (6)
7  years of first incurring PLAINTIFFS' alleged costs.

8                     **SECOND AFFIRMATIVE DEFENSE**
9                    **(Recycling/Useful Product Exemptions)**

10      RAMCAR alleges that the materials and substances provided to the Site by
11  RAMCAR fall within: (1) the Superfund Recycling Equity Act recycling exemption
12  passed by Congress to specifically encourage reuse of the battery materials generated
13  by RAMCAR and delivered to the Site (42 U.S.C. § 9627); and/or (2) the "useful
14  product" exemption as recognized under CERCLA. Therefore, materials generated by
15  RAMCAR that were delivered to the Site did not contain "hazardous substances" as
16  defined by CERCLA, and RAMCAR has no liability for the actions alleged. In the
17  alternative, any liability allocated to RAMCAR should be equitably decreased by the
18  volume of materials generated by RAMCAR and delivered to the Site that fall within
19  either of these exemptions, compared to any materials that do not fall within one or
20  more of these exemptions.

21                     **THIRD AFFIRMATIVE DEFENSE**
22              **(Contribution and Allocations of Responsibility)**

23      Even if RAMCAR is adjudged technically liable under CERCLA, or is in any
24  manner legally responsible for the injuries or damages, if any, allegedly sustained by
25  PLAINTIFFS herein, which supposition is not admitted but merely stated for the
26  purpose of this affirmative defense, then any injuries or damages found to have been
27  incurred or suffered by PLAINTIFFS were proximately caused or contributed to by
28  other persons or entities, whether or not parties to this action. It is necessary that the

1   proportionate degree of negligence, fault or wrongdoing of each of said persons or

2   entities, whether or not parties to this action, be determined and prorated and any

3   judgment that might be rendered against RAMCAR be reduced accordingly, not only

4   by the degree of comparative negligence found to exist as to PLAINTIFFS, but also as

5   to the degree of negligence, fault or wrongdoing found to exist as to said other persons

6   and entities.

7   ## FOURTH AFFIRMATIVE DEFENSE

8   ### (Cause in Fact)

9   PLAINTIFFS have not alleged and cannot prove any facts showing that the

10  conduct of RAMCAR caused injury to PLAINTIFFS.

11  ## FIFTH AFFIRMATIVE DEFENSE

12  ### (Proximate Cause)

13  PLAINTIFFS have not alleged and cannot prove that the conduct of RAMCAR

14  was the proximate cause of injury to PLAINTIFFS.

15  ## SIXTH AFFIRMATIVE DEFENSE

16  ### (Compliance with all Statutes, Regulations and Laws)

17  All activities of RAMCAR alleged in the COMPLAINT conformed to all

18  statutes, governmental rules, regulations, or standards, including but not limited to

19  PLAINTIFFS' own standards, based on the state of knowledge existing at the times

20  relevant to the COMPLAINT. RAMCAR is absolved from any liability in this action

21  by reason of its full compliance with all statutes, regulations or other laws in effect at

22  the time of the conduct that allegedly gave rise to PLAINTIFFS' alleged injuries.

23  ## SEVENTH AFFIRMATIVE DEFENSE

24  ### (Unjust Enrichment)

25  RAMCAR alleges that each and every claim asserted by PLAINTIFFS against

26  RAMCAR is barred in whole or part because recovery of the award of any monetary

27  relief (including any award of attorneys' fees) would result in unjust enrichment to

28  PLAINTIFFS.

## EIGHTH AFFIRMATIVE DEFENSE

### (Estoppel)

PLAINTIFFS by virtue of their acts or omissions are estopped from asserting the causes of action in the COMPLAINT because PLAINTIFFS' own actions have caused the damages alleged. As a consequence, PLAINTIFFS are responsible for the creation of the condition of which they complain, and are estopped from asserting the claims in the COMPLAINT.

## NINTH AFFIRMATIVE DEFENSE

### (Laches)

RAMCAR alleges that the acts that are at issue in this litigation have been continuously ongoing for over many years as alleged by PLAINTIFFS themselves. PLAINTIFFS allege in the COMPLAINT that they had actual or constructive knowledge of the Exide releases at issue, and for which PLAINTIFFS seek recovery, at least by October of 1990, or more than thirty (30) years ago. PLAINTIFFS also allege they were provided additional facts relating to Exide's releases in 2002, almost twenty (20) years ago. Yet PLAINTIFFS did not provide notice to RAMCAR of these claims at those times, which directly caused and/or allowed RAMCAR to send the materials at issue to the Exide Site for recycling. PLAINTIFFS further allege they directed emergency response actions by Exide that were conducted from August 21, 2013 through December 8, 2014. Therefore, the acts or omissions complained of by PLAINTIFFS should and could have been discovered long before the COMPLAINT was filed. Furthermore, PLAINTIFFS knew or should have known that the Site was used for improper disposal of the wastes as alleged in the COMPLAINT, yet failed to affirmatively take action to terminate the improper disposals, or provide notice to RAMCAR of PLAINTIFFS' claims and/or to litigate PLAINTIFFS' claims. PLAINTIFFS' undue delay in discovering and seeking remedy for these alleged harms has resulted in prejudice to Ramcar's ability to litigate this matter, including but not limited to: (1) the loss of witnesses and loss of memory from witnesses still available;

1   (2) loss of documentary evidence;  (3) loss of parties whom which PLAINTIFFS
2   themselves allege in the COMPLAINT were responsible for the claims asserted; and,
3   (4) an inability to prosecute Exide, the primary party responsible for all alleged
4   releases.  As a consequence, PLAINTIFFS should be barred by the doctrine of laches
5   from asserting all claims alleged in the COMPLAINT.

