PATRICK W. DENNIS, SBN 106796
  pdennis@gibsondunn.com
ALEXANDER P. SWANSON, SBN 280947
  aswanson@gibsondunn.com
THOMAS F. COCHRANE, SBN 318635
  tcochrane@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:   (213) 229-7000
Facsimile:   (213) 229-7520

Attorneys for Defendant and
Counterclaimant
QUEMETCO, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the TOXIC SUBSTANCES CONTROL ACCOUNT,<br><br>Plaintiffs,<br><br>v.<br><br>NL INDUSTRIES, INC., a New Jersey corporation; JX NIPPON MINING & METALS CORPORATION, a Japanese corporation; GOULD ELECTRONICS INC., an Arizona corporation; KINSBURSKY BROS. SUPPLY, INC., a California corporation; TROJAN BATTERY COMPANY, LLC, a Delaware limited liability company; RAMCAR BATTERIES INC., a California corporation; CLARIOS, LLC, a Wisconsin limited liability company; QUEMETCO, INC., a Delaware corporation; INTERNATIONAL METALS EKCO, LTD., a California corporation; and BLOUNT, INC., a Delaware corporation,<br><br>Defendants. | CASE NO. 2:20-cv-11293-SVW-JPR<br><br>**QUEMETCO, INC.'S ANSWER TO PLAINTIFF DTSC AND TSCA'S COMPLAINT; COUNTERCLAIM**<br><br>Complaint Filed:  Dec. 14, 2021 |

QUEMETCO, INC.,

        Counterclaimant,

    v.

CALIFORNIA DEPARTMENT OF
TOXIC SUBSTANCES CONTROL and
the TOXIC SUBSTANCES CONTROL
ACCOUNT,

        Counterdefendants.

## **QUEMETCO, INC.'S ANSWER**

Defendant Quemetco, Inc. ("Quemetco") answers the Complaint of the California Department of Toxic Substances Control ("DTSC") and the Toxic Substances Control Account ("TSCA" and collectively, "Plaintiffs") as follows:

1.      Paragraph 1 of the Complaint violates the requirement set forth in Rule 10 of the Federal Rules of Civil Procedure that each paragraph be "limited as far as practicable to a single set of circumstances." Paragraph 1 of the Complaint states a legal conclusion to which no responsive pleading is required. Quemetco tenders no answer as to those allegations in Paragraph 1 which do not pertain to Quemetco. Quemetco denies that heavy metals and other toxins released from the former Exide smelter in Vernon, California (the "Vernon Plant") "caused widespread contamination and harm to thousands of nearby residents." To the extent the remaining allegations in Paragraph 1 pertain to Quemetco, Quemetco lacks sufficient information at this time to respond and on that basis denies the allegations.

2.      Paragraph 2 of the Complaint states a legal conclusion to which no responsive pleading is required. Quemetco tenders no answer as to those allegations in Paragraph 2 of the Complaint which do not pertain to Quemetco. Quemetco denies that releases from the Vernon Plant contaminated "thousands of surrounding residential properties, including homes, schools, parks, and child care facilities." To the extent the remaining allegations in Paragraph 2 pertain to Quemetco, Quemetco lacks sufficient information at this time to respond and on that basis denies the allegations.

3.      Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 3 of the Complaint and on that basis denies the allegations.

4.      Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 4 of the Complaint and on that basis denies the allegations.

5.      Quemetco admits that this is a civil action against the defendants named, and that Plaintiffs purport to seek recovery under section 107(a) of the Comprehensive

Gibson, Dunn & Crutcher LLP

Environmental Response, Compensation, and Liability Act ("CERCLA").  The remaining allegations in Paragraph 5 of the Complaint state legal conclusions to which no responsive pleading is required.  Quemetco tenders no answer as to those allegations in Paragraph 5 of the Complaint which do not pertain to Quemetco.  Quemetco admits that the Complaint purports to assert claims for equitable indemnification, contribution and nuisance.  To the extent the remaining allegations in Paragraph 5 pertain to Quemetco, Quemetco lacks sufficient information at this time to respond and on that basis denies the allegations.

6.      Quemetco admits that Paragraph 6 purports to define "the Site" as stated in Paragraph 6.  Except as expressly admitted herein, Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 6 and on that basis denies the allegations.

7.      Quemetco admits that Plaintiffs purport to seek declaratory relief under 28 U.S.C. § 2201 and section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2).  The remaining allegations in Paragraph 7 of the Complaint state legal conclusions to which no responsive pleading is required.  To the extent the remaining allegations in Paragraph 7 require a response, Quemetco lacks sufficient information at this time to respond and on that basis denies the allegations.

8.      Quemetco admits that Plaintiffs purport to seek relief under section 25360 of the Carpenter-Presley-Tanner Hazardous Substance Account Act ("HSAA"), California Health and Safety Code § 25300 *et seq.*  The remaining allegations in Paragraph 8 of the Complaint state legal conclusions to which no responsive pleading is required.  To the extent the remaining allegations in Paragraph 8 require a response, Quemetco lacks sufficient information at this time to respond and on that basis denies the allegations.

9.      Quemetco admits that Plaintiffs purport to seek injunctive relief.  The remaining allegations in Paragraph 9 of the Complaint state legal conclusions to which no responsive pleading is required.  To the extent the remaining allegations in

Paragraph 9 require a response, Quemetco lacks sufficient information at this time to respond and on that basis denies the allegations.

10.    Quemetco tenders no answer as to those allegations in Paragraph 10 of the Complaint which do not pertain to Quemetco.  To the extent the allegations in Paragraph 10 pertain to Quemetco, Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 10 and on that basis denies the allegations.

11.    Quemetco admits that this Court's jurisdiction is proper under CERCLA. Except as expressly admitted herein, Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 11 and on that basis denies the allegations.

12.    Quemetco admits that venue is proper in this Court under CERCLA. Except as expressly admitted herein, Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 12 and on that basis denies the allegations.

13.    Paragraph 13 of the Complaint states legal conclusions to which no responsive pleading is required.  To the extent a response is required, Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 13 and on that basis denies the allegations.

14.     Paragraph 14 of the Complaint states a legal conclusion to which no responsive pleading is required.  To the extent a response is required, Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 14 and on that basis denies the allegations.

15.    Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 15 and on that basis denies the allegations.

16.    Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 16 and on that basis denies the allegations.

17.    Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 17 and on that basis denies the allegations.

18.     Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 18 and on that basis denies the allegations.

19.     Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 19 and on that basis denies the allegations.

20.     Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 20 and on that basis denies the allegations.

21.     Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 21 and on that basis denies the allegations.

22.     Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 22 and on that basis denies the allegations.

23.     Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 23 and on that basis denies the allegations.

24.     Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 24 and on that basis denies the allegations.

25.     Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 25 and on that basis denies the allegations.

26.     Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 26 and on that basis denies the allegations.

27.     Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 27 and on that basis denies the allegations.

28.     Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 28 and on that basis denies the allegations.

29.     Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 29 and on that basis denies the allegations.

30.     Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 30 and on that basis denies the allegations.

31.     Quemetco admits that it is a Delaware corporation registered to do business in California.  The remaining allegations in Paragraph 31 of the Complaint

state legal conclusions to which no responsive pleading is required.  To the extent a response is required, Quemetco lacks sufficient information at this time to respond to the remaining allegations in Paragraph 31 and on that basis denies the allegations.

32.     The allegations in Paragraph 32 of the Complaint state legal conclusions to which no responsive pleading is required.  To the extent a response is required, Quemetco lacks sufficient information at this time to respond to the remaining allegations in Paragraph 32 and on that basis denies the allegations.

