Ruben A. Castellón (SBN 154610)
Anna L. Le May (SBN 258312)
RAF Law Group
811 Wilshire Blvd., Suite 1050
Los Angeles, CA 90017
Telephone:   (213) 623-7515
Facsimile:    (213) 532-3984
rcastellon@raflawgroup.com
alemay@raflawgroup.com

Attorneys for Defendant INTERNATIONAL METALS EKCO, LTD.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the TOXIC SUBSTANCES CONTROL ACCOUNT,<br><br>Plaintiff,<br><br>v.<br><br>NL INDUSTRIES, INC., a New Jersey corporation; JX NIPPON MINING & METALS CORPORATION, a Japanese corporation; GOULD ELECTRONICS INC., an Arizona corporation; KINSBURSKY BROS. SUPPLY, INC., a California corporation; TROJAN BATTERY COMPANY, LLC, a Delaware limited liability company; RAMCAR BATTERIES INC., a California corporation; CLARIOS, LLC, a Wisconsin limited liability company; QUEMETCO, INC., a Delaware corporation; INTERNATIONAL METALS EKCO, LTD., a California corporation; and BLOUNT, INC., a Delaware corporation, | **Case No. 2:20-cv-11293-SVW-JPR**<br><br>Judge: Honorable Stephen V. Wilson<br><br>**DEFENDANT INTERNATIONAL METALS EKCO, LTD.'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE CERTAIN OF ANSWERING DEFENDANTS' AFFIRMATIVE DEFENSES**<br><br>Date:  September 13, 2021<br>Time:  1:30 p.m.<br>Courtroom: 10A<br>Judge:  Hon. Stephen V. Wilson<br>Trial Date: TBD<br>Action Filed:  December 14, 2020 |

|   |   |
|---|---|
| | Defendants. |
| | |
| | INTERNATIONAL METALS EKCO, LTD. |
| | Counterclaimant |
| | v. |
| | CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the TOXIC SUBSTANCES CONTROL ACCOUNT, |
| | Counterdefendants. |

## I. INTRODUCTION

Defendant International Metals Ekco, Ltd. (hereinafter "Ekco Metals") hereby opposes Plaintiffs California Department of Toxic Substances Control and the Toxic Substances Control Account (hereinafter "Plaintiffs") Motion to Strike Certain of Answering Defendants' Affirmative Defenses ("Motion to Strike" or "MTS").

In response to Plaintiffs' Complaint, Ecko Metals asserted affirmative defenses to Plaintiffs' claims in its Answer. *See* Dkt. 55. Plaintiffs challenged Ekco Metals' affirmative defenses along with other defendants' defenses in a single omnibus motion to strike. Ekco Metals will withdraw certain affirmative defenses as identified below. Plaintiffs' motion is overbroad because it seeks to strike defenses that properly apply to at least some or all of Plaintiffs' claims, such as Ekco Metals' equitable defenses, the retroactivity defenses, and a defense based on CERCLA section 114(b).

Ekco Metals respectfully requests that the Court deny Plaintiffs' motion to strike the remaining affirmative defenses that Ekco Metals has not voluntarily withdrawn as set forth below.

### A. Voluntary Withdrawal Of Certain Ekco Metals' Affirmative Defenses

Without conceding any insufficiencies of the below listed affirmative defenses, Ekco Metals voluntarily withdraws the following affirmative defenses and reserves the right to amend its pleading(s) as permitted by law at a future time, based on facts developed during discovery: Affirmative Defense ("AD") No. 2 (Not an Owner or Operator at Time of Alleged Disposal), AD No. 9 (Unnecessary Costs), AD No. 17 (Plaintiffs are PRPs), AD No. 19 (De Minimis), AD No. 21 (Failure to Give Notice to EPA and Attorney General), AD No. 26 (Compliance with Laws), AD No. 32 (Undue Delay), AD No. 33 (Failure to Mitigate), AD No. 35 (Contribution or Indemnity), AD No. 37 (Attorneys' Fees Improper), AD No. 38 (Treble Damages Improper), AD No. 40 (Plaintiffs' Failure to Use Ordinary Care), AD No. 41 (Limitation due to Other's Negligence), AD No. 42 (Due Process), AD No. 46 (No Declaratory Relief), AD No. 49 (Failure to Perform Conditions Precedent), AD No. 50 (No Liability), AD No. 53

(Aggravation of Harm), AD No. 54 (Collateral Estoppel/Issue Preclusion), AD No. 55 (Res Judicata/Claim Preclusion), AD No. 56 (Ratification), AD No. 57 (Unavoidable Circumstances), AD No. 59 (Privilege), AD No. 61 (Aggregate Proof of Causation or Liability), AD No. 62 (Passive Migration), AD No. 63 (Unjust Enrichment), AD No. 64 (Violation of Regulatory Standards), AD No. 65 (Substantial Compliance), AD No. 66 (Speculative Damages), AD No. 67 (Mistake), AD No. 68 (No Liability for Future Costs), AD No. 69 (Failure to Perform Obligations), AD No. 70 (Obligations Satisfied), AD No. 71 (No Cost Recovery Under CERCLA), AD No. 72 (Spoilation), AD No. 80 (Not Entitled to Relief), AD No. 81 (42 U.S.C. § 9607(d)), and AD No. 85 (Reliance upon Other Parties' Defenses).

