ROB BONTA
Attorney General of California
SARAH E. MORRISON, SBN 143459
TIMOTHY E. SULLIVAN, SBN 197054
Supervising Deputy Attorneys General
DAVID ZAFT, SBN 237365
DENNIS A. RAGEN, SBN 106468
ELIZABETH B. RUMSEY, SBN 257908
JON TANGONAN, SBN 216705
AARTI S. KEWALRAMANI, SBN 247068
DONALD A. ROBINSON, SBN 72402
Deputy Attorneys General
300 South Spring Street Suite 1702
Los Angeles, CA 90013
Phone: (213) 259-6372
Fax: (213) 897-2802
E-mail: David.Zaft@doj.ca.gov

*Attorneys for Plaintiffs*
*California Department of Toxic Substances Control*
*and the Toxic Substances Control Account*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the TOXIC SUBSTANCES CONTROL ACCOUNT,<br><br>Plaintiffs,<br><br>v.<br><br>NL INDUSTRIES, INC., et al.,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS AND THIRD-PARTY COMPLAINT | 2:20-cv-11293-SVW-JPR<br><br>**ANSWER OF PLAINTIFFS CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL, AND TOXIC SUBSTANCES CONTROL ACCOUNT TO COUNTERCLAIMS OF DEFENDANT GOULD ELECTRONICS INC.**<br><br>Judge:        Hon. Stephen V. Wilson<br>Trial Date:   TBD<br>Action Filed: December 14, 2020 |

1   Plaintiffs California Department of Toxic Substances Control ("DTSC") and
2   the Toxic Substances Control Account (collectively, "Plaintiffs") answer each of
3   the Counterclaims of Defendant Gould Electronics Inc. ("GEI") as follows:

4   **JURISDICTION AND VENUE**

5   1.   In response to Paragraph 1, Plaintiffs admit that the Court has
6   jurisdiction over GEI's First, Second, and Third Counterclaims in 28 U.S.C. § 1331
7   and 42 U.S.C. § 9613(b), but not its Fourth and Fifth Counterclaims. Plaintiffs deny
8   that the Court has supplemental jurisdiction over the Fourth and Fifth
9   Counterclaims because those counterclaims are not compulsory. Plaintiffs deny
10   each and every remaining allegation in Paragraph 1.

11   2.   In response to Paragraph 2, Plaintiffs admit the allegations in the
12   paragraph.

13   **PARTIES**

14   3.   In response to Paragraph 3, Plaintiffs admit the allegations in the
15   paragraph.

16   4.   In response to Paragraph 4, Plaintiffs admit the allegations in the first
17   sentence of the paragraph. The second sentence of Paragraph 4 contains statements
18   and/or conclusions of law that need not be answered at this stage in the litigation.

19   5.   In response to Paragraph 5, Plaintiffs admit the allegations in the
20   paragraph.

21   **GENERAL ALLEGATIONS**

22   6.   In response to Paragraph 6, Plaintiffs admit that the Hazardous Waste
23   Control Law, Cal. Health and Safety Code ("HWCL"), § 25100 *et seq.*, includes
24   DTSC's authority to administer and enforce requirements regarding hazardous
25   waste. To the extent that the allegations in Paragraph 6 characterize the contents of
26   the HWCL, the statute speaks for itself and is the best evidence of its contents, and
27   Plaintiffs deny the allegations to the extent that they are inconsistent with that
28   statute. Plaintiffs further admit that the federal Resource Conservation and

Recovery Act ("RCRA"), 42 U.S.C. § 6901 *et seq.*, includes provisions relating to DTSC's authority under that federal law. To the extent that the allegations in Paragraph 6 characterize the contents of RCRA, the statute speaks for itself and is the best evidence of its contents, and Plaintiffs deny the allegations to the extent that they are inconsistent with that statute. In connection therewith, Plaintiffs affirmatively allege that the HWCL's requirements are as strict or stricter than the analogous requirements in RCRA.

7.     In response to Paragraph 7, Plaintiffs admit that the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601 *et seq.*, imposes liability on several classes of persons, including past owners and operators. To the extent that the allegations in Paragraph 7 characterize CERCLA's liability provisions, the statute speaks for itself and is the best evidence of its contents, and Plaintiffs deny the allegations to the extent that they are inconsistent with that statute.

8.     Paragraph 8 contains statements and/or conclusions of law that need not be answered at this stage in the litigation.

9.     Paragraph 9 contains statements and/or conclusions of law that need not be answered at this stage in the litigation.

