Rob Bonta
Attorney General of California
Sarah E. Morrison, SBN 143459
Timothy E. Sullivan, SBN 197054
Supervising Deputy Attorneys General
David Zaft, SBN 237365
Donald A. Robinson, SBN 72402
Aarti S. Kewalramani, SBN 247068
Jon Tangonan, SBN 216705
Elizabeth B. Rumsey, SBN 257908
Scott J. Lichtig, SBN 243520
Deputy Attorneys General
300 South Spring Street, Suite 1702
Los Angeles, CA 90013
Phone: (213) 259-6372
Fax: (213) 897-2802
E-mail: David.Zaft@doj.ca.gov

*Attorneys for Plaintiffs*
*California Department of Toxic Substances Control*
*and Toxic Substances Control Account*

## IN THE UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

#### WESTERN DIVISION

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the TOXIC SUBSTANCES CONTROL ACCOUNT,<br><br>Plaintiffs,<br><br>v.<br><br>NL INDUSTRIES, INC., et al.,<br><br>Defendants. | 2:20-cv-11293-SVW-JPR<br><br>**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIMS BY DEFENDANT TROJAN BATTERY COMPANY, LLC AND NL INDUSTRIES, INC.**<br><br>Date: December 20, 2021<br>Time: 1:30 p.m.<br>Courtroom: 10A<br>Judge: Hon. Stephen V. Wilson<br>Trial Date: 4/19/2022<br>Action Filed: 12/14/2020 |

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................ 1

ARGUMENT ................................................................................ 2

    I.    Counterclaims Four and Five Fail to State Adequate Claims for Relief. ................................................................................ 2

        A.    NL inappropriately raises new allegations not in its counterclaims that should be disregarded. ....................... 2

        B.    Leave to amend should be denied because NL cannot adequately state negligence and gross negligence claims. ......... 3

            1.    NL's purported statutory bases fail to state any claim. ................................................................... 3

            2.    Any amendment would be futile. ..................................... 4

        C.    Recoupment counterclaims are inconsistent with CERCLA. ............................................................................ 6

        D.    Law of the case compels dismissal. ....................................... 7

        E.    Trojan's failure to oppose this motion warrants dismissal of its Counterclaims Four and Five. ............................... 8

    II.    NL's Opposition Fails to Address any of DTSC'S Arguments Regarding the Insufficiency of NL's Counterclaims for Equitable Indemnity. ........................................................... 9

        A.    NL's equitable indemnity counterclaim fails to state a claim, because it has not sufficiently pled an underlying claim for nuisance against DTSC. ................................. 10

            1.    NL's reliance on nuisance to support the equitable indemnity claim fails because it is inadequately plead. ................................................................. 10

            2.    NL's nuisance claim fails because DTSC cannot create a public nuisance when acting pursuant to statute. ................................................................ 10

        B.    NL's nuisance claim fails because DTSC is entitled to immunity. ....................................................................... 11

        C.    NL's counterclaim for equitable indemnity fails because it cannot rely on "other law subjecting NL to liability." ............ 11

    III.    NL Concedes Counterclaim Seven Should Be Dismissed. ............... 12

CONCLUSION............................................................................. 12

i

PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIMS BY DEFENDANTS TROJAN BATTERY COMPANY, LLC AND NL INDUSTRIES, INC. (2:20-cv-11293-SVW-JPR)

1

## TABLE OF AUTHORITIES

2

**Page(s)**

3

CASES

4

5
*Adobe Lumber, Inc. v. Hellman,*
    No. CIV 05-1510 WBS PAN, 2008 WL 4539136 (E.D. Cal. Oct. 8,
6    2008) ................................................................................................................ 3

7
*Boulton v. American Transfer Services, Inc.,*
8    No. 14cv00175–GPC–RBB, 2014 WL 3849915 (S.D. Cal. Aug. 5,
    2014) ................................................................................................................ 5
9

10
*Campbell v. State of Washington Dep't of Soc. & Health Services,*
    671 F.3d 837 (9th Cir. 2011) .......................................................................... 4
11

12
*Cannon v. U.S. Bank NA,*
    No. CIV. 11-00079, 2011 WL 2117015 (D. Haw. May 24, 2011) ................ 10
13

14
*Cardenas v. County of Tehama,*
    476 F. Supp. 3d 1055 (E.D. Cal. 2020) .......................................................... 3