6   **TENTH AFFIRMATIVE DEFENSE**

7   **(Mitigation)**

8       RAMCAR alleges that PLAINTIFFS have failed to timely mitigate their
9   damages.

10  **ELEVENTH AFFIRMATIVE DEFENSE**

11  **(Divisible Harm)**

12      RAMCAR denies liability for any and all damages alleged in the COMPLAINT.
13  To the extent that RAMCAR is found liable for any of the damages alleged in the
14  COMPLAINT, RAMCAR alleges that such liability is distinct, separate and divisible
15  from the liability of other parties.  Therefore, PLAINTIFFS should not recover from
16  RAMCAR more than RAMCAR's fair, equitable and proportionate share of the
17  damages, if any, sought by PLAINTIFFS.

18  **TWELFTH AFFIRMATIVE DEFENSE**

19  **(Proration)**

20      RAMCAR denies liability for any and all damages alleged in the COMPLAINT.
21  To the extent that RAMCAR is found liable for any of the damages alleged in the
22  COMPLAINT, RAMCAR alleges that it is entitled to an appropriate proration of
23  damages because of the negligence and fault of other parties named and/or not named
24  in this action.

25  **THIRTEENTH AFFIRMATIVE DEFENSE**

26  **(Failure to State a Claim)**

27      The COMPLAINT and each and every claim asserted therein fails to allege facts
28  sufficient to state a claim against RAMCAR.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure to Join Indispensable Parties)

RAMCAR alleges that PLAINTIFFS have failed to join as parties in the action those (i) that are subject to service of process, (ii) the joinder of which will not deprive the court of jurisdiction over the subject matter of the action, and (iii) because of which absence complete relief cannot be accorded among those that are already parties and/or who claim an interest relating to the subject of the action, and are so situated that the disposition of the action in the party's absence may as a practical matter impair or impede the party's ability to protect that interest or leave RAMCAR subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the party's claimed interest.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Consent)

RAMCAR alleges that the COMPLAINT, and each cause of action thereof, is barred because PLAINTIFFS and/or the Site's landowner consented to the acts and omissions of RAMCAR, if any, and voluntarily invited and assumed said acts.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Justified Conduct)

The conduct of RAMCAR in regard to the matters alleged in the COMPLAINT was justified, and therefore, PLAINTIFFS are barred from any recovery against RAMCAR based on said conduct.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Primary Fault)

PLAINTIFFS' recovery must be barred or reduced on the grounds that the negligence, fault or wrongdoing of other persons or entities, whether or not parties to this action, was active and primary, and the negligence, fault or wrongdoing, if any of RAMCAR was merely passive, derivative and  secondary.

## EIGHTEENTH AFFIRMATIVE DEFENSE

**(Res Judicata/Collateral Estoppel)**

The COMPLAINT, and each cause of action thereof, is barred by the doctrines of *res judicata* and/or collateral estoppel.

## NINETEENTH AFFIRMATIVE DEFENSE

**(Assumption of Risk)**

RAMCAR alleges that PLAINTIFFS and/or the sites landowner had full and actual knowledge of the risks associated with the events alleged in the COMPLAINT and voluntarily assumed said risks despite such knowledge.

## TWENTIETH AFFIRMATIVE DEFENSE

**(No Agency)**

At no time material hereto did RAMCAR control or manage any of the other persons or entities who may have committed any wrongful act or acts constituting or underlying any purported cause of action of the COMPLAINT; none of such other persons or entities were acting for or on behalf of RAMCAR; and RAMCAR did not induce, ratify, or acquiesce in any wrongful act or acts constituting or underlying any purported cause of action.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

**(Superseding Cause)**

If PLAINTIFFS sustained any injury, loss or damage as alleged in the COMPLAINT, that injury, loss or damage was proximately caused or contributed to by the wrongful and negligent acts and conduct of persons or entities other than RAMCAR, and such wrongful or negligent acts or conduct were an intervening or superseding cause of the injury, loss or damage, if any, of which PLAINTIFFS complain.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

**(Offset)**

RAMCAR denies liability for any and all damages alleged in the COMPLAINT. To the extent that RAMCAR is found liable for any of the damages alleged in the

1  COMPLAINT, RAMCAR alleges that they are entitled to an appropriate proration of

2  damages because of the negligence and other fault of the parties to this action.

3  Proration and offsets include, but are not limited to: (1) tax funds paid directly by

4  RAMCAR and/or other Defendants pursuant to the Lead-Acid Battery Recycling Act

5  of 2016 (Act) which established the Lead-Acid Battery Cleanup Fund ("LABRIC") to

6  finance the investigation and cleanup of the Site;  and, (2) all funds provided to

7  PLAINTIFFS pursuant to legislation passed by the State of California, in which

8  RAMCAR is a taxpayer, for investigation and/or remediation of this Site.

9  **TWENTY-THIRD AFFIRMATIVE DEFENSE**

10  **(Acts or Omissions of Third Parties)**

11  RAMCAR alleges that the actual or threatened releases of hazardous substances

12  alleged in the COMPLAINT were caused solely by the acts or omissions of

13  PLAINTIFFS, Defendants and/or other third parties, none of which were employees or

14  agents of RAMCAR, and whose acts or omissions did not occur in connection with a

15  contractual relationship, or any other relationship, direct or indirect, with RAMCAR,

16  and that at no time did RAMCAR exercise control over the persons or entities

17  responsible for the actual or threatened releases of hazardous waste or other

18  substances, and that at all times RAMCAR exercised due care in light of all relevant

19  facts and circumstances and took precautions against the foreseeable acts or omissions

20  of all third parties and the consequences that could foreseeably result therefrom.

21  **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

22  **(Reservations of Defenses)**

23  RAMCAR alleges that the COMPLAINT, and each cause of action thereof, is

24  stated in conclusionary terms, and therefore RAMCAR cannot fully anticipate all

25  affirmative defenses that may be applicable to this action.  Accordingly, RAMCAR

26  hereby reserve its right to add additional affirmative defenses, if and to the extent such

27  affirmative defenses are applicable to this action.