33.     The allegations in Paragraph 33 of the Complaint state legal conclusions to which no responsive pleading is required.  To the extent a response is required, Quemetco lacks sufficient information at this time to respond to the remaining allegations in Paragraph 33 and on that basis denies the allegations.

34.     Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 34 and on that basis denies the allegations.

35.     Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 35 and on that basis denies the allegations.

36.     Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 36 and on that basis denies the allegations.

37.     Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 37 and on that basis denies the allegations.

38.     Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 38 and on that basis denies the allegations.

39.     Quemetco admits that Paragraph 39 purports to define "Arranger Defendants" as stated in Paragraph 39.  Except as expressly admitted herein, Quemetco lacks sufficient information at this time to respond and on that basis denies the allegations in Paragraph 39.

40.     Quemetco admits that Paragraph 40 purports to define "Transporter Defendants" as stated in Paragraph 40.  Except as expressly admitted herein,

Quemetco lacks sufficient information at this time to respond and on that basis denies the allegations in Paragraph 40.

41.    Paragraph 41 of the Complaint violates the requirement set forth in Rule 10 of the Federal Rules of Civil Procedure that each paragraph be "limited as far as practicable to a single set of circumstances." Quemetco admits that the Vernon Plant has been operated as a secondary smelter in the City of Vernon. Except as expressly admitted herein, Quemetco lacks sufficient information at this time to respond and on that basis denies the allegations in Paragraph 41.

42.    Paragraph 42 of the Complaint violates the requirement set forth in Rule 10 of the Federal Rules of Civil Procedure that each paragraph be "limited as far as practicable to a single set of circumstances." Quemetco admits that the Vernon Plant was at times used for secondary lead smelting and that secondary lead smelting extracts lead from secondary sources, including spent lead-acid batteries. Except as expressly admitted herein, Quemetco lacks sufficient information at this time to respond and on that basis denies the allegations in Paragraph 42.

43.    Paragraph 43 of the Complaint states a legal conclusion to which no responsive pleading is required. To the extent the remaining allegations in Paragraph 43 require a response, Quemetco lacks sufficient information at this time to respond and on that basis denies the allegations.

44.    Quemetco tenders no answer as to those allegations in Paragraph 44 of the Complaint which do not pertain to Quemetco. Quemetco admits that it appears to be identified as a generator on certain uniform hazardous waste manifests indicating shipments of materials to the Vernon Plant. Except as expressly admitted herein, Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 44 and on that basis denies the allegations.

45.    Quemetco tenders no answer as to those allegations in Paragraph 45 of the Complaint which do not pertain to Quemetco. Quemetco admits that it appears to be identified as a transporter on certain uniform hazardous waste manifests indicating

shipments of materials to the Vernon Plant.  Except as expressly admitted herein, Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 45 and on that basis denies the allegations.

46.     Quemetco tenders no answer as to those allegations in Paragraph 46 of the Complaint which do not pertain to Quemetco.  Quemetco admits that it appears to be identified as a generator and transporter on certain uniform hazardous waste manifests indicating shipments of materials to the Vernon Plant.  Except as expressly admitted herein, Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 46 and on that basis denies the allegations.

47.     Quemetco tenders no answer as to those allegations in Paragraph 47 of the Complaint which do not pertain to Quemetco.  Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 47 and on that basis denies the allegations.

48.     Quemetco denies that releases from the Vernon Plant resulted in "surrounding properties and groundwater [being] contaminated with lead and other Contaminants of Concern."  Quemetco lacks sufficient information at this time to respond to the remaining allegations in Paragraph 48 and on that basis denies the allegations.

49.     Paragraph 49 of the Complaint violates the requirement set forth in Rule 10 of the Federal Rules of Civil Procedure that each paragraph be "limited as far as practicable to a single set of circumstances."  Quemetco denies that substances released from the Vernon Plant "resulted in hazardous substance contamination extending at least 1.7 miles from the Vernon Plant, affecting residential, commercial and industrial areas in the surrounding communities of Vernon, Bell, Boyle Heights, Commerce, Maywood, East Los Angeles, and Huntington Park, California."  Quemetco denies that as a result of releases from the Vernon Plant, "[t]housands of residents, including children, currently live in the affected communities, and continue to be exposed to the contamination and face serious chronic health hazards."

Quemetco lacks sufficient information at this time to respond to the remaining allegations in Paragraph 49 and on that basis denies the allegations.

50.     Quemetco denies that releases from the Vernon Plant "resulted in contamination of soil and groundwater at and surrounding the Vernon Plant." Quemetco lacks sufficient information at this time to respond to the remaining allegations in Paragraph 50 and on that basis denies the allegations.

51.     Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 51 and on that basis denies the allegations.

52.     Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 52 and on that basis denies the allegations.

53.     Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 53 and on that basis denies the allegations.

54.     Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 54 and on that basis denies the allegations.

55.     Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 55 and on that basis denies the allegations.

56.     Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 56 and on that basis denies the allegations.

57.     Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 57 and on that basis denies the allegations.

58.     Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 58 and on that basis denies the allegations.

59.     Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 59 and on that basis denies the allegations.

60.     Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 60 and on that basis denies the allegations.

61.     Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 61 and on that basis denies the allegations.

62.     Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 62 and on that basis denies the allegations.

63.     Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 63 and on that basis denies the allegations.

64.     Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 64 and on that basis denies the allegations.

65.     Paragraph 65 of the Complaint states legal conclusions to which no responsive pleading is required.  To the extent the allegations in Paragraph 65 require a response, Quemetco lacks sufficient information at this time to respond and on that basis denies the allegations.

66.     Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 66 and on that basis denies the allegations.

67.     Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 67 and on that basis denies the allegations.

68.     Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 68 and on that basis denies the allegations.

69.     Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 69 and on that basis denies the allegations.

70.     Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 70 and on that basis denies the allegations.

71.     Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 71 and on that basis denies the allegations.

72.     Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 72 and on that basis denies the allegations.

73.     Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 73 and on that basis denies the allegations.

74.     Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 74 and on that basis denies the allegations.

75.     Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 75 and on that basis denies the allegations.

76.     Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 76 and on that basis denies the allegations.

77.     Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 77 and on that basis denies the allegations.

78.     Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 78 and on that basis denies the allegations.

79.     Quemetco denies that the Vernon Plant is surrounded by sensitive land use properties and further denies that releases and/or disposals from the Vernon Plant contaminated sensitive land use properties with hazardous substances. Quemetco lacks sufficient information at this time to respond to the remaining allegations in Paragraph 79 and on that basis denies the allegations.

80.     Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 80 and on that basis denies the allegations.

81.     Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 81 and on that basis denies the allegations.

82.     Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 82 and on that basis denies the allegations.

83.     Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 83 and on that basis denies the allegations.

84.     Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 84 and on that basis denies the allegations.

85.     Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 85 and on that basis denies the allegations.

86.     Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 86 and on that basis denies the allegations.

QUEMETCO, INC.'S ANSWER TO PLAINTIFF DTSC AND TSCA'S COMPLAINT; COUNTERCLAIM

87.    Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 87 and on that basis denies the allegations.

88.    Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 88 and on that basis denies the allegations.

89.    Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 89 and on that basis denies the allegations.

90.    Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 90 and on that basis denies the allegations.

91.    Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 91 and on that basis denies the allegations.

92.    Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 92 and on that basis denies the allegations.

93.    Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 93 and on that basis denies the allegations.

94.    Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 94 and on that basis denies the allegations.

95.    Quemetco tenders no answer as to those allegations in Paragraph 95 of the Complaint which do not pertain to Quemetco.  To the extent the allegations in Paragraph 95 pertain to Quemetco, Quemetco lacks sufficient information at this time to respond and on that basis denies the allegations.