### B. **Ekco Metals' Remaining Affirmative Defenses that are the Subject of Plaintiffs' Motion to Strike**

The following Ekco Metals affirmative defenses remain and are the subject of Plaintiffs' motion to strike and this opposition:

| Affirmative Defense No. | Defense |
| --- | --- |
| 23 | No Liability for Wholly Past Acts or Omissions |
| 29 | Release or Waiver |
| 30 | Unclean Hands |
| 31 | Laches |
| 36 | Estoppel |
| 45 | Adequate Remedy at Law |
| 58 | Express or Implied Consent |
| 60 | Ex Post Facto Clauses |
| 83 | 42 U.S.C. § 9614(b) |
| 86 | Reservation of Rights |

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(f), a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Proc. 12(f). A motion to strike an affirmative defense is a drastic measure, and may succeed only where it lacks merit under "any set of facts the defendant might allege." *McArdle v. AT & T Mobility LLC*, 657 F. Supp. 2d 1140, 1150 (N.D. Cal. 2009), *rev'd on other grounds, McArdle v. AT&T Mobility, LLC*, 474 F. App'x 515 (9th Cir. 2012).

Such a motion should be denied "unless the allegations in the pleading have no possible relation to the controversy, and may cause prejudice to one of the parties. If the court is in doubt as to whether the challenged matter may raise an issue of fact or law, the motion to strike should be denied, leaving an assessment of the sufficiency of the allegations for the adjudication on the merits." *Champlaie v. BAC Home Loans Servicing, LP*, 706 F. Supp. 2d 1029, 1039 (E.D. Cal. 2009). Further, "[e]ven when the defense presents a purely legal question, the courts are very reluctant to determine disputed or substantial issues of law on a motion to strike; these questions quite properly are viewed as determinable only after discovery and a hearing on the merits. To do otherwise would be to run the risk of offering an advisory opinion on an abstract and hypothetical set of facts." *McArdle*, 657 F. Supp. 2d at 1150 (quoting *William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp.*, 744 F.2d 935, 939 (2d Cir. 1984)).

## III. ARGUMENT

### A. Ekco Metals' Equitable Affirmative Defenses Apply at Least to Plaintiffs' HSAA Injunction Claim

The majority of the remaining affirmative defenses that Plaintiffs seek to strike are on the grounds that the affirmative defenses are equitable defenses and that are allegedly not available in CERCLA cost recovery actions. *See* Affirmative Defense Nos. 29 (release or waiver), 30 (unclean hands), 31 (laches), 36 (estoppel), 45 (adequate remedy at law), and 58 (express or implied consent).

Ekco Metals acknowledges that the Ninth Circuit has adopted Plaintiffs' position that equitable defenses do not apply to CERCLA cost recovery claims, and that the Court is bound by the Ninth Circuit's decision on that issue. *See DTSC v. Neville Chem. Co.*, 358 F.3d 661, 672 (9th Cir. 2004).

However, the Ninth Circuit's ruling in *Neville* extends only to CERCLA cost recovery causes of action arising under 42 U.S.C. § 9607(a) and (b). *Neville*, 358 F.3d at 672 (holding that "CERCLA section 107(a) and (b), 42 U.S.C. § 9607(a) and (b), allow for only three defenses to CERCLA liability" and do not permit equitable defenses). The *Nelville* case does *not* extend to Plaintiffs' other causes of action against Ekco Metals, including Plaintiffs' claim seeking injunctive relief in the form of an abatement order. *See* Fourth Claim for Relief (Claim for Abatement of Release or Threatened Release Pursuant to the HSAA, California Health and Safety Code section 25358.3), Dkt. 1 ¶¶ 154-61. Claims seeking the *equitable* remedy of an injunction are precisely the sort of claims to which *equitable* defenses traditionally apply. *See Inst. of Cetacean Rsch. v. Sea Shepherd Conservation Soc.*, 725 F.3d 940, 947 (9th Cir. 2013) ("An injunction is an equitable remedy," so "traditional equitable considerations such as laches, duress and unclean hands may militate against issuing an injunction").

Thus, because Ekco Metals' equitable defenses may apply to at least Plaintiffs' injunction claim, Plaintiffs' motion to strike Ekco Metals' defenses 29, 30, 31, 36, 45, and 58 should be denied.

### B. Ekco Metals' Affirmative Defense Nos. 23 and 60 Retroactivity Defenses Are Not Limited to Plaintiffs' CERCLA Claims

Ekco Metals' affirmative defense number 60 arises under the Ex Post Facto clauses of the United States and California Constitutions, and asserts that "Plaintiffs' claims are barred . . . to the extent Plaintiffs seek to impose penalties or forfeitures on Ekco Metals retroactively for conduct that was not actionable when it occurred." Dkt. No. 55 at p. 47, ¶ 60. In addition, affirmative defense number 23 states that "Plaintiffs'

claims are barred, in whole or in part, because Plaintiffs seek to impose liability upon Ekco Metals for wholly past alleged acts or omissions." *Id.* at p. 39, ¶ 23.