10.     Paragraph 10 contains statements and/or conclusions of law that need not be answered at this stage in the litigation.

11.     In response to Paragraph 11, Plaintiffs admit that, included within its present statutory authority, DTSC administers a hazardous waste permitting program for hazardous waste facilities in California. Plaintiffs further admit that the Vernon Plant ("Vernon Plant," as described in Paragraphs 41 and 42 of Plaintiffs' Complaint) has not received a final hazardous waste facility permit.  Plaintiffs deny each and every remaining allegation in Paragraph 11.

12.     In response to Paragraph 12, Plaintiffs admit that a former owner or operator of the Vernon Plant filed a RCRA Part A application with the United

States Environmental Protection Agency ("EPA") on or about August 8, 1980 and that the State of California Department of Health Services ("DHS") received notification on November 19, 1980, that the Part A application had been filed.

13.     In response to Paragraph 13, Plaintiffs admit that, on or about December 18, 1981, DHS issued an "Interim Status Document" for the operation of the Vernon Plant. Plaintiffs deny each and every remaining allegation in Paragraph 13.

14.     In response to Paragraph 14, the allegations in the first sentence appear to be based on a February 2, 1982 letter from a former owner or operator of the Vernon Plant to DHS. As to the second sentence of Paragraph 14, Plaintiffs admit that on February 18, 1982, EPA returned the RCRA Part A application submitted by the former owner or operator of the Vernon Plant. To the extent Paragraph 14 contains allegations describing the contents, nature or effects of these correspondences, they speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with these documents, Plaintiffs lack sufficient information or belief to admit or deny such allegations and, on that basis deny such allegations.

15.     In response to Paragraph 15, Plaintiffs admit that various documents and correspondence between DHS and a former owner or operator of the Vernon Plant, regarding the topic of Interim Status Document rescission, exist. Those documents speak for themselves. As to remaining allegations in Paragraph 15, Plaintiffs lack sufficient information or belief to admit or deny such allegations and, on that basis deny such allegations, and such allegations contain legal conclusions not requiring a response at this time.

16.     In response to Paragraph 16, Plaintiffs admit that a September 1987 DHS letter confirms that an Interim Status Document was in effect for the Vernon Plant. Plaintiffs deny each and every remaining allegation in Paragraph 16.

17.     In response to Paragraph 17, Plaintiffs admit that a former owner or operator of the Vernon Plant submitted a revised RCRA Part A application dated July 5, 1985, and that the application was received by DHS on July 8, 1985.

18.     In response to Paragraph 18, Plaintiffs admit that DHS advised a via letter dated August 26, 1986, former owner or operator of the Vernon Plant of the need for a facility permit . Plaintiffs deny remaining allegations of Paragraph 18.

19.     In response to Paragraph 19, Plaintiffs admit that a former owner or operator of the Vernon Plant filed a RCRA Part B application on or about November 7, 1988.

20.     Paragraph 20 contains statements and/or conclusions of law that need not be answered at this stage in the litigation. To the extent that Paragraph 20 contains allegations describing the requirements of California Health and Safety Code section 25200.11(a), the statute speaks for itself and is the best evidence of its contents, and Plaintiffs deny the allegations to the extent that they are inconsistent with that statute.

21.     In response to Paragraph 21, Plaintiffs admit that the Vernon Plant was operating pursuant to an Interim Status Document in July 1993, and as of that time DTSC had not formally issued or denied a RCRA permit for the Vernon Plant. As to the second sentence of Paragraph 21, Plaintiffs admit that operations continued at the Vernon Plant without a final determination by DTSC on the permit application from 1993 through 1999. As to the remaining allegations of Paragraph 21, Plaintiffs lack sufficient information or belief to admit or deny such allegations and, on that basis deny such allegations.

22.     In response to Paragraph 22, Plaintiffs deny the allegations in the paragraph.

23.     In response to Paragraph 23, Plaintiffs admit that DTSC approved a Class 2 Interim Status modification for the Vernon Plant on December 13, 1999. To the extent that the allegations in Paragraph 23 describe the modification, the notice

of approval of the Class 2 Interim Status modification speaks for itself and is the best evidence of its contents. As to the remaining allegations in this paragraph, Plaintiffs lack sufficient information or belief to admit or deny such allegations and, on that basis deny such allegations.

24.     In response to Paragraph 24, Plaintiffs admit that DTSC approved a Class 2 Interim Status modification for the Vernon Plant on June 30, 2000. To the extent that Paragraph 24 describes the nature of the modification, the approval notice speaks for itself and is the best evidence of its contents, and Plaintiffs deny the allegations to the extent that they are inconsistent with that document.