15
*Children's Hospital v. Sedgwick,*
16    45 Cal. App. 4th 1780 (1996) .......................................................................... 9

17
*City of Rialto v. U.S. Dept. of Defense, et al.,*
18    No. 5:04-CV-00079-PGS-SS, 2005 WL 5519062 (C.D. Cal. Aug.
    16, 2005) .......................................................................................................... 3
19

20
*Coppola v. Smith,*
    935 F. Supp. 2d 993 (E.D. Cal. 2013) ............................................................ 12
21

22
*Eastburn v. Regional Fire Protection Authority,*
    31 Cal. 4th 1175 (2003) .................................................................................. 10
23

24
*Ghazali v. Moran,*
    46 F.3d 52 (9th Cir. 1995) ........................................................................... 8, 9

25
*Hernandez v. City of San Jose,*
26    241 F. Supp. 3d 959 (N.D. Cal. 2017) ............................................................ 3

27
*Hinds Investments LP v. Shangle,*
28    No. 3:07-cv-00848, 2011 WL 13177272 (S.D. Cal. Aug. 11, 2011) .............. 5

**TABLE OF AUTHORITIES**
(continued)

Page

*Hobart Corp. v. Waste Management of Ohio, Inc.*,
   923 F. Supp. 2d 1086 (S.D. Ohio 2013).................................................................5

*Humetrix, Inc. v. Gemplus S.CA.*,
   268 F.3d 910 (9th Cir. 2001)...............................................................................7

*Masters v. San Bernardino County Employees Retirement Assn.*,
   32 Cal. App. 4th 30 (1995)................................................................................11

*Mountjoy v. Bank of Am. Home Loans*,
   No. 2:15-cv-02204, 2016 WL 4192416 (E.D. Cal. Aug. 9, 2016).......................2

*Ogbechie v. Covarrubias*,
   No. 18-CV-00121-EJD, 2020 WL 3103789 (N.D. Cal. Jun. 11,
   2020).........................................................................................................4

*Organon Inc. v. Mylan Pharmaceuticals, Inc.*,
   293 F. Supp. 2d 453 (D. N.J. 2003)....................................................................2

*Patel v. City of Los Angeles*,
   791 Fed. Appx. 688 (9th Cir. 2020) ....................................................................9

*Pittman v. Cedars-Sinai Medical Center*,
   696 Fed. Appx. 295 (9th Cir. 2017) ....................................................................9

*Prince v. Pacific Gas & Electric Co.*
   45 Cal. 4th 1151 (2009)......................................................................................9

*Read v. Corning Incorporated*,
   371 F. Supp. 3d 87 (W.D. N.Y. 2019) ................................................................4

*Ruiz v. Laguna*,
   No. 05CV1871WQH, 2007 WL 1120350 (S.D. Cal. Mar. 28, 2007) ................2

*Securities Investor Protection Corporation v. Vigman*,
   74 F.3d 932 (9th Cir. 1996).................................................................................7

*Slezak v. Subaru Corporation*,
   No. 19-cv-00082-DKW-KJM, 2020 WL 1180412 (D. Haw. Mar.
   11, 2020).................................................................................................5

iii

1
2

# TABLE OF AUTHORITIES
## (continued)

**Page**

3
4
*Steckman v. Hart Brewing, Inc.*,
    143 F.3d 1293 ................................................................................ 4

5
6
*United States v. Atlas Minerals and Chemicals, Inc.*,
    797 F. Supp. 411 (E.D. Pa. 1992) ................................................ 6

7
8
*United States v. Iron Mountain Mines, Inc.*,
    881 F. Supp. 1432 (E.D. Cal. 1995) .......................................... 6

9
*United States v. Iron Mountain Mines, Inc.*,
    952 F. Supp. 673 (E.D. Cal. 1996) ............................................ 7

10
11
*United States v. Lummi Indian Tribe*,
    235 F.3d 443 (9th Cir. 2000) ...................................................... 7

12
13
*United States v. Montrose Chemical Corporation of California*,
    788 F. Supp. 1485 (C.D. Cal. 1992) .......................................... 6

14
15
*United States v. Rohm & Haas Co.*,
    939 F. Supp. 1157 (D. N.J. 1996) .............................................. 6

16
17
*United States v. Western Processing Co., Inc.*,
    761 F. Supp. 725 (W.D. Wash. 1991) ........................................ 7

18
19
*Wells Fargo Bank, N.A. v. Renz*,
    795 F. Supp. 2d 898 (N.D. Cal. 2011) ...................................... 6