28  **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Contribution)**

RAMCAR is informed and believe, and on that basis allege that it is entitled to contribution from PLAINTIFFS, other Defendants and/or Third parties in this action, pursuant to common law.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Reliance upon Other Defendants' Defenses)

RAMCAR intend to rely upon and hereby incorporate by reference and assert any defense asserted by the other named Defendants or any other presently unnamed Parties.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Compliance with Industry Standards)

Any acts and conduct of RAMCAR, as alleged in the COMPLAINT, conformed to and were pursuant to statutes, government regulations and industry standards, and were based upon the state of knowledge existing at all material times alleged in the COMPLAINT.

## TWENTY- EIGHTH AFFIRMATIVE DEFENSE

### (De Minimus Contributor)

RAMCAR alleges the alleged injuries and damages, if any, suffered as a result of conduct legally attributable to it, if any, is de minimis and/or de micromis under CERCLA and the policies of the United State Environmental Protection Agency. Therefore, any liability imposed, or any injunction awarded, would pose a disproportionate hardship on RAMCAR, in comparison to the injury and or damages allegedly suffered by PLAINTIFFS.

## TWENTY- NINTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

PLAINTIFFS by virtue of their acts or omissions caused all or part of the releases and/or threatened releases of hazardous substances that exist at the Site because:   (1) PLAINTIFFS are responsible parties and "persons" as defined by

1   CERCLA because they were a generator, arranger and/or operator at the Site; and/or

2   (2) because PLAINTIFFS' actions or inactions taken in overseeing Site activities,

3   and/or implementing remedial actions at the Site, allowed, or directly caused, the

4   contamination alleged to migrate and spread, impact many more properties than would

5   have otherwise been impacted, and exacerbated and increased the costs of response.

6   As a consequence, PLAINTIFFS are responsible for the creation of the condition of

7   which they complain, and lack the clean hands necessary to assert the claims in the

8   COMPLAINT.

9   ### THIRTIETH AFFIRMATIVE DEFENSE

10  ### (Failure to Comply with NCP)

11          RAMCAR alleges that PLAINTIFFS failed to comply with the requirements of

12  the National Contingency Plan ("NCP"), 40 C.F.R. Part 300 and as referenced in

13  HSAA, Cal. H & S Code § 25356.1.5(a)(1) when incurring costs of investigation

14  and/or remediation of the Site.

15  ### THIRTY-FIRST AFFIRMATIVE DEFENSE

16  ### (Waiver)

17          RAMCAR alleges that PLAINTIFFS, their principals and/or his agents have

18  waived any rights of PLAINTIFFS in the claims asserted against RAMCAR.

19  ### THIRTY-SECOND AFFIRMATIVE DEFENSE

20  ### (Act of Third Party)

21          Any disposal, release or threatened release of Hazardous Substances, and any

22  damages resulting there from, were caused solely or in material part by an act or

23  omission of other Third parties for which RAMCAR is not liable and/or did not have

24  control over.

25  ### THIRTY-THIRD AFFIRMATIVE DEFENSE

26  ### (Failure to Investigate Actual Cause)

27          PLAINTIFFS have failed to timely and property investigate the cause of the

28  alleged harm, and have not attempted to identify or prosecute the actual responsible

party or parties.

## THIRTY-FOURTH  AFFIRMATIVE DEFENSE

### (Failure to Follow Own Protocols)

PLAINTIFFS have failed to follow its own protocols and has not performed all necessary conditions precedent or satisfied jurisdictional prerequisites required prior to filing the COMPLAINT.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Unnecessary Costs)

Some or all costs alleged in the COMPLAINT were not "necessary costs of Response" and therefore RAMCAR is not liable for those costs.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (PLAINTIFFS are Potentially Responsible Parties)

PLAINTIFFS are potentially responsible parties and therefore RAMCAR cannot be held jointly and severally responsible.

///
///
///
///
///
///
///
///
///
///
///
///
///
///

Ramcar's Answer and Affirmative Defenses to Complaint and Counterclaims

## COUNTERCLAIMS

RAMCAR counterclaims as follows against Plaintiffs California Department of Toxic Substances Control and the Toxic Substances Control Account. This Counterclaim adopts the defined terms used in Plaintiffs' Complaint unless otherwise specified.

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over these counterclaims under 28 U.S.C. § 1331 and 42 U.S.C. § 9613(b). The Court has supplemental jurisdiction over state law claims under 28 U.S.C. § 1367 because the federal and state claims arise from a common nucleus of operative facts.

2.      Venue is proper in this district under 28 U.S. § 1391(b) and 42 U.S.C. § 9613(b) because the alleged releases and/or threatened releases occurred in this district.

## PARTIES

3.      RAMCAR is a California Corporation registered to do business in California.

4.      The California Department of Toxic Substances Control ("DTSC") is a public agency of the State of California, organized and existing under Cal. Health and Safety Code, § 58000 *et seq*. DTSC is the successor to the California Department of Health Services.

5.      The Toxic Substances Control Account is an account within the State of California General Fund pursuant to Cal. Health and Safety Code, § 25173.6.

## GENERAL ALLEGATIONS

6.      DTSC's mission includes protecting California's people and environment from the harmful effects of toxic substances by restoring contaminated resources, and enforcing hazardous waste laws, including the Hazardous Waste Control Law, Cal. Health and Safety Code ("HWCL"), § 25100 *et seq*. DTSC administers the HWCL,

which has as strict, or stricter, requirements for regulating hazardous waste than the federal Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6901 *et seq.*

7.    CERCLA imposes liability on several classes of persons, including "any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of."   42 U.S.C. § 9607(a)(2).