96.    Quemetco tenders no answer as to those allegations in Paragraph 96 of the Complaint which do not pertain to Quemetco.  To the extent the allegations in Paragraph 96 pertain to Quemetco, Quemetco lacks sufficient information at this time to respond and on that basis denies the allegations.

97.    Quemetco tenders no answer as to those allegations in Paragraph 97 of the Complaint which do not pertain to Quemetco.  To the extent the allegations in Paragraph 97 pertain to Quemetco, Quemetco lacks sufficient information at this time to respond and on that basis denies the allegations.

98.    Quemetco tenders no answer as to those allegations in Paragraph 98 of the Complaint which do not pertain to Quemetco.  To the extent the allegations in Paragraph 98 pertain to Quemetco, Quemetco lacks sufficient information at this time to respond and on that basis denies the allegations.

99.    Quemetco tenders no answer as to those allegations in Paragraph 99 of the Complaint which do not pertain to Quemetco.  To the extent the allegations in Paragraph 99 pertain to Quemetco, Quemetco lacks sufficient information at this time to respond and on that basis denies the allegations.

100.   Quemetco tenders no answer as to those allegations in Paragraph 100 of the Complaint which do not pertain to Quemetco.  To the extent the allegations in Paragraph 100 pertain to Quemetco, Quemetco lacks sufficient information at this time to respond and on that basis denies the allegations.

101.   Quemetco tenders no answer as to those allegations in Paragraph 101 of the Complaint which do not pertain to Quemetco.  To the extent the allegations in Paragraph 101 pertain to Quemetco, Quemetco lacks sufficient information at this time to respond and on that basis denies the allegations.

102.   Quemetco tenders no answer as to those allegations in Paragraph 102 of the Complaint which do not pertain to Quemetco.  To the extent the allegations in Paragraph 102 pertain to Quemetco, Quemetco lacks sufficient information at this time to respond and on that basis denies the allegations.

103.   Paragraph 103 of the Complaint states a legal conclusion to which no responsive pleading is required.  Quemetco tenders no answer as to those allegations in Paragraph 103 which do not pertain to Quemetco.  To the extent the allegations in Paragraph 103 pertain to Quemetco, Quemetco lacks sufficient information at this time to respond and on that basis denies the allegations.

104.   Quemetco tenders no answer as to those allegations in Paragraph 104 which do not pertain to Quemetco.  To the extent the allegations in Paragraph 104

pertain to Quemetco, Quemetco lacks sufficient information at this time to respond and on that basis denies the allegations.

105.   Quemetco tenders no answer as to those allegations in Paragraph 105 which do not pertain to Quemetco.  To the extent the allegations in Paragraph 105 pertain to Quemetco, Quemetco lacks sufficient information at this time to respond and on that basis denies the allegations.

106.   Quemetco tenders no answer as to those allegations in Paragraph 106 which do not pertain to Quemetco.  To the extent the allegations in Paragraph 106 pertain to Quemetco, Quemetco lacks sufficient information at this time to respond and on that basis denies the allegations.

107.   Quemetco tenders no answer as to those allegations in Paragraph 107 which do not pertain to Quemetco.  To the extent the allegations in Paragraph 107 pertain to Quemetco, Quemetco lacks sufficient information at this time to respond and on that basis denies the allegations.

108.   Quemetco tenders no answer as to those allegations in Paragraph 108 which do not pertain to Quemetco.  To the extent the allegations in Paragraph 108 pertain to Quemetco, Quemetco lacks sufficient information at this time to respond and on that basis denies the allegations.

109.   Quemetco tenders no answer as to those allegations in Paragraph 109 which do not pertain to Quemetco.  To the extent the allegations in Paragraph 109 pertain to Quemetco, Quemetco lacks sufficient information at this time to respond and on that basis denies the allegations.

110.   Quemetco tenders no answer as to those allegations in Paragraph 110 which do not pertain to Quemetco.  To the extent the allegations in Paragraph 110 pertain to Quemetco, Quemetco lacks sufficient information at this time to respond and on that basis denies the allegations.

111.   Quemetco tenders no answer as to those allegations in Paragraph 111 which do not pertain to Quemetco.  To the extent the allegations in Paragraph 111

QUEMETCO, INC.'S ANSWER TO PLAINTIFF DTSC AND TSCA'S COMPLAINT; COUNTERCLAIM

pertain to Quemetco, Quemetco lacks sufficient information at this time to respond and on that basis denies the allegations.

112.   Quemetco tenders no answer as to those allegations in Paragraph 112 which do not pertain to Quemetco.  To the extent the allegations in Paragraph 112 pertain to Quemetco, Quemetco lacks sufficient information at this time to respond and on that basis denies the allegations.

113.   Quemetco tenders no answer as to those allegations in Paragraph 113 which do not pertain to Quemetco.  To the extent the allegations in Paragraph 113 pertain to Quemetco, Quemetco lacks sufficient information at this time to respond and on that basis denies the allegations.

114.   Quemetco tenders no answer as to those allegations in Paragraph 114 which do not pertain to Quemetco.  To the extent the allegations in Paragraph 114 pertain to Quemetco, Quemetco lacks sufficient information at this time to respond and on that basis denies the allegations.

115.   Quemetco tenders no answer as to those allegations in Paragraph 115 which do not pertain to Quemetco.  To the extent the allegations in Paragraph 115 pertain to Quemetco, Quemetco lacks sufficient information at this time to respond and on that basis denies the allegations.

116.   Paragraph 116 of the Complaint states legal conclusions to which no responsive pleading is required.  Quemetco tenders no answer as to those allegations in Paragraph 116 which do not pertain to Quemetco.  To the extent the allegations in Paragraph 116 pertain to Quemetco, Quemetco lacks sufficient information at this time to respond and on that basis denies the allegations.

117.   Paragraph 117 of the Complaint states a legal conclusion to which no responsive pleading is required.  Quemetco tenders no answer as to those allegations in Paragraph 117 which do not pertain to Quemetco.  To the extent the allegations in Paragraph 117 pertain to Quemetco, Quemetco lacks sufficient information at this time to respond and on that basis denies the allegations.

118.   Quemetco tenders no answer as to those allegations in Paragraph 118 which do not pertain to Quemetco.  To the extent the allegations in Paragraph 118 pertain to Quemetco, Quemetco lacks sufficient information at this time to respond and on that basis denies the allegations.

119.   Quemetco tenders no answer as to those allegations in Paragraph 119 which do not pertain to Quemetco.  To the extent the allegations in Paragraph 119 pertain to Quemetco, Quemetco lacks sufficient information at this time to respond and on that basis denies the allegations.

120.   Quemetco tenders no answer as to those allegations in Paragraph 120 which do not pertain to Quemetco.  To the extent the allegations in Paragraph 120 pertain to Quemetco, Quemetco lacks sufficient information at this time to respond and on that basis denies the allegations.

121.   Quemetco tenders no answer as to those allegations in Paragraph 121 which do not pertain to Quemetco.  To the extent the allegations in Paragraph 121 pertain to Quemetco, Quemetco lacks sufficient information at this time to respond and on that basis denies the allegations.

122.   Quemetco tenders no answer as to those allegations in Paragraph 122 which do not pertain to Quemetco.  To the extent the allegations in Paragraph 122 pertain to Quemetco, Quemetco lacks sufficient information at this time to respond and on that basis denies the allegations.

123.   Quemetco tenders no answer as to those allegations in Paragraph 123 which do not pertain to Quemetco.  To the extent the allegations in Paragraph 123 pertain to Quemetco, Quemetco lacks sufficient information at this time to respond and on that basis denies the allegations.

124.   Quemetco tenders no answer as to those allegations in Paragraph 124 which do not pertain to Quemetco.  To the extent the allegations in Paragraph 124 pertain to Quemetco, Quemetco lacks sufficient information at this time to respond and on that basis denies the allegations.