Plaintiffs concede that a retroactivity defense is valid against HSAA claims, noting that "[t]he HSAA . . . imposes liability retroactively for acts prior to 1982 only where it can be shown that the conduct was in violation of a then-existing law or rule." Dkt. 85 at 19. Thus, Plaintiffs explain, they "do not move to strike similar 'retroactivity' defenses under the HSAA." *Id.* However, nothing in Ekco Metals' affirmative defense numbers 23 and 60 is limited to Plaintiffs' CERCLA claims, and it therefore encompasses *all* of Plaintiffs' claims, including the HSAA claims.

Plaintiffs' motion should therefore be denied with respect to Ekco Metals' affirmative defense numbers 23 and 60.

### C. Ekco Metals Properly Reserved the Right To Assert Further Defenses

Ekco Metals' affirmative defense no. 86 states that "Ekco Metals reserves the right to assert all affirmative defenses which may pertain to the Complaint. Ekco Metals reserves the right to assert and rely on any additional affirmative defenses that may become available or apparent during discovery, at trial, or otherwise." Dkt. No. 55 at p. 53, ¶ 86.

Plaintiffs contend that "[a]ny defenses not properly asserted in" the existing answer "can be asserted going forward only in compliance with the procedural requirements relating to the pleading of new matter." Dkt. 85 at 19. Ekco Metals agrees, and nothing in affirmative defense no. 86 purports to circumvent or excuse Ekco Metals from compliance with any relevant procedural rule. Affirmative defense no. 86 asserts a *reservation* of rights, not an *expansion* of them. Courts routinely permit such reservation defenses to stand. *See, e.g., California Dept. of Toxic Substances Control v. Alco Pacific, Inc.* (C.D. Cal. 2002) 217 F. Supp. 2d 1028, 1045 (denying motion to strike reservation of rights defense where defendant "clarifie[d] that it will assert new defenses only in compliance with the procedural requirements relating to the pleading of new matter").

Thus, Plaintiffs' motion to strike Ekco Metals' affirmative defense no. 86 should be denied.

### D. Ekco Metals Properly Asserts an Affirmative Defense Pursuant to 42 U.S.C. § 9614(b)

Ekco Metals' affirmative defense no. 83 states that "[a]s provided by law, including without limitation, 42 U.S.C. § 9614(b), Plaintiffs' claims are barred to the extent Plaintiffs have received, or could have received, compensation for some or all of the damages or response costs claimed in this action, including without limitation, pursuant to any state or Federal law or pursuant to insurance contracts and/or indemnification agreements." Plaintiffs claim that this is an insufficient/immaterial, cost-related defense but does not explain why this defense is improper, aside from indicating that it falls in the category of being an allegedly insufficient/immaterial, cost-related defense.

Affirmative defense no. 83 is based in part on statute, specifically CERCLA Section 114(b), 42 U.S.C. section 9614. Further, this defense is judicially recognized; and, as the case law makes clear, it is premature to strike this defense.

CERCLA Section 114(b) codifies "a general principle of avoiding double recovery of response costs." *Lockheed Martin Corp. v. United States*, 833 F.3d 225, 228 (D.C. Cir. 2016). Based on this bar, defendants such as the federal government in *Lockheed Martin* have pleaded Section 114(b) as an affirmative defense to a CERCLA Section 107 cost recovery suit. *See id.* at 231; *see also Lockheed Martin Corp. v. United States*, 664 F. Supp. 2d 14, 18 (D.D.C. 2009) (identifying Section 114(b) as the federal government's second affirmative defense). On appeal of a summary judgment order regarding the government's Section 114(b) defense, the D.C. Circuit affirmed that Section 114(b) bars any party from "lawfully demand[ing] double recovery of the money it spent cleaning up hazardous waste." *Lockheed Martin*, 833 F.3d at 237 (citation omitted).

1       Here, the Court has not yet assessed the potential recoverability of DTSC's response costs, and discovery has not even commenced. Moreover, because DTSC knows that it must prove it has incurred—and not been reimbursed for—the response costs it seeks to recover, allowing Ekco Metals to maintain this defense will not prejudice DTSC in any way.

      Thus, Plaintiffs' motion to strike Ekco Metals' affirmative defense no. 83 should be denied.

### IV. CONCLUSION

      Based on the above, Ekco Metals respectfully requests and for the reasons discussed above, the motion to strike Ekco Metals' affirmative defenses 23, 29, 30, 31, 36, 45, 58, 60, 83, and 86 be denied. However, should the Court find these defenses to be insufficient, in whole or in part, Ekco Metals respectfully requests leave to amend.

Respectfully submitted,

RAF LAW GROUP

By: _____

Ruben A. Castellón
Anna L. Le May
Attorneys for Defendant and Counterclaimant
International Metals Ekco, Ltd.