25.     In response to Paragraph 25, Plaintiffs admit that DTSC approved a Class 1 Interim Status modification for the Vernon Plant on January 5, 2001. To the extent that Paragraph 25 describes the nature of the modification, the approval notice speaks for itself and is the best evidence of its contents, and Plaintiffs deny the allegations to the extent that they are inconsistent with that document.

26.     In response to Paragraph 26, Plaintiffs admit that the owners or operators of the Vernon Plant submitted revised permit applications on various dates between 1988 and 2006. Plaintiffs deny the remaining allegations of Paragraph 26.

27.     In response to Paragraph 27, Plaintiffs admit that DTSC transmitted a request for information on or about April 30, 1992, and that the permit application was revised in June 1992. To the extent the allegations are inconsistent with these documents, Plaintiffs deny those allegations.

28.     In response to Paragraph 28, Plaintiffs admit that a former owner or operator submitted a revised permit application in November 1993. To the extent that the allegations in Paragraph 28 describe the revised permit application, the revised permit application speaks for itself and is the best evidence of its contents, and Plaintiffs deny the allegations to the extent that they are inconsistent with that document.

29.     In response to Paragraph 29, Plaintiffs admit that a former owner or operator submitted a revised permit application in or about May 1997, and additional documents were dated February 1998, and transmitted to DTSC in April 1998. To the extent that Paragraph 29 describes that revised permit application, the document speaks for itself and is the best evidence of its contents, and Plaintiffs deny the allegations in Paragraph 29 to the extent they are inconsistent with that document.

30.     In response to Paragraph 30, Plaintiffs admit that the permit application was revised in November 2000. To the extent that Paragraph 30 describes that revised permit application, the document speaks for itself and is the best evidence of its contents, and Plaintiffs deny the allegations in Paragraph 30 to the extent they are inconsistent with that document.

31.     In response to Paragraph 31, Plaintiffs admit that Exide, which became the owner and operator of Vernon Plant in 2000, submitted a revised permit application in May 2002 in response to comments received from DTSC in an April 2002 letter. To the extent that Paragraph 31 describes that revised permit application or the April 2002 letter, the document speaks for itself and is the best evidence of its contents, and Plaintiffs deny the allegations to the extent that they are inconsistent with that document.  Plaintiffs deny each and every remaining allegation in Paragraph 31.

32.     In response to Paragraph 32, Plaintiffs admit that Exide submitted a revised permit application in April 2006. To the extent that Paragraph 32 describes the revised permit application, the document speaks for itself and is the best evidence of its contents, and Plaintiffs deny the allegations to the extent that they are inconsistent with that document. Plaintiffs deny each and every remaining allegation in Paragraph 32.

33.     In response to Paragraph 33, Plaintiffs admit that DTSC made a draft permit available for public review on or about June 30, 2006. Plaintiffs deny the remaining allegations of Paragraph 33.

34.     In response to Paragraph 34, Plaintiffs admit the Health Risk Assessment and an Environmental Impact Report were released in June 2006. To the extent that the allegations in Paragraph 34 describe the requirements of the California Environmental Quality Act, Cal. Public Resources Code §§ 21000 *et seq.*, that statute speaks for itself and is the best evidence of its contents, and Plaintiffs deny the allegations in Paragraph 34 to the extent they are inconsistent with that statute. Plaintiffs deny the remaining allegations of Paragraph 34.

35.     In response to Paragraph 35, Plaintiffs admit that via letter in December 2009, DTSC advised a former owner or operator of the Vernon Plant about DTSC's receipt of public comments and the need for a revised permit application. As to the second sentence of Paragraph 35, Plaintiffs admit that Exide submitted a revised permit application in April 2010, which was subsequently updated on July 23, 2010. To the extent that Paragraph 35 contains allegations about the reasons for or content of DTSC's correspondence or the revised permit application, these documents speak for themselves are the best evidence of their contents, and Plaintiffs deny the allegations to the extent that they are inconsistent with those documents.

36.     In response to Paragraph 36, Plaintiffs admit the allegations in the paragraph and add that Exide submitted revised permit applications in September 2011 and January 2013 in response to two notices of deficiency issued to Exide in December 2010 and August 2012.

37.     In response to Paragraph 37, SB 712 is legislation which speaks for itself and is the best evidence of its contents, and Plaintiffs deny the allegations in Paragraph 37 to the extent they are inconsistent with SB 712. Plaintiffs admit that Exide withdrew its permit application pursuant to a 2015 Stipulation and Order

1   Amendment entered into by Exide and DTSC. Plaintiffs deny the remaining

2   allegations of Paragraph 37.