20
**STATUTES**

21
22
California Civil Code
    § 1714 ..........................................................................2, 3, 5, 10
    § 3482 ................................................................................10, 11

23
24
California Government Code
    § 818.4 .......................................................................................11

25
California Hazarous Substances Account Act........................................ 10

26
California Hazardous Waste Control Law ............................................. 10

27
28

iv

1

**TABLE OF AUTHORITIES**
(continued)

2

**Page**

3    California Health and Safety Code

4        § 25200.10(b)................................................................................8
    § 25200.11(a)................................................................................8

5        § 25205(b).....................................................................................8

6        § 25363(d)....................................................................................6
    § 58009 .......................................................................................10

7        § 58010 .......................................................................................10

8    Comprehensive Environmental Response, Compensation, and Liability

9        Act

10       § 113(f) .........................................................................................6

11   **COURT RULES**

12   Federal Rules of Civil Procedure

13       Rule 56..........................................................................................8

14   United States District Court for the Central District of California,
    Local Civil Rules

15       L.R. 7-9 .........................................................................................8

16       L.R. 7-12 .......................................................................................8

17

18

19

20

21

22

23

24

25

26

27

28

v

1    Plaintiffs California Department of Toxic Substances Control ("DTSC") and
2    the Toxic Substances Control Account (collectively, "Plaintiffs") respectfully
3    submit this reply memorandum in support of their Motion to Dismiss ("Motion")
4    the Counterclaims filed by Defendants NL Industries, Inc. ("NL") (ECF No. 116)
5    and Trojan Battery Company, LLC ("Trojan") (ECF No. 118). NL opposed
6    Plaintiffs' Motion (ECF No. 233) and Trojan did not. NL's arguments are without
7    merit and, therefore, Plaintiffs respectfully request the Court dismiss Trojan's
8    Counterclaims Four and Five, and NL's Counterclaims Four, Five, Six and Seven.

9                                **INTRODUCTION**

10    NL's opposition fails for several reasons. First, in a misguided attempt to
11   avoid dismissal of its negligence and gross negligence counterclaims (which this
12   Court already dismissed as to the other defendants) and its equitable indemnity
13   counterclaim (unique to NL), NL improperly inserts new allegations nowhere plead
14   in its counterclaims. Second, NL fails to identify any statute specifically designed
15   to protect against NL's injuries, which is required for the negligence counterclaim.
16   Third, NL fails to identify any statute creating a mandatory duty on DTSC, which is
17   required for the gross negligence counterclaim. Fourth, NL fails to address the legal
18   insufficiency of its equitable indemnity counterclaim. Finally, NL concedes
19   dismissal of the negligence per se counterclaim.

20    Trojan did not oppose Plaintiffs' Motion to dismiss the negligence and gross
21   negligence counterclaims, which the Court already dismissed as to the other
22   defendants. Failure to file an opposition may be deemed consent to granting the
23   motion.

24    Consequently, and as set forth in detail below, NL's Counterclaims Four
25   through Seven, and Trojan's Counterclaims Four and Five should be dismissed.

26
27
28

## ARGUMENT

**I.  COUNTERCLAIMS FOUR AND FIVE FAIL TO STATE ADEQUATE CLAIMS FOR RELIEF.**

**A.   NL inappropriately raises new allegations not in its counterclaims that should be disregarded.**

Parties may not add allegations in opposition to a motion to dismiss. *See Ruiz v. Laguna*, No. 05CV1871WQH, 2007 WL 1120350, at * 26 (S.D. Cal. Mar. 28, 2007) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." [citation omitted]). A court reviewing a motion to dismiss may consider only the allegations in the counterclaim (*see Organon Inc. v. Mylan Pharmaceuticals, Inc.*, 293 F. Supp. 2d 453, 457 (D. N.J. 2003)) and, therefore, should disregard new allegations and limit its review to existing allegations in the counterclaims. *See, e.g.*, *Mountjoy v. Bank of Am. Home Loans*, No. 2:15-cv-02204, 2016 WL 4192416, at *4 (E.D. Cal. Aug. 9, 2016) (finding a motion to dismiss "precludes consideration of 'new' allegations that may be raised in . . . opposition to a motion to dismiss").