8.    Liability as an operator attaches when a party "manage[s], direct[s], or conduct[s] operations specifically related to pollution, that is, operations having to do with the leakage or disposal of hazardous waste, or decisions about compliance with environmental regulations."  *United States v. Bestfoods,* 524 U.S. 51, 66 (1998).

9.    Governmental entities are not insulated from liability as "operators" under CERCLA, including when acting under their regulatory authority.  *United States v. Shell Oil*, 294 F.3d 1045, 1053 (9th Cir. 2002); *see also FMC Corp. v. United States Dep't of Commerce,* 29 F.3d 833, 840 (3rd Cir. 1994) (en banc) ("[T]he government can be liable when it engages in regulatory activities extensive enough to make it an operator of a facility....").

**DTSC's failure to satisfy its mandatory permitting responsibilities**

10.    DTSC and its predecessor agency administered a hazardous waste permitting system for the Vernon Plant for more than 30 years, during which time no final hazardous waste facility permit was ever issued for the Vernon Plant.

11.    Upon information and belief, a former owner or operator of the alleged Vernon Plant filed a RCRA Part A application with the United States Environmental Protection Agency (EPA) on August 8, 1980.

12.    Upon information and belief, DTSC's predecessor agency issued an "Interim Status Document" ("ISD") for the Vernon Plant nearly 40 years ago on December 12, 1981.  Alternatively, upon information and belief, an ISD for the Vernon Plant was issued on December 18, 1981.

13.     Upon information and belief, a former owner or operator of the Vernon Plant subsequently eliminated a waste pile, claimed that its smelters did not require a permit, and requested reclassification to generator status.  Upon information and belief, EPA then rescinded the facility's Treatment and Storage Facility classification by returning the 1980 RCRA Part A permit application.

14.     Upon information and belief, DTSC's predecessor agency rescinded the ISD for the Vernon Plant in 1982.

15.     Upon information and belief, DTSC's predecessor agency issued another ISD for the Vernon Plant on August 19, 1983.  Alternatively, upon information and belief, a renewed ISD was issued for the Vernon Plant sometime between 1982 and January 1, 1992.  Alternatively, upon information and belief, a renewed ISD was issued for the Vernon Plant sometime between January 1, 1992 and December 13, 1999.

16.     Upon information and belief, a former owner or operator of the Vernon Plant filed a revised RCRA Part A application for the Vernon Plant on July 5, 1985.

17.     Upon information and belief, DTSC's predecessor agency determined on September 3, 1986 that a hazardous waste facility permit was necessary for the Vernon Plant.

18.     Upon information and belief, a former owner or operator of the Vernon Plant submitted a RCRA Part B application for the Vernon Plant on November 8, 1988.  That application, including its subsequent and incorporated revisions, is referred to here as the "Permit Application."

19.     California law required DTSC to act on the November 8, 1988 hazardous waste facility permit application for the Vernon Plant on or before July 1, 1993.  Cal. Health and Safety Code, § 25200.11(a). DTSC was required either to issue the permit, make a final denial of the application, or extend final action for one year upon a determination that the application was complete and more time was needed for evaluation.  *Id.*

-46-

20.     Upon information and belief, as of July 1, 1993, DTSC had not issued a permit for the Vernon Plant, denied the Permit Application, or extended final action for one year.   Upon information and belief, operations continued at the Vernon Plant without action on the Permit Application from 1993 through 1999.

21.     Upon information and belief, DTSC made no further permitting determinations with respect to the Vernon Plant until December 13, 1999.

22.     Upon information and belief, during the time the permit application was pending, DTSC closely monitored activities at the Vernon Plant and inspectors documented many violations, and was aware of releases or threatened releases of hazardous substances from the Vernon Plant.

23.     Upon information and belief, DTSC approved a Class 2 Interim Status modification for the Vernon Plant on December 13, 1999 for supplemental environmental projects as a result of the settlement of an enforcement case.

24.     Upon information and belief, DTSC approved a Class 2 Interim Status modification for the Vernon Plant on June 30, 2000, regarding a wastewater treatment plant and secondary containment.

25.     Upon information and belief, DTSC approved a Class 1 Interim Status modification for the Vernon Plant on January 5, 2001, for change of ownership and operational control to Exide.   Upon information and belief, DTSC approved a Class 1 Interim Status modification for the Vernon Plant on November 16, 2001 for Exide's name change.

26.     Upon information and belief, between 1988 and 2006, the owners or operators of the Vernon Plant periodically revised the Permit Application.

27.     Upon information and belief, DTSC requested information on May 4, 1992 and the Permit Application was revised with the requested information in June 1992.

28.     Upon information and belief, the Permit Application was revised in November 1993 with an updated contingency plan, more detailed operating

1    procedures, description of containment buildings, and furnace operation information
2    requested by DTSC.

3           29.    Upon information and belief, the Permit Application was revised in
4    February 1998 to reflect additional and expanded operations and equipment, a revised
5    waste analysis plan, a revised closure/post-closure plan and cost estimates, and other
6    revisions and clarifications requested by DTSC.

7           30.    Upon information and belief, the Permit Application was revised in
8    November 2000 to incorporate the two approved Class 2 Interim Status modification
9    requests in 1999 and 2000, revised permitted unit capacities, updated contingency plan,
10   updated closure/post-closure plan and cost estimate, and a revised process description
11   based on the Interim Status modifications.

12          31.    Upon information and belief, the Permit Application was revised in May
13   2002 to respond to comments from DTSC and to reflect the addition of new
14   equipment.  Upon information and belief, certain pages in the May 2002 Permit
15   Application revision were replaced in January 2006 to reflect the relocation of certain
16   equipment.