17

QUEMETCO, INC.'S ANSWER TO PLAINTIFF DTSC AND TSCA'S COMPLAINT; COUNTERCLAIM

125.   Quemetco tenders no answer as to those allegations in Paragraph 125 which do not pertain to Quemetco.  To the extent the allegations in Paragraph 125 pertain to Quemetco, Quemetco lacks sufficient information at this time to respond and on that basis denies the allegations.

126.   Paragraph 126 of the Complaint states a legal conclusion to which no responsive pleading is required.  Quemetco tenders no answer as to those allegations in Paragraph 126 which do not pertain to Quemetco.  To the extent the allegations in Paragraph 126 pertain to Quemetco, Quemetco lacks sufficient information at this time to respond and on that basis denies the allegations.

127.   Paragraph 127 of the Complaint states a legal conclusion to which no responsive pleading is required.  Quemetco tenders no answer as to those allegations in Paragraph 127 which do not pertain to Quemetco.  To the extent the allegations in Paragraph 127 pertain to Quemetco, Quemetco lacks sufficient information at this time to respond and on that basis denies the allegations.

128.   Paragraph 128 of the Complaint states a legal conclusion to which no responsive pleading is required.  Quemetco tenders no answer as to those allegations in Paragraph 128 which do not pertain to Quemetco.  To the extent the allegations in Paragraph 128 pertain to Quemetco, Quemetco lacks sufficient information at this time to respond and on that basis denies the allegations.

129.   Quemetco tenders no answer as to those allegations in Paragraph 129 which do not pertain to Quemetco.  To the extent the allegations in Paragraph 129 pertain to Quemetco, Quemetco lacks sufficient information at this time to respond and on that basis denies the allegations.

## RESPONSE TO PLAINTIFFS' FIRST CLAIM FOR RELIEF

(Claim for Recovery of Response Costs Pursuant to section 107(a) of CERCLA, 42 U.S.C. § 9607(a))

130.   Quemetco incorporates by reference its responses to Paragraphs 1 through 129 as though fully set forth herein.

Gibson, Dunn & Crutcher LLP

QUEMETCO, INC.'S ANSWER TO PLAINTIFF DTSC AND TSCA'S COMPLAINT; COUNTERCLAIM

131.   Paragraph 131 of the Complaint states a legal conclusion to which no responsive pleading is required and purports to summarize statutory text that speaks for itself.  To the extent a response is required, Quemetco denies that Paragraph 131 accurately states the bases for liability under 42 U.S.C. § 9607(a).

132.   Paragraph 132 of the Complaint states a legal conclusion to which no responsive pleading is required.  Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 132 and on that basis denies the allegations.

133.   Quemetco tenders no answer as to those allegations in Paragraph 133 of the Complaint which do not pertain to Quemetco.  Further, Paragraph 133 of the Complaint states a legal conclusion to which no responsive pleading is required.

134.   Paragraph 134 of the Complaint states a legal conclusion to which no responsive pleading is required.  Quemetco tenders no answer as to those allegations in Paragraph 134 which do not pertain to Quemetco.  To the extent a response is required, Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 134 and on that basis denies the allegations.

135.   Paragraph 135 of the Complaint states a legal conclusion to which no responsive pleading is required.  Quemetco tenders no answer as to those allegations in Paragraph 135 which do not pertain to Quemetco.  To the extent the allegations in Paragraph 135 pertain to Quemetco, Quemetco lacks sufficient information at this time to respond and on that basis denies the allegations.

136.   Paragraph 136 of the Complaint violates the requirement set forth in Rule 10 of the Federal Rules of Civil Procedure that each paragraph be "limited as far as practicable to a single set of circumstances."  Paragraph 136 of the Complaint states a legal conclusion to which no responsive pleading is required.  Quemetco tenders no answer as to those allegations in Paragraph 136 which do not pertain to Quemetco.  To the extent the remaining allegations in Paragraph 136 require a response, Quemetco lacks sufficient information at this time to respond and on that basis denies the allegations.

137.   Paragraph 137 of the Complaint violates the requirement set forth in Rule 10 of the Federal Rules of Civil Procedure that each paragraph be "limited as far as practicable to a single set of circumstances."  Paragraph 137 of the Complaint states a legal conclusion to which no responsive pleading is required.  Quemetco tenders no answer as to those allegations in Paragraph 137 which do not pertain to Quemetco.  To the extent the remaining allegations in Paragraph 137 require a response, Quemetco lacks sufficient information at this time to respond and on that basis denies the allegations.

138.   Paragraph 138 of the Complaint states a legal conclusion to which no responsive pleading is required.  To the extent a response is required, Quemetco lacks sufficient information at this time to respond and on that basis denies the allegations.

139.   Paragraph 139 of the Complaint states a legal conclusion to which no responsive pleading is required.  To the extent the remaining allegations in Paragraph 139 pertain to Quemetco, Quemetco lacks sufficient information at this time to respond and on that basis denies the allegations.

140.   Paragraph 140 of the Complaint states a legal conclusion to which no responsive pleading is required.

141.   Paragraph 141 of the Complaint states a legal conclusion to which no responsive pleading is required.  To the extent a response is required, Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 141 and on that basis denies the allegations.

142.   Quemetco tenders no answer as to those allegations in Paragraph 142 of the Complaint which do not pertain to Quemetco.  Paragraph 142 of the Complaint states a legal conclusion to which no responsive pleading is required.  To the extent a response is required and the allegations in Paragraph 142 pertain to Quemetco, Quemetco denies the allegations.

143.   Quemetco tenders no answer as to those allegations in Paragraph 143 of the Complaint which do not pertain to Quemetco.  Paragraph 143 of the Complaint

states a legal conclusion to which no responsive pleading is required.  To the extent a response is required and the allegations in Paragraph 143 pertain to Quemetco, Quemetco denies the allegations.

### RESPONSE TO PLAINTIFFS' SECOND CLAIM FOR RELIEF

(Claim for Declaratory Relief Pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2))

144.   Quemetco incorporates by reference its responses to Paragraphs 1 through 143 as though fully set forth herein.

145.   Quemetco tenders no answer as to those allegations in Paragraph 145 of the Complaint which do not pertain to Quemetco.  Paragraph 145 of the Complaint states a legal conclusion to which no responsive pleading is required.  To the extent a response is required and the allegations in Paragraph 145 pertain to Quemetco, Quemetco denies the allegations.

### RESPONSE TO PLAINTIFFS' THIRD CLAIM FOR RELIEF

(Claim for Recovery of Costs Pursuant to the HSAA, California Health and Safety Code section 25360))

146.   Quemetco incorporates by reference its responses to Paragraphs 1 through 145 as though fully set forth herein.

147.   Paragraph 147 of the Complaint states a legal conclusion to which no responsive pleading is required.  To the extent a response is required, Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 147 and on that basis denies the allegations.

148.   Paragraph 148 of the Complaint states a legal conclusion to which no responsive pleading is required.  To the extent a response is required, Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 148 and on that basis denies the allegations.

149.   Paragraph 149 of the Complaint states a legal conclusion to which no responsive pleading is required.  To the extent a response is required, Quemetco lacks

sufficient information at this time to respond to the allegations in Paragraph 149 and on that basis denies the allegations.

150.   Paragraph 150 of the Complaint states a legal conclusion to which no responsive pleading is required.  To the extent a response is required, Quemetco lacks sufficient information at this time to respond and on that basis denies the allegations.