3        38.     In response to Paragraph 38, Plaintiffs admit that DTSC and DHS

4   never issued a final RCRA permit approval or final denial for the Vernon Plant

5   prior to or in 2015. Plaintiffs deny the remaining allegations in Paragraph 38.

6        39.     In response to Paragraph 39, Plaintiffs deny each and every allegation

7   in the paragraph.

8        40.     Paragraph 40 contains statements and/or conclusions of law that need

9   not be answered at this stage in the litigation. To the extent that Paragraph 40

10  contains allegations describing the requirements of California Health and Safety

11  Code section 25200.10(b), the statute speaks for itself and is the best evidence of its

12  contents, and Plaintiffs deny the allegations to the extent that they are inconsistent

13  with the statute.

14       41.     In response to the first sentence in Paragraph 41, Plaintiffs admit that

15  DTSC and DHS never issued a final RCRA permit approval or final denial for the

16  Vernon Plant prior to or in 2015. Plaintiffs deny that DTSC failed to act on the

17  permit application or that it "thwarted" a requirement in California law. In response

18  to the second sentence of the paragraph – specifically whether a corrective action

19  requirement would have been in place at the Vernon Plant if certain actions had

20  been taken by the specified date – Plaintiffs lack sufficient information or belief to

21  admit or deny such allegations and, on that basis deny such allegations.

22       42.     Paragraph 42 contains statements and/or conclusions of law that need

23  not be answered at this stage in the litigation. To the extent that Paragraph 42

24  contains allegations describing the requirements of California Health and Safety

25  Code section 25200.10(b), the statute speaks for itself and is the best evidence of its

26  contents and Plaintiffs deny the allegations in Paragraph 42 to the extent that they

27  are inconsistent with that statute.

28

43.     In response to Paragraph 43, the statement regarding the date on which Health and Safety Code section 25200.11 requires "DTSC action" is a statement and/or conclusion of law that need not be answered at this stage of the litigation. To the extent that Paragraph 43 contains allegations describing California Health and Safety Code section 25200.11(a), the statute speaks for itself and is the best evidence of its contents, and Plaintiffs deny the allegations in Paragraph 43 to the extent they are inconsistent with that statute.

44.     Paragraph 44 contains statements and/or conclusions of law that need not be answered at this stage in the litigation. To the extent that Paragraph 44 contains allegations describing California Health and Safety Code section 25200.10(b), the statute speaks for itself and is the best evidence of its contents, and Plaintiffs deny the allegations in Paragraph 44 to the extent they are inconsistent with that statute.

45.     In response to Paragraph 45, Plaintiffs lack sufficient information or belief to admit or deny the allegations in the paragraph and, lacking sufficient information and belief, deny the allegations in Paragraph 45.

46.     In response to Paragraph 46, Plaintiffs deny the allegations in the paragraph.

47.     Paragraph 47 contains statements and/or conclusions of law that need not be answered at this stage in the litigation. To the extent that the allegations in Paragraph 47 characterize California hazardous waste laws, the statutes speak for themselves and are the best evidence of their contents, and Plaintiffs deny such allegations to the extent they are inconsistent with California law.

48.     In response to Paragraph 48, Plaintiffs lack sufficient information or belief to admit or deny the allegations in the paragraph and, lacking sufficient information and belief, deny the allegations in Paragraph 48.

49.     In response to Paragraph 49, Plaintiffs admit that Exide went through bankruptcy proceedings three times during the time period stated in Paragraph 49.

To the extent that the remaining allegations in Paragraph 49 summarize the bankruptcy court's October 19, 2020 ruling, the bankruptcy court's ruling speaks for itself and is the best evidence of its contents, and Plaintiffs deny the allegations to the extent that they are inconsistent with that document. Plaintiffs lack sufficient information or belief to respond to the allegations in the last sentence of Paragraph 49, and, lacking sufficient information and belief, deny each and every remaining allegation in Paragraph 49.

50.   Paragraph 50 contains statements and/or conclusions of law that need not be answered at this stage in the litigation. To the extent that Paragraph 50 contains allegations describing California Health and Safety Code section 25200.10(b), the statute speaks for itself and is the best evidence of its contents, and Plaintiffs deny the allegations to the extent that they are inconsistent with the statute.