NL alleges in its opposition that DTSC violated Civil Code section 1714 and the "state-created danger" doctrine (*see* ECF No. 233 at 10–11), but NL did not raise these allegations in its counterclaims. *See* ECF No. 116, Counterclaims, ¶¶ 6–74, 92–105. Rather, NL's Counterclaims Four and Five contain identical allegations to other Defendants' counterclaims that the Court previously dismissed. *Compare* ECF No. 116, Counterclaims, ¶¶ 92–105 *with* ECF No. 50 (Clarios' Answer and Counterclaims), Counterclaims, ¶¶ 92–105; *see also* ECF Nos. 87, 177. There are no allegations in NL's counterclaims that DTSC violated Civil Code section 1714 or purportedly created a danger to the public. *See* ECF No. 116, Counterclaims, ¶¶ 6–74, 92–105. Plaintiffs respectfully request the Court ignore NL's sleight of hand and disregard these new allegations.[1]

---

[1] Plaintiffs located only two specific citations to NL's Counterclaims in the entirety of its Opposition. *See* ECF 233 at 9:3, 13:16.

**B.**   **Leave to amend should be denied because NL cannot adequately state negligence and gross negligence claims.**

**1.**   **NL's purported statutory bases fail to state any claim.**

Even if NL's purported statutory bases were alleged in Counterclaims Four and Five, they do not support claims against DTSC. A claim under Civil Code section 1714 requires "a specific statute declaring [the public entity] to be liable, or at least creating some specific duty of care[.]" *Adobe Lumber, Inc. v. Hellman*, No. CIV 05-1510 WBS PAN, 2008 WL 4539136, at * 8 (E.D. Cal. Oct. 8, 2008) ("the general statutory tort for negligence [California Civil Code section 1714] was insufficient in itself to negate a city's immunity under [Government Code] section 815"); *see also City of Rialto v. U.S. Dept. of Defense, et al.*, No. 5:04-CV-00079-PGS-SS, 2005 WL 5519062, at *8 (C.D. Cal. Aug. 16, 2005) (finding a general negligence claim under Civil Code section 1714 may not be brought against a public entity). The Court previously determined that the other defendants had pled no statute that declares DTSC liable or creates a specific duty of care for DTSC. *See* ECF No. 177 at 8–13. NL's pleading is identical to the other defendants. *See e.g.* ECF No. 116, Counterclaims, ¶¶ 6-74, 92–105 *with* ECF No. 50, Counterclaims, ¶¶ 6-74, 92–105. Absent pleading of such allegations, any claim under Civil Code section 1714 fails.

A claim under the state-created danger doctrine requires a showing that the "state action *affirmatively* place[d] the [party] in a position of danger" with "deliberate indifference . . . to a known or obvious danger created by the state action." *Cardenas v. County of Tehama*, 476 F. Supp. 3d 1055, 1064 (E.D. Cal. 2020) (emphasis added). NL has not alleged any such facts here.

First, the "state-created danger" doctrine allows "members of the public . . . to sue state actors who fail to protect them from harm inflicted by third parties." *Hernandez v. City of San Jose*, 241 F. Supp. 3d 959, 968 (N.D. Cal. 2017) (citation omitted). NL's reliance on this doctrine is misplaced. NL does not contend DTSC

3

failed to protect *NL* from harm by a third party; instead, NL claims DTSC failed to protect *the public* from the harm created by the Vernon Plant's operation. *See* ECF No. 233 at 10–11. Because NL is not a member of the class this doctrine protects— but is a party that created/contributed to the harm—the doctrine is unavailable to it.

Second, "deliberate indifference" is a "stringent standard of fault" that is "even higher than gross negligence" and "requires a culpable mental state[.]" *Campbell v. State of Washington Dep't of Soc. & Health Services*, 671 F.3d 837, 846 (9th Cir. 2011). NL has not alleged such facts. ECF No. 116, Counterclaims, ¶¶ 10–46 (DTSC's alleged failure to permit the Vernon Plant); ¶¶ 47–60 (DTSC's alleged failure to secure financial assurance for the Vernon Plant); ¶¶ 61–72 (DTSC's alleged cleanup mismanagement, including hiring contractors on time- and-materials contracts, exceeding cost estimates, and having no timeline); ECF No. 233 at 10–11 (DTSC allegedly failed to close the Vernon Plant and allowed it to operate in "interim status"). As the Court previously found, the facts alleged in the counterclaims regarding DTSC's alleged acts or omissions do not rise to a level of gross negligence, let alone deliberate indifference. ECF No. 177 at 12–13; *see also Ogbechie v. Covarrubias*, No. 18-CV-00121-EJD, 2020 WL 3103789, at *5 (N.D. Cal. Jun. 11, 2020) ("mere failure . . . to act in response to a known danger does not suffice").