17          32.    Upon information and belief, the Permit Application was revised in April
18   2006 to reflect additional equipment and a revised closure/post-closure cost estimate.

19          33.    Upon information and belief, DTSC did not submit for public review a
20   draft permit in response to the Permit Application until July 7, 2006, nearly 18 years
21   after the Permit Application was submitted.

22          34.    Upon information and belief, DTSC did not release for public comment a
23   Health Risk Assessment and, as required by the California Environmental Quality Act,
24   an Environmental Impact Report related to the Vernon Plant until July 7, 2006, nearly
25   18 years after the Permit Application was submitted to DTSC.

26          35.    Upon information and belief, following public comment on the draft
27   permit, Health Risk Assessment and Environmental Impact Report, DTSC

28

1  subsequently directed Exide to revise the Permit Application again.  Upon information
2  and belief, Exide submitted a revised Permit Application on July 23, 2010.

3      36.    Upon information and belief, DTSC subsequently directed Exide to revise
4  its Permit Application again.  Upon information and belief, Exide submitted a revised
5  Permit Application in January 2013.

6      37.    Upon information and belief, SB 712 passed in 2014 and required DTSC
7  to act upon the Permit Application by December 31, 2015.  Upon information and
8  belief, Exide withdrew the Permit Application in April 2015, more than 26 years after
9  it was first submitted.

10     38.    Upon information and belief, DTSC never granted or denied the Permit
11 Application during its pendency of more than 26 years.

12     39.    Upon information and belief, DTSC's failure to act on the Permit
13 Application affected the nature, duration and extent of releases or threatened releases
14 of hazardous substances at, from, or related to the Vernon Plant.  Upon information
15 and belief, DTSC's failure to act on the Permit Application therefore impacted the
16 eventual cost of investigation and excavation activities in the area DTSC alleged to be
17 impacted by the Vernon Plant.

18     40.    California law mandated that any hazardous waste facility permit issued
19 for the Vernon Plant include a requirement for "corrective action for all releases of
20 hazardous waste or constituents from… a hazardous waste management unit at a
21 facility engaged in hazardous waste management, regardless of the time at which waste
22 was released at the facility."  Cal. Health and Safety Code, § 25200.10(b).  Such a
23 corrective action provision in a hazardous waste facility permit for the Vernon Plant
24 needed to include a requirement "that corrective action be taken beyond the facility
25 boundary where necessary to protect human health and safety or the environment[.]"
26 Id.

27     41.    Upon information and belief, by failing to act on the Permit Application
28 for more than 26 years, DTSC thwarted the requirement in California law that would

1   have mandated that DTSC include a corrective action requirement for the Vernon Plant
2   as part of any permit issued in response to the Permit Application.  Upon information
3   and belief, if DTSC had issued a lawfully constituted permit for the Vernon Plant in
4   response to the Permit Application by July 1, 1993, such a corrective action
5   requirement would have been in place by July 1, 1993. *Id.*, § 25200.11(a).

6       42.   California law also mandated that when considering a hazardous waste
7   facility permit where corrective action could not be completed prior to the issuance of
8   the permit, DTSC needed to include in the permit "schedules of compliance for
9   corrective action." *Id.*, § 25200.10(b).

10      43.   Upon information and belief, the corrective action required in connection
11  with the Vernon Plant could not have been completed between November 8, 1988 and
12  July 1, 1993, when the Permit Application was due for DTSC action under Cal. Health
13  and Safety Code, § 25200.11(a).

14      44.   Upon information and belief, in considering the November 8, 1988 Permit
15  Application, which was due no later than July 1, 1993, DTSC was required to include
16  in any responsive permit for the Vernon Plant "schedules of compliance for corrective
17  action." *Id.*, § 25200.10(b).

18      45.   Upon information and belief, if DTSC had fulfilled its statutory
19  permitting obligations under California hazardous waste law in the early 1990s, an
20  enforceable corrective action requirement for the Vernon Plant, with associated
21  compliance schedules, would have been in place by 1993.

22      46.   Instead, upon information and belief, no corrective action requirement
23  was in place for the Vernon Plant throughout the 1990s.  Rather than requiring the
24  Vernon Plant's owners and operators to take corrective action during the 1990s, upon
25  information and belief, DTSC allowed operations at the Vernon Plant to continue,
26  including the environmental releases DTSC now alleges were associated with those
27  operations.  Upon information and belief, the absence of a corrective action
28  requirement and associated compliance schedules in the 1990s contributed to the

1   ultimate extent and severity of the environmental contamination DTSC now attributes
2   to the Vernon Plant, contributing to higher response costs.

3   **DTSC's failure to secure financial assurance for the Vernon Plant**

4   47.   The purpose of financial assurances in the California hazardous waste
5   laws is to assure that facility owners and operators can address adverse environmental
6   conditions arising out of facility operations without transferring such costs to the
7   taxpayers.

8   48.   Exide, with its multiple bankruptcies, is an example of why DTSC's
9   obligation to enforce the financial assurances obligations under California law are
10  important for the public, the customers of the facilities, and the regulated community
11  of hazardous waste facility permitted owners or operators.

12  49.   Exide went through bankruptcy proceedings three times between 2002
13  and 2020, with the final result that the bankruptcy judge in Exide's third bankruptcy in
14  2020 concluded: "Exide should pay its debts, but it cannot.  There is simply no
15  available money to do so." *In re: Exide Holdings, Inc.*, No 20-11157, ECF No. 1004-
16  3, at 1 (D. Del. Bankr., Oct. 19, 2020).

17  50.   California law mandated that when considering a hazardous waste
18  facilities permit where corrective action could not be completed prior to the issuance of
19  the permit, DTSC needed to include in the permit "assurance of financial responsibility
20  for completing the corrective action." *Id.*, § 25200.10(b).