151.   Quemetco tenders no answer as to those allegations in Paragraph 151 of the Complaint which do not pertain to Quemetco.  Paragraph 151 of the Complaint states a legal conclusion to which no responsive pleading is required.  To the extent a response is required and the allegations in Paragraph 151 pertain to Quemetco, Quemetco denies the allegations.

152.   Quemetco tenders no answer as to those allegations in Paragraph 152 of the Complaint which do not pertain to Quemetco.  Paragraph 152 of the Complaint states a legal conclusion to which no responsive pleading is required.  To the extent a response is required and the allegations in Paragraph 152 pertain to Quemetco, Quemetco denies the allegations.

153.   Quemetco tenders no answer as to those allegations in Paragraph 153 of the Complaint which do not pertain to Quemetco.  Paragraph 153 of the Complaint states a legal conclusion to which no responsive pleading is required.  To the extent a response is required and the allegations in Paragraph 153 pertain to Quemetco, Quemetco denies the allegations.

### RESPONSE TO PLAINTIFFS' FOURTH CLAIM FOR RELIEF

(Claim for Abatement of Release or Threatened Release Pursuant to the HSAA, California Health and Safety Code section 25358.3)

154.   Quemetco incorporates by reference its responses to Paragraphs 1 through 153 as though fully set forth herein.

155.   Paragraph 155 of the Complaint states a legal conclusion to which no responsive pleading is required.  To the extent a response is required, Quemetco admits

Gibson, Dunn & Crutcher LLP

QUEMETCO, INC.'S ANSWER TO PLAINTIFF DTSC AND TSCA'S COMPLAINT; COUNTERCLAIM

that California Health and Safety Code § 25358.3(a) contains the language quoted in Paragraph 155 of the Complaint.

156.   Paragraph 156 of the Complaint states a legal conclusion to which no responsive pleading is required.  To the extent a response is required, Quemetco admits that California Health and Safety Code § 25358.3(e) contains the language quoted in Paragraph 156 of the Complaint.

157.   Paragraph 157 of the Complaint states a legal conclusion to which no responsive pleading is required.  To the extent a response is required, Quemetco admits that California Health and Safety Code § 25358.3(g) contains the language quoted in Paragraph 157 of the Complaint.

158.   Paragraph 158 of the Complaint states a legal conclusion to which no responsive pleading is required.  To the extent a response is required, Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 158 and on that basis denies the allegations.

159.   Paragraph 159 of the Complaint states a legal conclusion to which no responsive pleading is required.  To the extent a response is required, Quemetco lacks sufficient information at this time to respond to the allegations in Paragraph 159 and on that basis denies the allegations.

160.   Quemetco tenders no answer as to those allegations in Paragraph 160 of the Complaint which do not pertain to Quemetco.  Paragraph 160 of the Complaint states a legal conclusion to which no responsive pleading is required.  To the extent a response is required and the allegations in Paragraph 160 pertain to Quemetco, Quemetco lacks sufficient information at this time to respond and on that basis denies the allegations.

161.   Quemetco tenders no answer as to those allegations in Paragraph 161 of the Complaint which do not pertain to Quemetco.  Paragraph 161 of the Complaint states a legal conclusion to which no responsive pleading is required.  To the extent a

response is required and the allegations in Paragraph 161 pertain to Quemetco, Quemetco denies the allegations.

### RESPONSE TO PLAINTIFFS' FIFTH CLAIM FOR RELIEF

(Claim for Abatement of a Public Nuisance, California Civil Code sections 3479, 3480 and 3491, California Health and Safety Code sections 58009 and 58010)

162.   Quemetco tenders no answer as to those allegations in Plaintiffs' Fifth Claim for Relief (Paragraphs 162–178 of the Complaint), which does not pertain to Quemetco.

163.   Quemetco tenders no answer as to those allegations in Plaintiffs' Fifth Claim for Relief (Paragraphs 162–178 of the Complaint), which does not pertain to Quemetco.

164.   Quemetco tenders no answer as to those allegations in Plaintiffs' Fifth Claim for Relief (Paragraphs 162–178 of the Complaint), which does not pertain to Quemetco.

165.   Quemetco tenders no answer as to those allegations in Plaintiffs' Fifth Claim for Relief (Paragraphs 162–178 of the Complaint), which does not pertain to Quemetco.

166.   Quemetco tenders no answer as to those allegations in Plaintiffs' Fifth Claim for Relief (Paragraphs 162–178 of the Complaint), which does not pertain to Quemetco.

167.   Quemetco tenders no answer as to those allegations in Plaintiffs' Fifth Claim for Relief (Paragraphs 162–178 of the Complaint), which does not pertain to Quemetco.

168.   Quemetco tenders no answer as to those allegations in Plaintiffs' Fifth Claim for Relief (Paragraphs 162–178 of the Complaint), which does not pertain to Quemetco.

169.    Quemetco tenders no answer as to those allegations in Plaintiffs' Fifth Claim for Relief (Paragraphs 162–178 of the Complaint), which does not pertain to Quemetco.

170.    Quemetco tenders no answer as to those allegations in Plaintiffs' Fifth Claim for Relief (Paragraphs 162–178 of the Complaint), which does not pertain to Quemetco.

171.    Quemetco tenders no answer as to those allegations in Plaintiffs' Fifth Claim for Relief (Paragraphs 162–178 of the Complaint), which does not pertain to Quemetco.

172.    Quemetco tenders no answer as to those allegations in Plaintiffs' Fifth Claim for Relief (Paragraphs 162–178 of the Complaint), which does not pertain to Quemetco.

173.    Quemetco tenders no answer as to those allegations in Plaintiffs' Fifth Claim for Relief (Paragraphs 162–178 of the Complaint), which does not pertain to Quemetco.

174.    Quemetco tenders no answer as to those allegations in Plaintiffs' Fifth Claim for Relief (Paragraphs 162–178 of the Complaint), which does not pertain to Quemetco.

175.    Quemetco tenders no answer as to those allegations in Plaintiffs' Fifth Claim for Relief (Paragraphs 162–178 of the Complaint), which does not pertain to Quemetco.

176.    Quemetco tenders no answer as to those allegations in Plaintiffs' Fifth Claim for Relief (Paragraphs 162–178 of the Complaint), which does not pertain to Quemetco.

177.    Quemetco tenders no answer as to those allegations in Plaintiffs' Fifth Claim for Relief (Paragraphs 162–178 of the Complaint), which does not pertain to Quemetco.

Gibson, Dunn & Crutcher LLP

QUEMETCO, INC.'S ANSWER TO PLAINTIFF DTSC AND TSCA'S COMPLAINT; COUNTERCLAIM

178.   Quemetco tenders no answer as to those allegations in Plaintiffs' Fifth Claim for Relief (Paragraphs 162–178 of the Complaint), which does not pertain to Quemetco.

## QUEMETCO'S FIRST AFFIRMATIVE DEFENSE

### (Authorized by Law)

179.   Plaintiffs' claims are barred in whole or in part because Quemetco's alleged activities were reasonable and without fault and/or were licensed and permitted by statute, regulation, ordinance, or the law.

## QUEMETCO'S SECOND AFFIRMATIVE DEFENSE

### (Failure to Comply with National Contingency Plan)

180.   Plaintiffs' claim for response costs, contribution, and/or damages under CERCLA is barred because of Plaintiffs' failure to perform a response which is consistent with the National Contingency Plan ("NCP").

## QUEMETCO'S THIRD AFFIRMATIVE DEFENSE

### (Unnecessary Costs)

181.   Some or all costs alleged in the Complaint are not "necessary costs of response" as required by CERCLA § 107(a), 42 U.S.C. § 9607(a), and Quemetco is not liable for any such costs that were not "necessary costs."