51.   In response to Paragraph 51, the statement regarding the date on which Health and Safety Code section 25200.11(a) requires "DTSC action" is a statement and/or conclusion of law that need not be answered at this stage of the litigation. To the extent that Paragraph 51 contains allegations describing Health and Safety Code section 25200.11, the statute speaks for itself and is the best evidence of its contents, and Plaintiffs deny the allegations to the extent they are inconsistent with the statute. With respect to the remaining allegations in Paragraph 51, Plaintiffs lack sufficient information or belief to admit or deny such allegations and, lacking sufficient information and belief, deny such allegations.

52.   Paragraph 52 contains statements and/or conclusions of law that need not be answered at this stage in the litigation.

53.   In response to Paragraph 53, the allegation with respect to DTSC's "statutory permitting obligations" is a statement and/or conclusion of law that need not be answered at this stage of the litigation. With respect to the remaining allegations in Paragraph 53, Plaintiffs lack sufficient information or belief to admit

1  or deny such allegations and, lacking sufficient information and belief, deny such

2  allegations.

3       54.    Paragraph 54 contains statements and/or conclusions of law that need

4  not be answered at this stage in the litigation. To the extent that Paragraph 54

5  contains allegations describing California Health and Safety Code section

6  25245(a)(1) and California Code of Regulations, title 22, sections 66264.101, this

7  statute and this regulation speak for themselves and are the best evidence of their

8  contents, and Plaintiffs deny the allegations to the extent that they are inconsistent

9  with that statute and that regulation.

10      55.    In response to Paragraph 55, Plaintiffs admit that DTSC promulgated

11 the regulations in the California Code of Regulations, title 22, sections 66264.104 –

12 66264.151 pursuant to California Health and Safety Code § 25245(a)(1).  To the

13 extent that the allegations in Paragraph 55 describe 22 CCR §§ 66264.140 –

14 66264.151 and California Health and Safety Code § 22245(a)(1), that regulation

15 and statute speak for themselves and are the best evidence of their contents, and

16 Plaintiffs deny the allegations to the extent it is inconsistent with the regulation and

17 statute.

18      56.    In response to Paragraph 56, Plaintiffs admit that DTSC promulgated

19 the regulation in the California Code of Regulations, title 22, sections 66264.101

20 pursuant to California Health and Safety Code § 25245(a)(1). To the extent that the

21 allegations in Paragraph 56 describe 22 CCR § 66264.101 and California Health

22 and Safety Code § 22245(a)(1), that regulation and statute speak for themselves and

23 are the best evidence of their contents, and Plaintiffs deny the allegations to the

24 extent it is inconsistent with the regulation and statute.

25      57.    In response to Paragraph 57, Plaintiffs deny each and every allegation

26 in the paragraph.

27      58.    In response to Paragraph 58, Plaintiffs deny the allegations in the

28 paragraph, but allege that DTSC was formed in 1991.

59.     Paragraph 59 contains statements and/or conclusions of law that need not be answered at this stage in the litigation. To the extent that Paragraph 59 contains allegations describing California Health and Safety Code sections 25245 (Article 12) and 25205(b), those statutes speak for themselves and are the best evidence of their contents, and Plaintiffs deny the allegations to the extent they are inconsistent with those statutes.

60.     In response to Paragraph 60, Plaintiffs deny the allegations of the paragraph and allege DTSC was formed in 1991. To the extent that Paragraph 60 contains allegations describing Article 12, the statutes comprising Article 12 speak for themselves and are the best evidence of their contents, and Plaintiffs deny the allegations to the extent they are inconsistent with those statutes.

61.     Paragraph 61 contains statements and/or conclusions of law that need not be answered at this stage in the litigation. To the extent that Paragraph 61 contains allegations describing Article 12, the statutes comprising Article 12 speak for themselves and are the best evidence of their contents, and Plaintiffs deny the allegations to the extent they are inconsistent with those statutes. With respect to the remaining allegations in Paragraph 61, Plaintiffs lack sufficient information or belief to admit or deny such allegations and, lacking sufficient information or belief, deny such allegations.

62.     Plaintiffs lack sufficient information or belief to respond to the allegations in Paragraph 62 and, lacking such information or belief, deny each and every allegation in Paragraph 62.

63.     Paragraph 63 contains statements and/or conclusions of law that need not be answered at this stage in the litigation. To the extent that the allegation in Paragraph 63 describe California Health and Safety Code sections 25200.5, 25200.14(a)-(d), and 25200.10(f)(1), those statutes speak for themselves and are the best evidence of their contents, and Plaintiffs deny the allegation to the extent it is inconsistent with those statutes.