## 2.   Any amendment would be futile.

In the opposition, NL requests leave to amend its counterclaims if the Court grants Plaintiffs' motion to dismiss. *See* ECF No. 233 at 15. In deciding a motion to dismiss, a court need not grant leave to amend if the amendment would be futile. *See Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (affirming dismissal where "amended complaint would be an exercise in futility" because new factual allegations fail to support a claim). A proposed amendment is futile if it fails to state a claim for relief on its face. *See Read v. Corning Incorporated*, 371 F. Supp. 3d 87, 91 (W.D. N.Y. 2019) (denying leave where proposed amendment adds "few

1    conclusory allegations") (citations omitted).

2          Any amendment to NL's counterclaims would be futile because NL cannot

3    state a claim for negligence and gross negligence. The factual allegations in NL's

4    opposition (*see* ECF No. 233 at 8, 9) are insufficient to state negligence and gross

5    negligence, NL must allege that "[DTSC] violated a statute, ordinance or

6    regulation; the violation proximately caused . . . injury to [NL]; such . . . injury was

7    the kind that the statute, ordinance or regulation was designed to prevent; and [NL]

8    belonged to the class of persons for whose protection the statute, ordinance or

9    regulation was adopted." *Hinds Investments LP v. Shangle*, No. 3:07-cv-00848,

10   2011 WL 13177272, at *13 (S.D. Cal. Aug. 11, 2011). The Court already

11   determined that for the three statutes pled in the counterclaims the injury alleged

12   was not the kind the statutes were designed to prevent and that there was no

13   evidence that DTSC owed a specific duty of care under the fourth statute pled. *See*

14   ECF No. 177 at 8–13. As such, no amendment can cure Counterclaims Four and

15   Five. *See, e.g.*, *Hobart Corp. v. Waste Management of Ohio, Inc.*, 923 F. Supp. 2d

16   1086, 1098 (S.D. Ohio 2013) (finding inherent defects in the claim render

17   amendment futile).

18         Moreover, NL does not identify the additional facts or allegations it would

19   plead if leave to amend were granted. *See* ECF No. 233 at 15; *Boulton v. American*

20   *Transfer Services, Inc.*, No. 14cv00175–GPC–RBB, 2014 WL 3849915, at *2 (S.D.

21   Cal. Aug. 5, 2014) (noting the Ninth Circuit has held district courts may deny leave

22   to amend based on failure to attach proposed amended complaint); *Slezak v. Subaru*

23   *Corporation*, No. 19-cv-00082-DKW-KJM, 2020 WL 1180412, at *2 (D. Haw.

24   Mar. 11, 2020) (denying leave where plaintiff failed to attach the proposed

25   amendment). As demonstrated above, even if NL amended its negligence

26   counterclaim to allege a claim based on Civil Code section 1714 or the "state-

27   created danger" doctrine that it relies on in its opposition, such claim still fails.

28         For these reasons, Plaintiffs respectfully request the Court deny NL leave to

amend.

### C.   Recoupment counterclaims are inconsistent with CERCLA.

NL continues to argue for recoupment in Counterclaims Four and Five (*see* ECF No. 233 at 9–12), despite the Court's prior ruling recognizing that recoupment is generally inconsistent with the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") and determining the other defendants' counterclaims failed to state a claim. *See* ECF No. 177 at 7–8 nn.3–4; *see also United States v. Rohm & Haas Co.*, 939 F. Supp. 1157, 1162–63 (D. N.J. 1996) ("allowing recoupment claims in effect allows remnants of the common law to infect what Congress meant to establish with CERCLA" because it provides "clear statutory relief"); *United States v. Iron Mountain Mines, Inc.*, 881 F. Supp. 1432, 1453 (E.D. Cal. 1995) ("*Iron Mountain Mines II*") (casting doubt on cases like *United States v. Montrose Chemical Corporation of California*, 788 F. Supp. 1485 (C.D. Cal. 1992) because allowing recoupment counterclaims in CERCLA cost recovery cases result in "rather extraordinary exposure" for the government).[2]