21  51.   Upon information and belief, the corrective action required in the vicinity
22  of the Vernon Plant could not have been completed between November 8, 1988 and
23  July 1, 1993, when the Permit Application was due for DTSC action under Cal. Health
24  and Safety Code, § 25200.11(a).

25  52.   Upon information and belief, in considering the November 8, 1988 Permit
26  Application, which was due for action no later than July 1, 1993, DTSC was required
27  to include in any permit for the Vernon Plant requirements for "assurance of financial
28  responsibility for completing the corrective action." *Id.*, § 25200.10(b).

53.     Upon information and belief, if DTSC had fulfilled its statutory permitting obligations under California hazardous waste law in the early 1990s, an enforceable corrective action requirement for Exide, with associated financial assurances, would have been in place by 1993.

54.     California law also mandated that DTSC adopt standards and regulations specifying "financial assurances to be provided by the owner or operator of a hazardous waste facility that are necessary to respond adequately to damage claims arising out of the operation of that type of facility[.]"  Cal. Health and Safety Code, § 25245(a)(1).  Per that mandate, DTSC promulgated 22 CCR § 66264.101, providing that "[t]he owner or operator [of a facility seeking a permit for the transfer, treatment, storage, or disposal of hazardous waste] shall provide a financial assurance mechanism for corrective action to [DTSC] within 90 days of [DTSC's] approval of a corrective measures implementation workplan or a [DTSC]-approved equivalent... to allow [DTSC] access to the funds to undertake corrective measures implementation tasks if the owner or operator is unable or unwilling to undertake the required tasks." 22 CCR § 66264.101(b).

55.     Upon information and belief, DTSC did not require the owner or operator of the Vernon Plant to provide a financial assurance mechanism for corrective action during the 1980s or 1990s.

56.     Upon information and belief, DTSC did not approve or require a corrective measures implementation workplan or an equivalent during the 1980s or 1990s.

57.     California law mandates that the interim status of a facility "shall terminate" on July 1, 1997 "unless [DTSC] certifies, on or before July 1, 1997, that the facility is in compliance with the financial assurance requirements of Article 12 (commencing with Section 25245)[.]" Cal. Health and Safety Code, § 25205(b). The financial assurance requirements set forth in this section are "requirements of Article 12."

58.     Upon information and belief, DTSC did not certify during the 1980s or 1990s that the Vernon Plant was in compliance with the financial assurance requirements of Article 12.

59.     Upon information and belief, the interim status of the Vernon Plant terminated on July 1, 1997 following DTSC's failure to certify that Exide was in compliance with the financial assurance requirements of Article 12. Upon information and belief, DTSC allowed the Vernon Plant to operate unlawfully after July 1, 1997, without interim status or other proper legal authorization. Alternatively, upon information and belief, DTSC allowed the Vernon Plant to operate pursuant to an interim status after July 1, 1997 in violation of DTSC obligations under California law.

60.     Upon information and belief, DTSC's failure in the early 1990s to enforce statutory requirements for financial assurances from the owners or operators of the Vernon Plant regarding corrective action contributed to the unavailability of funding from Exide when remediation and removal operations were finally undertaken two decades later.

**DTSC's cleanup mismanagement**

61.     In November 2015, DTSC made a determination that contamination in what DTSC characterized as the vicinity of the Vernon Plant may pose an imminent and substantial endangerment ("ISE") to public health, welfare, or the environment. *See* Auditor of the State of California, *Cal. Dept. of Toxic Substances Control: The State's Poor Management of the Exide Cleanup Project Has Left Californians at Continued Risk of Lead Poisoning* (October 2020) ("State Auditor Report") at Page 4.

62.     Because it made an ISE determination, DTSC could have elected to conduct cleanup activities itself, or hire contractors. *Id.* at 5. Upon information and belief, DTSC chose to hire contractors.

63.     In April 2016, the state legislature passed Assembly Bill 118 ("AB 118"). AB 118 appropriated $176,600,000 from the state's General Fund to DTSC, to be

used for investigation and cleanup of properties in communities surrounding the Vernon Plant.

64.     As of June 2020, DTSC has received approximately $260,000,000 from the state, primarily from the General Fund, to conduct the Vernon Plant cleanup and related activities. *Id*. at 5.

65.     Upon information and belief, DTSC has mismanaged the investigation and cleanup, and the funds allocated for it.

66.     Upon information and belief, DTSC's cleanup costs have been significantly higher than necessary.

67.     Upon information and belief, to date DTSC's largest cleanup contracts are time-and-materials contracts, and not fixed-price contracts.  A fixed-price contract limits costs to an agreed-upon amount.  In contrast, the time-and-materials contracts entered into by DTSC allowed DTSC to be charged for the full actual cost of labor and materials, regardless of whether those costs exceeded estimates.

68.     Upon information and belief, contractors under a time-and-materials arrangement with DTSC did not utilize cost-effective techniques, and as a result tens of millions of dollars in unnecessary costs were passed on to DTSC. *See e.g.*, State Auditor Report, at 25.

69.     Upon information and belief, DTSC recognized costs were exceeding estimates, and spent an additional $5,400,000 to hire a consultant to help control the excess costs.  These excess costs were a foreseeable consequence of DTSC's time-and-materials contracts.

70.     Upon information and belief, DTSC had several options other than entering into time-and-materials contracts for the cleanup.

71.     Upon information and belief, time-and-materials contracts are not the norm for public agencies.

72.     In addition to mismanaging the funds allocated to it from the General Fund to clean up several thousand properties DTSC classified as high-priority, upon

1  information and belief DTSC currently has no timeline or plan for cleaning up the
2  remaining properties it has designated as impacted by the Vernon Plant. This set of
3  properties is estimated to number 4,600. *See* State Auditor Report at 17.