## QUEMETCO'S FOURTH AFFIRMATIVE DEFENSE

### (Recycling Transactions)

182.   Quemetco's alleged contribution to the alleged contamination, if any, resulted from Quemetco arranging for the recycling of spent lead-acid batteries, which constitute "recyclable material" within the meaning of 42 U.S.C. § 9627(a)(1).

183.   Any spent lead-acid batteries Quemetco arranged to be recycled at the Vernon Plant met a commercial specification grade within the meaning of 42 U.S.C. § 9627(c)(1).

184.   A market existed for any spent lead-acid batteries Quemetco arranged to recycle at the Vernon Plant.  42 U.S.C. § 9627(c)(2).

185.   A "substantial portion" of any spent lead-acid batteries Quemetco arranged to recycle at the Vernon Plant "was made available for use as feedstock for the manufacture of a new saleable product" that was a "substitute for a virgin raw material" and/or a "substitute for a product made, in whole or in part, from a virgin raw material." 42 U.S.C. § 9627(c)(3)–(4).

186.   Quemetco exercised reasonable care to determine that the Vernon Plant "was in compliance with substantive . . . provisions of any Federal, State, or local environmental law or regulation, or compliance order or decree issued pursuant thereto, applicable to the handling, processing, reclamation, storage, or other management activities associated with" spent lead-acid battery recycling. 42 U.S.C. § 9627(c)(5).

187.   Quemetco "did not recover the valuable components of" any spent lead-acid batteries it arranged to be recycled at the Vernon Plant. 42 U.S.C. § 9627(e)(1).

188.   Quemetco "was in compliance with applicable Federal environmental regulations or standards, and any amendments thereto, regarding the storage, transport, management, or other activities associated with the recycling of spent lead-acid batteries." 42 U.S.C. § 9627(e)(2)(A).

189.   Plaintiffs' claims are therefore barred because Quemetco's alleged contribution to the alleged contamination, if any, resulted from Quemetco "arrang[ing] for recycling of recyclable material" and therefore Quemetco "shall not be liable . . . with respect to such material." 42 U.S.C. § 9627(a)(1).

## QUEMETCO'S FIFTH AFFIRMATIVE DEFENSE

### (Preemption)

190.   Plaintiffs' claims for relief pursuant to California law are preempted by CERCLA because they would permit a plaintiff to recover costs of response that are barred by explicit CERCLA policies and statutes, including allowing recovery of response costs incurred in a manner inconsistent with the NCP, or that are unnecessary,

as required by CERCLA.  The state law claims are barred by conflict preemption under the Supremacy Clause, Article VI of the United States Constitution.

## QUEMETCO'S SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

191.   Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

## QUEMETCO'S SEVENTH AFFIRMATIVE DEFENSE

### (Superseding or Intervening Cause)

192.   Any damage allegedly sustained by Plaintiffs was caused, in whole or in part, by the superseding or intervening acts and omissions of persons or entities for whose conduct Quemetco is not responsible.

## QUEMETCO'S EIGHTH AFFIRMATIVE DEFENSE

### (Laches)

193.   Plaintiffs' claims are barred in whole or in part by the doctrine of laches.

## QUEMETCO'S NINTH AFFIRMATIVE DEFENSE

### (Estoppel)

194.   Plaintiffs' claims are barred in whole or in part by the doctrine of estoppel.

## QUEMETCO'S TENTH AFFIRMATIVE DEFENSE

### (Right of Offset)

195.   Plaintiffs' claims are barred in whole or in part by Defendants' rights of offset against Plaintiffs.  Quemetco is entitled to offset against liability for (1) any amounts actually paid by any person or entity other than Quemetco, for any of the costs and/or damages alleged in the Complaint; (2) the equitable share of the liability of any person or entity that has received or hereafter receives a release from liability or a covenant not to sue with respect to any of the injuries, costs and damages alleged in the Complaint, and (3) Plaintiffs' share of liability.

## QUEMETCO'S ELEVENTH AFFIRMATIVE DEFENSE

(Failure to State a Claim)

196.   Plaintiffs' claims are barred in whole or in part because the Complaint fails to state a claim upon which relief can be granted against Quemetco.

## QUEMETCO'S TWELFTH AFFIRMATIVE DEFENSE

(Contributory and Comparative Negligence)

197.   Plaintiffs' claims are barred in whole or in part because Plaintiff was contributorily negligent in causing the harm for which it seeks to recover.

## QUEMETCO'S THIRTEENTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

198.   Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations.

## QUEMETCO'S FOURTEENTH AFFIRMATIVE DEFENSE

(Waiver)

199.   Plaintiffs' claims are barred in whole or in part by the doctrine of express or implied release or waiver.

## QUEMETCO'S FIFTEENTH AFFIRMATIVE DEFENSE

(Divisibility)

200.   Quemetco is not liable, jointly and severally or otherwise, to Plaintiffs because Quemetco's alleged contribution to the alleged contamination, if any, is divisible from that of Plaintiffs, the other parties in this action, and/or third parties not named in this action.  Further, Plaintiffs are themselves liable parties under CERCLA and thus are not entitled to joint and several liability.  Quemetco's liability and contribution, if any, is divisible, and any and all "orphan shares" are the responsibility of Plaintiffs.

## QUEMETCO'S SIXTEENTH AFFIRMATIVE DEFENSE

(Federally Permitted Release)

201.   Plaintiffs' claims are barred because some or all of the contamination alleged in the Complaint resulted from a federally permitted release.

Gibson, Dunn & Crutcher LLP

## QUEMETCO'S SEVENTEENTH AFFIRMATIVE DEFENSE

(Release Authorized or Permitted by State Law)

202.   Plaintiffs' claims are barred because some or all of the contamination alleged in the Complaint resulted from a release authorized or permitted pursuant to state law.

## QUEMETCO'S EIGHTEENTH AFFIRMATIVE DEFENSE

(Not Response Costs)

203.   Some or all costs alleged in the Complaint do not constitute response costs within the meaning of section 101(25) of CERCLA, 42 U.S.C. § 9601(25), and are therefore not recoverable.

## QUEMETCO'S NINETEENTH AFFIRMATIVE DEFENSE

(Not Removal or Remedial Costs)

204.   Some or all costs alleged in the Complaint do not constitute removal or remedial costs within the meaning of sections 101(23) and 101(24) of CERCLA, 42 U.S.C. § 9601(23)-(24), and are therefore not recoverable.

## QUEMETCO'S TWENTIETH AFFIRMATIVE DEFENSE

(Plaintiffs Are Potentially Responsible Parties)

205.   Quemetco is not jointly and severally liable to Plaintiffs because Plaintiffs are "covered person[s]" who operate facilities, operated facilities at the time of disposal of alleged hazardous substances, arranged for the transportation of alleged hazardous substances, and/or accepted alleged hazardous substances for transportation to treatment and/or disposal facilities, meeting the statutory criteria set forth in CERCLA § 107(a)(1)-(4), 42 U.S.C. § 9607(a)(1)-(4).

## QUEMETCO'S TWENTY-FIRST AFFIRMATIVE DEFENSE

(Equitable Allocation)

206.   Plaintiffs' claims for damages should be reduced in accordance with those factors recognized under CERCLA § 113(f), 42 U.S.C. § 9613(f), for allocation of

Gibson, Dunn & Crutcher LLP

costs and damages among the parties by virtue of the "Gore Factors" and other equitable considerations.

## QUEMETCO'S TWENTY-SECOND AFFIRMATIVE DEFENSE

### (De Minimis/De Micromis Harm)

207.   Plaintiffs' claims are barred because Quemetco's contribution to the alleged contamination, if any, was de minimis and/or de micromis pursuant to CERCLA § 107(o), 42 U.S.C. § 9607(o).