64.     In response to Paragraph 64, Plaintiffs admit that, on or about December 18, 1981, DTSC's predecessor agency issued an "Interim Status Document" for the operation of the Vernon Plant. The remaining allegations contain statements and/or conclusions of law which do not need to be answered at this stage of the litigation. Plaintiffs deny each and every remaining allegation in Paragraph 64.

65.     In response to the first sentence in Paragraph 65, Plaintiffs admit that a Phase I site assessment was conducted for the Vernon Plant, dated June 9, 1986. Plaintiffs lack sufficient information or belief to respond to the allegations in the second and third sentences of Paragraph 65, and lacking sufficient information or belief, deny each and every such allegation. Paragraph 65 contains statements and/or conclusions of law which do not need to be answered at this stage in the litigation. To the extent that the allegations in Paragraph 65 describe the contents of California Health and Safety Code sections 25200.10(f)(1) and 25200.14(c), the statutes speak for themselves and are the best evidence of their contents, and Plaintiffs deny the allegations to the extent they are inconsistent with the statutes. Plaintiffs deny each and every remaining allegation in Paragraph 65.

66.     Paragraph 66 contains statements and/or conclusions of law that need not be answered at this stage in the litigation. To the extent the allegations in Paragraph 66 describe California Health and Safety Code sections 25200.10(f)(3) and 25200.14(a)-(d), the statutes speak for themselves and are the best evidence of their contents, and Plaintiffs deny the allegations to the extent they are inconsistent with those statutes.

67.     In response to Paragraph 67, Plaintiffs lack sufficient information or belief to respond to the allegations in Paragraph 67, and lacking such information or belief, deny each and every allegation in the paragraph.

68.     Paragraph 68 contains statements and/or conclusions of law that need not be answered at this stage in the litigation. To the extent that the allegations in

Paragraph 68 describe provisions of California law, those provisions speak for themselves and are the best evidence of their contents, and Plaintiffs deny the allegations to the extent they are inconsistent with those provisions of California law.

69.     Paragraph 69 contains statements and/or conclusions of law that need not be answered at this stage in the litigation. To the extent that Paragraph 69 contains allegations describing provisions of California law, those provisions speak for themselves and are the best evidence of their contents, and Plaintiffs deny the allegations to the extent they are inconsistent with California law.

70.     In response to Paragraph 70, Plaintiffs admit that DTSC issued an imminent and substantial endangerment determination, related to the Vernon Plant, via a document dated on or around November 12, 2015, which document speaks for itself. Plaintiffs deny the remaining allegations in Paragraph 70.

71.     In response to Paragraph 71, Plaintiffs admit that DTSC hired contractors to conduct certain cleanup activities in the communities surrounding the Vernon Plant. To the extent that Paragraph 71 contains statements and/or conclusions of law that need not be answered at this stage in the litigation, such allegations need not be answered at this stage in the litigation. Plaintiffs deny each and every remaining allegation in Paragraph 71.

72.     In response to Paragraph 72, Plaintiffs admit the allegations in the paragraph.

73.     In response to Paragraph 73, actions by the California Legislature, including appropriations, are taken via documents that speak for themselves. To the extent the allegations in this paragraph are inconsistent with the acts of the Legislature, Plaintiffs deny any such allegations.

74.     In response to Paragraph 74, Plaintiffs deny each and every allegation in the paragraph.

75.     In response to Paragraph 75, Plaintiffs deny each and every allegation in the paragraph.

76.     Plaintiffs do not know whether the first sentence refers to contracts for the cleanup of contamination from the Vernon Plant or to all of DTSC's cleanup contracts, nor do Plaintiffs know what measure GEI is using to determine what constitutes the "largest contracts" and on the foregoing bases, Plaintiffs deny the allegations in the paragraph. To the extent Paragraph 76 describes any specific contracts, the documents speak for themselves and are the best evidence of the provisions of such contracts, and Plaintiffs deny the allegations to the extent that they are inconsistent with those documents.

77.     In response to Paragraph 77, Plaintiffs deny each and every allegation in the paragraph.

78.     In response to Paragraph 78, Plaintiffs admit that DTSC hired a consultant in connection with the residential cleanup of the contamination resulting from the Vernon Plant's operations. To the extent that Paragraph 78 describes the consultant contract, the document speaks for itself and is the best evidence of its contents, and Plaintiffs deny the allegations to the extent they are inconsistent with that document. Plaintiffs deny each and every remaining allegation in Paragraph 78.