Importantly, CERCLA restricts the manner by which a party may challenge the government's response costs. ECF No. 177 at 9 n.5. Specifically, CERCLA limits challenges to government cost recovery actions to enumerated statutory defenses, CERCLA section 113(f) contribution actions[3], inconsistency with the National Contingency Plan ("NCP"), and divisibility. *See, e.g., United States v. Atlas Minerals and Chemicals, Inc.*, 797 F. Supp. 411, 418 (E.D. Pa. 1992) (noting Congress intended NCP inconsistency to be the sole method to challenge cleanup

---

[2] By contrast, CERCLA cases that allow recoupment claims to proceed generally involve circumstances not present here where the government either damaged property, took defendants' property, or assumed contractual responsibility. *See, e.g., Montrose*, 788 F. Supp. at 1490–92, 1494 (denying dismissal of the recoupment counterclaim based on allegations the government damaged the property).

[3] HSAA, the state counterpart to CERCLA (see *Wells Fargo Bank, N.A. v. Renz*, 795 F. Supp. 2d 898, 910 (N.D. Cal. 2011)), contains a contribution provision (Health and Safety Code Section 25363(d)); so the rationale for limiting claims under CERCLA applies equally to HSAA.

activities); *Iron Mountain Mines II*, 881 F. Supp. at 1444, 1447 (noting CERCLA limits claims to adjust liability to those for contribution under Section 113).

Further, Plaintiffs' assertion of CERCLA claims generally does not result in a waiver of the government's immunity, despite NL's contention (*see* ECF No. 233 at 11, 12). *See United States v. Iron Mountain Mines, Inc*., 952 F. Supp. 673, 677–78 (E.D. Cal. 1996) ("it appears unwise, unnecessary, and inconsistent with [CERCLA] to treat an action by the [government] as a waiver in recoupment as to any federal or state law claim that otherwise would have been barred by sovereign immunity"); *United States v. Western Processing Co., Inc.*, 761 F. Supp. 725, 729–30 (W.D. Wash. 1991) (approving of cases holding the government cannot be liable for negligent enforcement of environmental laws because "Section 107 cannot be considered a waiver of sovereign immunity for the purpose of charging the [government] with negligence . . . under CERCLA").

### D. Law of the case compels dismissal.

NL (and Trojan) should be barred from re-litigating issues that have been litigated and lost. *See Securities Investor Protection Corporation v. Vigman*, 74 F.3d 932, 937 (9th Cir. 1996) ("[a] court is generally precluded from reconsidering an issue previously decided by the same court . . ."). The "law of the case" doctrine is discretionary and may apply if the issue was explicitly decided or decided by necessary implication in the previous disposition. *See Humetrix, Inc. v. Gemplus S.CA.*, 268 F.3d 910, 917 (9th Cir. 2001) (applying "law of the case" because the panel "had everything it needed to [make a] determin[ation] on the merits"). Where the Court has already ruled on the issue, it should not be reconsidered absent a showing "(1) the first decision was clearly erroneous; (2) an intervening change in the law occurred; (3) the evidence on remand was substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result[.]" *See United States v. Lummi Indian Tribe*, 235 F.3d 443, 452–53 (9th Cir. 2000).

Here, the Court already dismissed other defendants' Counterclaims Four and

Five for negligence and gross negligence, respectively, based on identical
allegations. The Court found that a potential increase in monetary liability under
CERCLA and HSAA were not the type of injuries the Legislature intended Health
and Safety Code sections 25200.11(a), 25200.10(b), and 25205(b) to protect
against. ECF No. 177 at 8–9. The Court also found that DTSC owed no specific
duty of care to the Defendants (ECF No. 177 at 9–12); and, even if DTSC arguably
owed a duty, no alleged act or omission by DTSC rose to a level of gross
negligence (ECF No. 177 at 12–13).

Further, the reconsideration factors do not apply. First, the decision was not
clearly erroneous. Second, no intervening change in law has occurred. Third, the
evidence is not substantially different than what was before the Court previously.
Fourth, no other changed circumstances exist. Fifth, no manifest injustice would
result. The Court's prior ruling on identical Counterclaims Four and Five should
apply here.

### E.  Trojan's failure to oppose this motion warrants dismissal of its Counterclaims Four and Five.

As noted above, Trojan failed to file an opposition to Plaintiffs' Motion. The
"failure to file any required document, or the failure to file it within the deadline,
may be deemed consent to the granting or denial of the motion, with the exception
[of] a motion pursuant to Fed. R. Civ. P. 56 . . ." C.D. Cal. L. R. 7-12; *see also* C.D.
Cal. L. R. 7-9 (requiring filing of oppositions). Before dismissal, the district court
must weigh several factors: "(1) the public's interest in expeditious resolution of
litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the
defendants; (4) the public policy favoring disposition of cases of their merits; and
(5) the availability of less drastic sanctions." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th
Cir. 1995).