4  **RAMCAR's damages**

5  73.    DTSC's failure to enforce and comply with California statutory law led to
6  more widespread environmental contamination in what DTSC has characterized as the
7  vicinity of the Vernon Plant and consequently unnecessary response costs for
8  investigation, removal, and remedial actions. To the extent that a judgment is entered
9  under CERCLA, HSAA, or other law subjecting RAMCAR to liability for such
10  unnecessary response costs and a monetary award for a share of those response costs,
11  such a judgment constitutes monetary damages for RAMCAR caused by DTSC's
12  actions and omissions.

13  74.    DTSC's failure to enforce and comply with California statutory law led to
14  the unavailability of funding for cleanup from the Vernon Plant's owners or operators,
15  which required transferring most of the environmental response costs to taxpayers. To
16  the extent that a judgment is entered under CERCLA, HSAA, or other law subjecting
17  RAMCAR to liability for such unnecessary DTSC response costs and a monetary
18  award for a share of those response costs, such a judgment constitutes monetary
19  damages for RAMCAR caused by DTSC's actions and omissions.

20  **FIRST COUNTERCLAIM**

21  **(Contribution under CERCLA § 113(f))**

22  75.    RAMCAR incorporates the allegations in the preceding paragraphs by
23  reference.

24  76.    DTSC alleges that the "site" of the Vernon Plant, as that term is ultimately
25  defined by the Court, is a "facility" within the meaning of 42 U.S.C. § 9601(9). If true,
26  the "site" of the Vernon Plant, as that term is ultimately defined by the Court, is a
27  "facility."

28  77.    DTSC is a "person" as defined in 42 U.S.C. § 9601(21).

78.     DTSC was aware of releases of hazardous substances from the Vernon Plant impacting human health in the surrounding area for years before DTSC began cleanup efforts in connection with the Vernon Plant in at least 2015.  During that time, DTSC issued multiple remedial action plans that selected and implemented response actions at the "site" of the Vernon Plant, as that term is ultimately defined by the Court.  DTSC itself organized and executed these response actions.  These activities constitute managing, directing, and/or conducting operations at the Vernon Plant and the surrounding investigation area regarding the leakage or disposal of hazardous waste and decisions about compliance with environmental laws and regulations.

79.     As a result, DTSC's actions do not constitute an emergency response for purposes of 42 U.S.C. § 9607(d)(2).  Alternatively, if DTSC's actions are determined by the Court to constitute an emergency response, then DTSC is  liable for costs or damages pursuant to 42 U.S.C. § 9607(d)(2), because DTSC's mismanagement of the environmental response actions at the Vernon Plant and the surrounding area has involved gross negligence or intentional misconduct.

80.     DTSC is and has been an "operator" at the Vernon Plant and the surrounding investigation area at the time of disposal of hazardous substances there, as defined in 42 U.S.C. § 9607(a)(2).

81.     DTSC is a liable party in this action under 42 U.S.C. § 9607(a)(2).

82.     DTSC's mismanagement of the environmental response actions at the Vernon Plant and the surrounding investigation area has involved gross negligence and/or reckless, willful, wanton and/or intentional misconduct, such that DTSC may be liable for costs or damages as a result of its actions under 42 U.S.C. § 9607(d)(2).

83.     RAMCAR has denied liability for response costs incurred as the result of alleged releases or threatened releases of hazardous substances.  But RAMCAR may incur such liability in this action and/or in the future.

84.     DTSC is liable to RAMCAR for contribution under 42 U.S.C. § 9613(f) for some or all of any amounts RAMCAR incurs or will incur as a result of any release

1  or threatened release of hazardous substances at the "site" of the Vernon Plant, as that

2  term is ultimately defined by the Court.

3  ## SECOND COUNTERCLAIM

4  ### (Declaratory judgment under CERCLA § 113(g))

5  85.    RAMCAR incorporates the allegations in the preceding paragraphs by

6  reference.

7  86.    An actual and justiciable controversy exists between RAMCAR and

8  DTSC regarding their respective rights and obligations for response costs that

9  RAMCAR may incur as a result of alleged releases or threatened releases of hazardous

10 substances at the "site" of the Vernon Plant, as that term is ultimately defined by the

11 Court.

12 87.    RAMCAR seeks declaratory judgment against DTSC under 42 U.S.C.

13 § 9613(g)(2).  DTSC is liable for some or all of any amounts RAMCAR incurs or will

14 incur as a result of any release or threatened release of hazardous substances at the

15 "site" of the Vernon Plant, as that term is ultimately defined by the Court.

16 ## THIRD COUNTERCLAIM

17 ### (Contribution/indemnity under HSAA § 25300)

18 88.    RAMCAR incorporates the allegations in the preceding paragraphs by

19 reference.

20 89.    DTSC caused or permitted a release or threatened release of hazardous

21 substances into, on, or about the "site" of the Vernon Plant, as that term is ultimately

22 defined by the Court, , as set forth in the Hazardous Substances Account Act

23 ("HSAA"), Cal. Health and Safety Code, § 25300 *et seq*.

24 90.    DTSC is a "liable person" as defined in Cal. Health and Safety Code,

25 § 25323.5.

26 91.    RAMCAR has denied liability for response or corrective action costs

27 incurred as the result of alleged releases or threatened releases of hazardous substances

28

1  from the Vernon Plant. But RAMCAR may incur such liability in this action and/or in

2  the future.

3        92.     DTSC is liable to RAMCAR for contribution and/or indemnity under Cal.

4  Health and Safety Code, § 25363(d) for some or all of any amounts RAMCAR incurs

5  or will incur as a result of any release or threatened release of hazardous substances at

6  the "site" of the Vernon Plant, as that term is ultimately defined by the Court.