## QUEMETCO'S TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Express or Implied Consent)

208.   Plaintiffs have consented, or are deemed to have consented, to the alleged acts and/or omissions of Quemetco that allegedly gave rise to Plaintiffs' alleged injuries, if any.

## QUEMETCO'S TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Ex Post Facto Clauses)

209.   Quemetco is not liable to Plaintiffs because Plaintiffs' claims are barred under the Due Process and Ex Post Facto Clauses of the United States Constitution and the California Constitution to the extent Plaintiffs seek to impose penalties or forfeitures on Quemetco retroactively for conduct that was not actionable when it occurred.

## QUEMETCO'S TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Other Parties Jointly and Severally Liable)

210.   Quemetco denies that it is responsible for any of the damages sought herein, but should it be found liable, the other parties to this litigation are jointly and severally liable for any costs incurred by Quemetco.

## QUEMETCO'S TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Act of God, Act of War, or Act of Third Party)

211.   Without admitting any liability whatsoever, Plaintiffs' claims are barred in whole or in part because the alleged release or releases, if any, and any damages

resulting therefrom were caused solely by any act of God, act of war, or an act or omission of a third party other than an employee or agent of Quemetco over whom Quemetco had no control and Quemetco exercised due care with respect to any alleged hazardous substance, taking precautions against all foreseeable acts and consequences in light of all relevant facts and circumstances.

## QUEMETCO'S TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Lack of Causation)

212.   No act or omission by Quemetco is the cause in fact or proximate cause of any of the damages or costs alleged in the Complaint.

## QUEMETCO'S TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

213.   The Complaint, and each claim contained therein, is barred by the doctrine of unjust enrichment.

## QUEMETCO'S TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

214.   Plaintiffs have failed to exercise reasonable efforts to minimize or avoid any damages which are alleged to have been caused by Quemetco.  Plaintiffs are therefore barred, in whole or in party, from recovering damages from Quemetco and Quemetco's liability to Plaintiffs, if any, should be apportioned, denied, or reduced accordingly.

## QUEMETCO'S THIRTIETH AFFIRMATIVE DEFENSE

### (Reliance Upon Co-Defendants' Defenses)

215.   Quemetco intends to rely upon and hereby asserts any defense asserted by any named co-defendant, or any other presently unnamed co-defendant.

## QUEMETCO'S THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Reservation of Rights)

216.   Quemetco has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, separate affirmative

defenses available.  Quemetco reserves the right to amend this Answer to add, delete, or modify defense based upon legal theories which may or will be divulged through clarification of Plaintiffs' Complaint, through discovery, or through further legal analysis of Plaintiffs' positions in this litigation.

WHEREFORE, Quemetco prays as follows:

1.      That Plaintiffs take nothing by reason of their Complaint, and that judgment be rendered in favor of Quemetco;

2.      That Quemetco be awarded its reasonable attorneys' fees and expert witness fees under 42 U.S.C. § 9627(j);

3.      That Quemetco be awarded its costs of suit in defense of this action; and

4.      For such other relief as the Court deems proper.

DATED:  April 22, 2021

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP
PATRICK W. DENNIS
ALEXANDER P. SWANSON
THOMAS F. COCHRANE


By:   /s/ Patrick W. Dennis
                        Patrick W. Dennis

Attorneys for Defendant and Counterclaimant
QUEMETCO, INC.

## QUEMETCO, INC.'S COUNTERCLAIM AGAINST DTSC

Defendant Quemetco, Inc. ("Quemetco") states this Counterclaim against the California Department of Toxic Substances Control ("DTSC") pursuant to Rule 13 of the Federal Rules of Civil Procedure, as follows:

### JURISDICTION

1.      Jurisdiction over this action against DTSC is based on 28 U.S.C. § 1331 and on 42 U.S.C. § 9613(b).  This suit is brought under the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9601, *et seq*. ("CERCLA").  Jurisdiction of Quemetco's state claims are based on 28 U.S.C. § 1367(a).  Quemetco's state claims and DTSC's federal claims form part of the same case or controversy under Article III of the United States Constitution.

### VENUE

2.      Venue in this case is based on 42 U.S.C. § 9613(b) and 28 U.S.C. § 1391(b).  The releases, occurrences, violations, endangerment and damages detailed below, if any, occurred in the city of Vernon, California, and therefore venue is proper in the Federal District Court for the Central District of California.

### PARTIES

3.      Quemetco is a corporation organized under the laws of Delaware registered to do business in California.

4.      DTSC is a public agency of the State of California organized pursuant to California Health and Safety Code § 58000, *et seq*.  DTSC is the successor to the California Department of Health Services ("DHS").

### ALLEGATIONS

5.      DTSC, and/or its predecessor agency, DHS (collectively, "DTSC"), have been actively, continuously, and closely involved in managing the treatment, storage, and/or disposal of hazardous materials at the former Exide secondary lead smelter in Vernon, California (the "Vernon Plant") for approximately 40 years.

Gibson, Dunn & Crutcher LLP

QUEMETCO, INC.'S ANSWER TO PLAINTIFF DTSC AND TSCA'S COMPLAINT; COUNTERCLAIM

6.      Throughout this period, DTSC imposed specific requirements for treatment, storage, handling, transportation, and/or discharge of hazardous substances at the Vernon Plant.  In addition, DTSC directed the excavation, movement, and/or dispersal of contaminated soil, dust, and other substrates at, from, and/or near the Vernon Plant.  On information and belief, at least some of these actions by DTSC caused the release of hazardous substances at, from, and/or near the Vernon Plant.

7.      On information and belief, despite its hands-on management of the Vernon Plant for decades, DTSC failed to fulfill its mandatory duties to enforce California law pertaining to hazardous waste and the environment at the Vernon Plant.

8.      For instance, on information and belief, DTSC failed to take appropriate and necessary steps to secure funds from a former owner or operator of the Vernon Plant to adequately fund investigation and/or remediation of any contamination at, on, and/or near the Vernon Plant and surrounding properties.

9.      On information and belief, DTSC's failure to fulfill its mandatory duties with respect to the Vernon Plant affected the nature, duration, and extent of releases or threatened releases of hazardous substances at, from, or related to the Vernon Plant, thereby increasing the eventual cost of investigation and cleanup activities at and/or near the Vernon Plant.

10.     DTSC's activities at and/or near the Vernon Plant, including its management of hazardous waste and its selection and implementation of response actions were, and continue to be, negligent, grossly negligent, and/or constitute reckless, willful, wanton and/or intentional misconduct.

11.     DTSC, through its activities at the Vernon Plant and surrounding properties, is a liable party pursuant to 42 U.S.C. § 9607(a), and California Health and Safety Code § 25323.5.

## **QUEMETCO'S FIRST CLAIM FOR RELIEF**

**(Liability For Contribution Pursuant To CERCLA, 42 U.S.C. Section 9613 – By Quemetco Against DTSC)**

Gibson, Dunn & Crutcher LLP

QUEMETCO, INC.'S ANSWER TO PLAINTIFF DTSC AND TSCA'S COMPLAINT; COUNTERCLAIM

12.     Quemetco alleges and incorporates by reference Paragraphs 1 through 11 as though fully set forth herein.

13.     Quemetco denies that it is liable for Plaintiffs' response costs associated with the Vernon Plant and surrounding areas, but to the extent Quemetco is found liable to DTSC or any other party to the Complaint for response costs, Quemetco is entitled to contribution towards such response costs from DTSC.

14.     DTSC has filed a Complaint seeking response costs from Quemetco under CERCLA, 42 U.S.C. § 9607 and Quemetco is thus a proper party to bring an action for contribution against DTSC under  42 U.S.C. § 9613.