79.     In response to Paragraph 79, Plaintiffs do not know which contracts are referenced in Paragraph 79 or what "several options" to which Defendant refers. As such, Plaintiffs lack sufficient information to admit or deny the allegation in the paragraph, and lacking sufficient information or belief, deny such allegation. Plaintiffs affirmatively allege, in connection therewith, that many of DTSC's cleanup contracts contain both fixed-price and time-and-materials elements.

80.     In response to Paragraph 80, Plaintiffs lack sufficient information or belief to respond to the allegations in the paragraph and, on that basis, deny each and every allegation in the paragraph.

81.     In response to Paragraph 81, Plaintiffs deny each and every allegation in the paragraph.

82.     In response to Paragraph 82, Plaintiffs deny each and every allegation in the paragraph.

83.     In response to Paragraph 83, Plaintiffs deny each and every allegation in the paragraph.

## PLAINTIFFS' ANSWER TO COUNTERCLAIM ONE

84.     In response to Paragraph 83, Plaintiffs incorporate their responses to Paragraphs 1 through 83, inclusive, as though fully set forth herein.

85.     In response to Paragraph 85, to the extent the allegations in Paragraph 85 are based on allegations in Plaintiffs' Complaint, the Complaint speaks for itself. Paragraph 85 also contains statements and/or conclusions of law that need not be answered at this stage in the litigation.

86.     Paragraph 86 contains statements and/or conclusions of law that need not be answered at this stage in the litigation.

87.     In response to Paragraph 87, Plaintiffs admit that DTSC has been involved in residential cleanup efforts in connection with the Vernon Plant since 2015. The allegations in second and third sentences of Paragraph 87 contain statements and/or conclusions of law that need not be answered at this stage in the litigation. Plaintiffs deny each and every remaining allegation in Paragraph 87.

88.     In response to Paragraph 88, the allegations in this paragraph contain statements and/or conclusions of law that need not be answered at this stage in the litigation. Plaintiffs deny each and every remaining allegation in Paragraph 88.

89.     In response to Paragraph 89, Plaintiffs deny each and every allegation in the paragraph.

90.     In response to Paragraph 90, Plaintiffs deny each and every allegation in the paragraph.

91.     In response to the first sentence of Paragraph 91, and based on Paragraph 142 in GEI's Answer, Plaintiffs admit that GEI has denied liability, but Plaintiffs do not admit that GEI is not liable. The second sentence in this paragraph contains speculation about future events that do not require a response.

92.     In response to Paragraph 92, Plaintiffs deny each and every allegation in the paragraph.

### PLAINTIFFS' ANSWER TO COUNTERCLAIM TWO

93.     In response to Paragraph 93, Plaintiffs incorporate their responses to Paragraphs 1 through 92, inclusive, as though fully set forth herein.

94.     In response to Paragraph 94, the allegations in the paragraph contain statements and/or conclusions of law that need not be answered at this stage in the litigation.

95.     In response to Paragraph 95, Plaintiffs admit that GEI is seeking a declaratory judgment against DTSC under 42 U.S.C. § 9613(g)(2), but Plaintiffs deny that GEI is entitled to such relief. Plaintiffs deny each and every remaining allegation in Paragraph 95.

### PLAINTIFFS' ANSWER TO COUNTERCLAIM THREE

96.     In response to Paragraph 95, Plaintiffs incorporate their responses to Paragraphs 1 through 95, inclusive, as though fully set forth herein.

97.     In response to Paragraph 97, Plaintiffs deny each and every allegation in the paragraph.

98.     In response to Paragraph 98, Plaintiffs deny the allegations in the paragraph.

99.     In response to the first sentence of Paragraph 99, and based on Paragraph 142 in GEI's Answer, Plaintiffs admit that GEI has denied liability, but Plaintiffs do not admit that GEI is not liable. The second sentence in this paragraph contains speculation about future events that do not require a response.

100.   In response to Paragraph 100, Plaintiffs deny each and every allegation in the paragraph.

## PLAINTIFFS' ANSWER TO COUNTERCLAIM FOUR

Plaintiffs need provide no responses to Paragraphs 92 through 98, inclusive, and do not include associated or related Affirmative Defenses, on the grounds Counterclaim Four has been dismissed by the Court. To the extent a response is required, Plaintiffs deny each and every allegation in Paragraphs 92 through 98.

## PLAINTIFFS' ANSWER TO COUNTERCLAIM FIVE

Plaintiffs need provide no responses to Paragraphs 108 through 114, inclusive, and do not include associated or related Affirmative Defenses, on the grounds Counterclaim Five has been dismissed by the Court. To the extent a response is required, Plaintiffs deny each and every allegation in Paragraphs 108 through 114.