Here, those factors "favor dismissal" because Trojan, represented by counsel,

provided no explanation for its failure to oppose the motion, the Court previously reviewed and dismissed identical counterclaims, and the public's interest is "clearly served when parties file oppositions[.]" *See Patel v. City of Los Angeles*, 791 Fed. Appx. 688, 689 (9th Cir. 2020) (noting any prejudice flows from the opposing party's decision to ignore the local rules); *see also Ghazali*, 46 F.3d at 53–54; *Pittman v. Cedars-Sinai Medical Center*, 696 Fed. Appx. 295 (9th Cir. 2017) (citing the local rules and finding dismissal was not an abuse of discretion where party failed to oppose the motion to dismiss). Therefore, dismissal of Trojan's Counterclaims Four and Five is proper.

## II.   NL'S OPPOSITION FAILS TO ADDRESS ANY OF DTSC'S ARGUMENTS REGARDING THE INSUFFICIENCY OF NL'S COUNTERCLAIMS FOR EQUITABLE INDEMNITY.[4]

NL's opposition fails to address the legal insufficiencies of NL's Counterclaim Six for equitable indemnity raised in Plaintiffs' Motion. As noted in the Motion, absent a viable underlying claim for liability, a claim for equitable indemnity is properly dismissed. *Prince v. Pacific Gas & Electric Co.* 45 Cal. 4th 1151, 1159 (2009); *see also Children's Hospital v. Sedgwick*, 45 Cal. App. 4th 1780, 1787 (1996). Counterclaim Six fails to state an underlying claim for liability for the reasons detailed below and in the Motion. *See* ECF No. 211, Mot. to Dismiss, Sec. II. First, the counterclaim fails to state facts sufficient to support a claim against DTSC for nuisance. Absent a viable claim against DTSC for nuisance, NL cannot state a counterclaim for equitable indemnity based thereon. *Id.* at Sec. II. A-C. Second, neither CERCLA nor the HSAA provide a basis for NL's separate counterclaim for common law equitable indemnity. *Id.* at Sec. II.D. To the extent these statutes provide statutory authority, they only provide authority for NL's Counterclaims One and Three. Third, alleged liability based on "any other law" is

---

[4] As discussed above in Section I.A. for Counterclaims Four and Five, NL has asserted allegations in its Opposition to support Counterclaim Six that are not found in its Counterclaims. For the same reasons stated above, the new allegations to support Counterclaim Six should also be disregarded by the Court.

9

insufficient. NL's Counterclaim Six must identify the statute authorizing liability against DTSC. *Id.* at Sec. II.E. NL fails to address any of these arguments.

### A.   NL's equitable indemnity counterclaim fails to state a claim, because it has not sufficiently pled an underlying claim for nuisance against DTSC[5].

#### 1.   NL's reliance on nuisance to support the equitable indemnity claim fails because it is inadequately plead.

While Counterclaim Six references nuisance as an alleged basis of liability, NL's opposition does not respond to Plaintiffs' argument that a nuisance claim is not adequately pled. *See* ECF No. 211, Mot. to Dismiss, Sec. C. Instead, in its opposition, NL appears to posit liability against DTSC on the general duty of care codified in California Civil Code § 1714[6]. (ECF No. 233 at 7:9-14 and 14:20-21). This argument fails because California Civil Code § 1714 "is an insufficient statutory basis for imposing direct liability public agencies." *Eastburn v. Regional Fire Protection Authority,* 31 Cal. 4th 1175, 1180 (2003).

#### 2.   NL's nuisance claim fails because DTSC cannot create a public nuisance when acting pursuant to statute.

Abatement operations conducted by DTSC pursuant to statutory authority cannot legally create a public nuisance. *See* ECF 211, Mot. to Dismiss, Sec. II.C.1. NL's opposition fails to address Plaintiffs' argument regarding the exception to a nuisance claim under California Civil Code § 3482. Here, DTSC was acting pursuant to law when performing abatement operations pursuant to California

---

[5] The opposition does not argue that either CERCLA or the HSAA provides a statutory basis for a common law equitable indemnity claim. To the extent those statutes provide authority for claims against DTSC, those claims are already asserted in Counterclaims One and Three, and thus Counterclaim Six may be properly dismissed. *See Cannon v. U.S. Bank NA,* No. CIV. 11-00079 HG-BMK, 2011 WL 2117015 at *4 (D. Haw. May 24, 2011) (A request seeking the same relief sought in the other viable causes of action may be properly dismissed).