7  **FOURTH COUNTERCLAIM**

8  **(Negligent failure to discharge statutory and regulatory duties)**

9        93.     RAMCAR incorporates the allegations in the preceding paragraphs by

10  reference.

11        94.     DTSC owes a duty of care to RAMCAR to the extent of mandatory duties

12  imposed by California enactments that are designed to protect RAMCAR from the risk

13  of a particular type of injury. "Where a public entity is under a mandatory duty

14  imposed by an enactment that is designed to protect against the risk of a particular kind

15  of injury, the public entity is liable for an injury of that kind proximately caused by its

16  failure to discharge the duty unless the public entity establishes that it exercised

17  reasonable diligence to discharge the duty." Cal. Gov Code, § 815.6.

18        95.     DTSC breached the mandatory statutory and regulatory duties described

19  *supra*, including but not limited to, at ¶¶ 11-46. These duties were designed to protect

20  RAMCAR against the particular kinds of injury described *supra*.

21        96.     DTSC's breaches of its mandatory statutory, and its regulatory duties as

22  also alleged in this Counterclaims, proximately caused injury to RAMCAR as

23  described *supra*. These injuries were proximately caused by DTSC's failure to

24  discharge these mandatory duties.

25        97.     DTSC did not exercise reasonable care to discharge its mandatory

26  statutory and regulatory duties. DTSC is liable to RAMCAR for the negligent failure

27  to discharge its mandatory statutory and regulatory duties.

28

98.     RAMCAR suffered injuries of the types described *supra*, including any monetary and/or declaratory judgment against RAMCAR for liability in this action and for any share of environmental response costs allocated in this action.  Any DTSC recovery from RAMCAR in this case must be diminished accordingly under the doctrine of recoupment.

99.     As this counterclaim is solely for recoupment, the presentment and other administrative requirements of the California Government Claims Act, Cal. Gov. Code § 810 *et seq.* (f/k/a California Tort Claims Act), are satisfied and/or excused.

## FIFTH COUNTERCLAIM

**(Grossly negligent failure to abate the presence of hazardous substances)**

100.    RAMCAR incorporates the allegations in the preceding paragraphs by reference.

101.    DTSC is a "public entity" and/or "public agency" as defined in Cal. Health and Safety Code, § 25400 *et seq.*

102.    Per its own "commitment to the people and environment of California," DTSC is responsible for the cleanup and abatement of hazardous wastes on contaminated properties in California.  *See* dtsc.ca.gov/our-commitment.  This includes properties reasonably believed to be an imminent peril to public health and safety as the result of the discharge, spill, or presence of a hazardous substance.

103.    In undertaking the abatement of such a hazard, DTSC incurs a duty to the public, including RAMCAR, to avoid acts or omissions performed in bad faith or in a grossly negligent manner.  Cal. Health and Safety Code, § 25400(a).

104.    As described *supra*, DTSC's abatement and attempted abatement of hazardous substances at the "site" of the Vernon Plant, as that term is ultimately defined by the Court, were performed in a grossly negligent manner.

105.    As described *supra*, DTSC's gross negligence proximately caused injury to RAMCAR, including any monetary and/or declaratory judgment against RAMCAR for liability in this action and for any share of environmental response costs allocated

1 | in this action.  Any DTSC recovery from RAMCAR in this case must be diminished
2 | accordingly under the doctrine of recoupment.

3 |      106.   As this counterclaim is solely for recoupment, the presentment and other
4 | administrative requirements of the California Government Claims Act, Cal. Gov. Code
5 | § 810 *et seq.* (f/k/a California Tort Claims Act), are satisfied and/or excused.

6 | **PRAYER FOR RELIEF**

7 |      RAMCAR asks the Court to enter judgment in favor of RAMCAR, and against
8 | DTSC, as follows:

9 | 1. For judgment that DTSC is jointly and severally liable under 42 U.S.C.
10 | § 9607(a) for all response costs incurred as a result of the release and/or threatened
11 | release of hazardous substances from the "site" of the Vernon Plant, as that term is
12 | ultimately defined by the Court;

13 | 2. For contribution under 42 U.S.C. § 9607(f) to response costs incurred, in an
14 | amount to be determined;

15 | 3. For contribution and indemnity under HSAA, Cal. Health and Safety Code
16 | § 25300 *et seq.*, to response costs incurred, in an amount to be determined;

17 | 4. For the offset and recoupment of any CERCLA cost recovery judgment against
18 | RAMCAR to the extent of damages proved against DTSC for negligence and gross
19 | negligence;

20 | 5. For a declaratory judgment that DTSC is jointly and severally liable for all
21 | response costs that RAMCAR may incur in the future as a result of the release and/or
22 | threatened release of hazardous substances from the "site" of the Vernon Plant, as that
23 | term is ultimately defined by the Court;

24 | 6. For litigation expenses and costs, including reasonable attorneys' fees and expert
25 | fees, as permitted by law; and,

26 | 7. For an award of interest at the maximum legal date on any and all damages from
27 | the earliest date permitted by law.

28 | / / /

## **DEMAND FOR JURY TRIAL**

RAMCAR hereby demands a jury trial of all claims and issues alleged against RAMCAR, which are triable, by jury.

Dated:  April 22, 2021                    LAW OFFICES OF JAMES C. MACDONALD


By: _____
          James C. Macdonald
          Attorney for Defendant
          RAMCAR BATTERIES, INC.
          a California corporation

-61-

1

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2021 a true and correct copy of Ramcar
2   Batteries, Inc.'s Answer and Affirmative Defenses to Complaint and Counterclaims
3   was electronically filed via the Court's CM/ECF system, which will provide
electronic notifications of such filing to all counsel of record.

4

5                                         By: _____
6                                             James C. Macdonald
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ramcar's Answer and Affirmative Defenses to Complaint and Counterclaims