15.     DTSC alleges that the "site" of the Vernon Plant, as that term is ultimately defined by the Court, is a "facility" within the meaning of 42 U.S.C. § 9601(9).  If true, the "site" of the Vernon Plant, as that term is ultimately defined by the Court, is a "facility."

16.     DTSC is a "person" within the meaning of  42 U.S.C. § 9601(21).

17.     DTSC is or was an "operator" of the Vernon Plant "at the time of disposal of a[] hazardous substance" within the meaning of 42 U.S.C. § 9607(a).  DTSC has managed, directed, and/or conducted operations specifically related to pollution at the Vernon Plant.  Among other actions, DTSC's activities concerned the leakage, dispersal and/or disposal of hazardous substances at or from the Vernon Plant and decisions about compliance with environmental laws, regulations, and policies applicable to the Vernon Plan.

18.     DTSC also arranged for the disposal or treatment of hazardous substances at the Vernon Plant within the meaning of 42 U.S.C. § 9607(a).  Over 40 years of its involvement with the Vernon Plant, DTSC oversaw and managed the disposal and treatment of hazardous substances at the Vernon Plant.  On information and belief, DTSC also implemented response actions that caused releases of hazardous substances at the Vernon Plant and/or at surrounding properties which DTSC alleges were contaminated by emissions from the Vernon Plant.

19.     Because DTSC is liable or potentially liable under 42 U.S.C. § 9607(a), Quemetco is entitled to seek contribution from DTSC pursuant to 42 U.S.C. § 9613(f).

## <u>QUEMETCO'S SECOND CLAIM FOR RELIEF</u>

**(Liability For Indemnification and Contribution Pursuant To California Health & Safety Code Section 25363(d) – By Quemetco Against DTSC)**

20.     Quemetco alleges and incorporates by reference Paragraphs 1 through 19 as though fully set forth herein.

21.     DTSC caused or permitted a release or threatened release of substances governed by the Hazardous Substances Account Act ("HSAA"), California Health and Safety Code § 25300, *et seq.*, at, on, and/or near the Vernon Plant and surrounding properties.

22.     DTSC alleges in its Complaint that the Vernon Plant constitutes a "site" as defined by Cal. Health & Safety Code § 25323.9.

23.     DTSC is a "person" within the meaning of that term as it is used in Cal. Health & Safety Code § 25319.

24.     DTSC is also a "liable person" within the meaning of that term as it is used in Cal. Health & Safety Code § 25323.5.  Quemetco has been sued under 42 U.S.C. § 9607 and is thus a proper party to bring an action under Cal. Health & Safety Code § 25363(d).

25.     DTSC's mismanagement of the environmental response actions at the Vernon Plant and the surrounding investigation area has involved gross negligence and/or reckless, willful, wanton and/or intentional misconduct, such that DTSC may be liable for costs or damages as a result of its actions under 42 U.S.C. § 9607(d)(2).

26.     Quemetco seeks cost recovery, reimbursement and/or contribution from DTSC as operator, discharger, and/or arranger of hazardous materials pursuant to Cal. Health & Safety Code § 23563(d), for all response costs that Quemetco has incurred and will incur in investigating and cleaning up any hazardous substances that were released at, on, and/or near the Vernon Plant and surrounding properties.

## QUEMETCO'S THIRD CLAIM FOR RELIEF

### (Declaratory Relief Pursuant To CERCLA, 42 U.S.C. Section 9613 – By Quemetco Against DTSC)

27.     Quemetco alleges and incorporates by reference Paragraphs 1 through 26 as though fully set forth herein.

28.     An actual, substantial, and justiciable controversy exists between Quemetco and DTSC regarding their respective rights and obligations for response costs that Quemetco may incur to respond to any release or threatened release of hazardous substances at or from the Vernon Plant.

29.     Pursuant to 42 U.S.C. § 9613, Quemetco is entitled to a declaratory judgment establishing the liability of DTSC for any response costs for the purposes of this and any subsequent action or actions to recover response costs.

## QUEMETCO'S FOURTH CLAIM FOR RELIEF

### (Negligent Failure to Discharge Statutory and Regulatory Duties)

30.     Quemetco alleges and incorporates by reference Paragraphs 1 through 29 as though fully set forth herein.

31.     DTSC owes a duty of care to Quemetco to the extent of mandatory duties imposed on DTSC by California laws that are designed to protect Quemetco from the risk of a particular type of injury. "Where a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty." Cal. Gov't Code, § 815.6.

32.     On information and belief, at various times DTSC breached its mandatory duties under at least Cal. Health & Safety Code §§ 25200.10 and 25200.11 to timely require investigation of, and timely seek corrective action, including obtaining sufficient financial assurance therefore with respect to, contamination at the Vernon

Plant.  These duties were designed to protect Quemetco against the particular kinds of injury described in paragraphs 33–34 below.

33.    On information and belief, DTSC's failure to properly enforce and comply with California statutory law led to more widespread environmental contamination in what DTSC has characterized as the vicinity of the Vernon Plant and consequently greater response costs for investigation, removal, and remedial actions. To the extent that a judgment is entered under CERCLA, HSAA, or other law subjecting Quemetco to liability to DTSC for such unnecessary response costs and a monetary award for a share of those response costs, such a judgment constitutes monetary damages for Quemetco caused by DTSC's actions and omissions.

34.    On information and belief, DTSC's failure to enforce and comply with California statutory law led to the unavailability of adequate funding for cleanup from the Vernon Plant's owners or operators, which lead to transferring most of the environmental response costs to taxpayers.  To the extent that a judgment is entered under CERCLA, HSAA, or other law subjecting Quemetco to liability for such unnecessary DTSC response costs and a monetary award for a share of those response costs, such a judgment constitutes monetary damages for Quemetco caused by DTSC's actions and omissions.

35.    DTSC's breaches of its mandatory duties proximately caused the injury Quemetco described above.

36.    DTSC did not exercise reasonable care to discharge its mandatory duties.

37.    This counterclaim is solely for recoupment.  Accordingly, the presentment and administrative requirements of the California Government Claims Act, Cal. Gov't Code § 810 *et seq.*, are satisfied and/or excused.

**WHEREFORE**, Quemetco prays for judgment and relief as follows:

A.    Against DTSC for contribution under CERCLA and/or Cal. Health & Safety Code § 23563(e) for past and future response costs, including reasonable attorneys' fees, expert witness' fees, oversight

costs and interest incurred by DTSC to investigate and remediate any contamination at, on, and/or near the Vernon Plant and surrounding properties, in an amount to be proven at trial;

B. For offset and recoupment of any CERCLA or HSAA cost recovery judgment against Quemetco to the extent of damages proved against DTSC for negligence and gross negligence;

C. Against DTSC for a judicial declaration under CERCLA and/or Cal. Health & Safety Code § 23563(e) that DTSC is liable for all future costs and expenses incurred by Quemetco to investigate and remediate contamination at, on, and/or near the Vernon Plant and surrounding properties, in an amount to be proven at trial;

D. Against DTSC, for costs of suit;

E. Against DTSC, for such other and further relief which the Court may deem just and proper.

DATED:  April 22, 2021

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP
PATRICK W. DENNIS
ALEXANDER P. SWANSON
THOMAS F. COCHRANE


By:   */s/ Patrick W. Dennis*
Patrick W. Dennis

Attorneys for Defendant and Counterclaimant
QUEMETCO, INC.

Gibson, Dunn & Crutcher LLP

QUEMETCO, INC.'S ANSWER TO PLAINTIFF DTSC AND TSCA'S COMPLAINT; COUNTERCLAIM