## PLAINTIFFS' ANSWER TO DEFENDANT'S PRAYER FOR RELIEF

Plaintiffs deny that GEI is entitled to any relief by reason of its counterclaims.


## AFFIRMATIVE DEFENSES

### First Affirmative Defense

(Failure to State a Claim)

Each of GEI's counterclaims fails to state a claim against Plaintiffs upon which relief can be granted.

### Second Affirmative Defense

(Eleventh Amendment)

To the extent any counterclaims seek relief beyond defensive recoupment (*i.e.*, beyond the scope of liability imposed by 42 U.S.C. § 9607), they are barred by the Eleventh Amendment.

19

### **Third Affirmative Defense**

#### (CERCLA §§ 107(a), 113(g))

Counterclaims One and Two are barred in that DTSC's activities at the Vernon Plant and in the surrounding properties were within the scope of governmental agencies exercising regulatory functions, and such activities do not give rise to liability under CERCLA section 107(a) or CERCLA § 113(g).

### **Fourth Affirmative Defense**

#### (CERCLA § 107(b)(3))

Counterclaims One and Two are barred in that any release or threat of release of a hazardous substance at or from the Vernon Plant into the environment, and the damages resulting therefrom, were caused solely by the act or omission of an unrelated third party, as set forth in section 107(b)(3) of CERCLA.

### **Fifth Affirmative Defense**

#### (CERCLA § 107(d)(1))

Counterclaims One and Two are barred by section 107(d)(1) of CERCLA, 42 U.S.C. § 9607(d)(1).

### **Sixth Affirmative Defense**

#### (CERCLA § 107(d)(2))

Counterclaims One and Two are barred by section 107(d)(2) of CERCLA, 42 U.S.C. § 9607(d)(2).

### **Seventh Affirmative Defense**

#### (Cal. Health and Safety Code sections 25323.5(a))

Counterclaim Three is barred in that DTSC's activities at the Vernon Plant and in the surrounding properties were within the scope of governmental agencies exercising regulatory functions, and such activities do not make DTSC a "responsible party" or "liable person," as those terms are defined in section 25323.5(a) of the California Health and Safety Code.

**Eighth Affirmative Defense**

(Cal. Health and Safety Code sections 25323.5(b))

Counterclaim Three is barred in that any release or threat of release of a hazardous substance at or from the Vernon Plant into the environment, and the damages resulting therefrom, were caused solely by the act or omission of an unrelated third party, as set forth in section 25323.5(b) of the California Health and Safety Code.

**Ninth Affirmative Defense**

(Cal. Health and Safety Code section 25400)

Counterclaim Three is barred on the grounds specified in California Health and Safety Code section 25400.

**Tenth Affirmative Defense**

(42 U.S.C. § 9607(o) (De micromis exception)

Counterclaims One, Two, and Three are barred on the grounds specified in Section 107(o) of CERCLA, 42 U.S.C. § 9607(o).

**Eleventh Affirmative Defense**

(Apportionment)

The harm and damages alleged by GEI in its counterclaims were directly and proximately caused or contributed to by the intentional, negligent, and/or other acts or omissions of GEI and the other Defendants. Therefore, any recovery by GEI on its claims against Plaintiffs must be reduced in an amount equivalent to the harm and damages caused by GEI and the other Defendants on the grounds of equitable apportionment.

**Twelfth Affirmative Defense**

(Reservation of Defenses)

Plaintiffs allege that the counterclaims are stated in conclusionary terms, and therefore Plaintiffs cannot fully anticipate all affirmative defenses that may be applicable to this action. Accordingly, Plaintiffs hereby reserve their right to add

additional affirmative defenses, if and to the extent such affirmative defenses are applicable to this action.

## PRAYER

WHEREFORE, Plaintiffs pray as follows:

1.       That GEI's Counterclaims One, Two, Three, Four, and Five be dismissed;

2.       That GEI take nothing by virtue of its Counterclaims;

3.       That Plaintiffs recover their costs of suit, and

4.       That Plaintiffs be granted such further relief as the Court deems just and proper.

Dated:  October 8, 2021

Respectfully submitted,

ROB BONTA
Attorney General of California
SARAH E. MORRISON
TIMOTHY E. SULLIVAN
Supervising Deputy Attorneys General


_____/s/ David Zaft_____
DAVID ZAFT
DONALD A. ROBINSON
Deputy Attorneys General

*Attorneys for Plaintiffs*
*California Department of Toxic*
*Substances Control and the Toxic*
*Substances Control Account*