[6] As discussed above in Section I.A. for Counterclaims Four and Five, NL has asserted allegations in its Opposition to support Counterclaim Six that are not found in its Counterclaims. For the same reasons stated above, the new allegations to support Counterclaim Six should also be disregarded by the Court.

Health and Safety Code §§ 58009 and 58010. *See* ECF No. 1, Complaint, at 35: ¶¶ 165, 166. DTSC was also acting pursuant to the HSAA and the Hazardous Waste Control Law. *See e.g. Id.* at ¶¶ 13, 65–66, 81, 91. Accordingly, pursuant to California Civil Code § 3482, DTSC's abatement activities cannot be deemed a nuisance because they were done under the express authority of statute.

**B.    NL's nuisance claim fails because DTSC is entitled to immunity.**

DTSC is entitled to statutory immunity from any injuries allegedly resulting from its permitting activities at the Vernon Plant. *See* ECF No. 211, Mot. to Dismiss, Sec. II.C.2. This court need not reach the issue of applicable immunities given NL's failure to state a claim. *See Masters v. San Bernardino County Employees Retirement Assn.,* 32 Cal. App. 4th 30, 49 (1995) (immunity need not be considered if complaint fails to state a viable claim). However, even if NL could state a claim for equitable indemnity, the claim would nonetheless fail because DTSC is entitled to statutory immunity. NL's opposition does not address whether Counterclaim Six is barred by statutory immunity. Instead, NL focuses on the sufficiency of its negligence-based counterclaims by arguing that liability could be based on DTSC's permitting activities for the Vernon Plant. *See* ECF No. 223, Opposition, at 8:24–27. The argument fails irrespective of liability theory because California Government Code § 818.4 provides that public entities are "not liable for an injury caused by the…failure…to issue [or] deny…any permit…" Thus even broadly reading NL's arguments in opposition to the Motion, NL's counterclaim for equitable indemnity fails to state a claim.

**C.    NL's counterclaim for equitable indemnity fails because it cannot rely on "other law subjecting NL to liability."**

NL's vague reference in Counterclaim Six to any "other law subjecting NL to liability" is insufficient to support the counterclaim. *See* ECF No. 116, Counterclaims, ¶ 107; *see also* ECF No. 211, Mot. to Dismiss, Sec. II.E. Any

complaint against a public entity must specifically plead the statute under which the claims are brought. *Searcy*, *supra*, 177 Cal. App. 3d at 802.

NL does not clarify its reference to "other law subjecting NL to liability" in its opposition. Plaintiffs' Motion and this reply address NL's inability to state a claim for equitable indemnity based on purported claims for liability under nuisance law, CERCLA, and the HSAA.  NL failed to specifically plead a statute supporting the equitable indemnity claim, and therefore, Counterclaim Six fails to state a claim.

## III.   NL CONCEDES COUNTERCLAIM SEVEN SHOULD BE DISMISSED.

NL agrees to dismiss its negligence per se counterclaim. ECF No. 233 at 15. Plaintiffs concur. The Court's previous dismissal of the other defendants' Counterclaims Four and Five (ECF No. 177 at 8–13) requires the dismissal of Counterclaim Seven because "in the absence of an underlying negligence action[,]" negligence per se cannot survive. *See Coppola v. Smith*, 935 F. Supp. 2d 993, 1017 (E.D. Cal. 2013).

## CONCLUSION

For the reasons stated herein, Plaintiffs respectfully request the Court issue an order dismissing NL's Counterclaims Four, Five, Six, and Seven against Plaintiffs, and Trojan's Counterclaims Four and Five against Plaintiffs.

Dated:  December 6, 2021

Respectfully submitted,

ROB BONTA
Attorney General of California
SARAH E. MORRISON
Supervising Deputy Attorney General

*/s/ Jon Tangonan*
JON TANGONAN
AARTI S. KEWALRAMANI
Deputy Attorney General
*Attorneys for Plaintiffs California Department of Toxic Substances Control and the Toxic Substances Control*

LA2020603986
Plaintiffs' Reply Memorandum in Support of Motion to Dismiss Counterclaims.docx