# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11293-SVW-AGR | Date | December 22, 2021 |
|---|---|---|---|
| Title | *California Department of Toxic Substances Control et al. v. NL Industries, Inc. et al.* | | |

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** ORDER GRANTING MOTION TO DISMISS COUNTERCLAIMS [211] AND GRANTING IN PART MOTION TO STRIKE AFFIRMATIVE DEFENSES [212]

Before the Court is a Motion to Dismiss Defendants' Counterclaims, *see* ECF No. 211, and a Motion to Strike Affirmative Defenses, *see* ECF No. 212, brought by Plaintiff California Department of Toxic Substances Control and the Toxic Substances Control Account ("DTSC" or "Plaintiff") against Defendants NL Industries, Inc. ("NL") and Trojan Battery Company, LLC ("Trojan") (collectively, "Defendants").

### I.  MOTION TO DISMISS COUNTERCLAIMS

Plaintiff moves to dismiss Defendants' Counterclaims Four and Five, and NL's Counterclaims Six and Seven.  For the below reasons, Plaintiff's motion is GRANTED. [1]

---

[1] Trojan filed neither an opposition to Plaintiff's motion nor a joinder to NL's opposition.  The "failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion, with the exception [of] a motion pursuant to Fed. R. Civ. P. 56…" C.D. Cal. L. R. 7-12.  Having considered NL's arguments—as well as the other defendants' earlier arguments as to identical counterclaims—the Court finds that dismissal of Trojan's counterclaims is appropriate.   There is little risk of prejudice to Trojan, whose counsel provided no explanation for its failure to oppose the motion.  *See Patel v. City of Los Angeles*, 791 Fed. App'x 688, 689 (9th Cir. 2020).

|  | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11293-SVW-AGR | Date | December 22, 2021 |
|---|---|---|---|
| Title | *California Department of Toxic Substances Control et al. v. NL Industries, Inc. et al.* | | |

### A. LEGAL STANDARD

Plaintiff moves to dismiss Defendants' counterclaims under Federal Rules of Civil Procedure Rule 12(b)(6). When the legal sufficiency of a complaint (or counterclaim) is tested by a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, the factual allegations in the counterclaim must be taken as true. *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996).

A court, however, is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). While a defendant filing a counterclaim need plead only enough facts to state a claim to relief that is plausible on its face, this "plausibility" standard asks for "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–557 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

### B. DISCUSSION

#### 1. Counterclaims Four and Five

Defendants' Counterclaims Four and Five allege claims for recoupment identical to those previously dismissed by this Court as to the other defendants in this matter. *See* ECF No. 177. In its previous order, the Court found that the other defendants' counterclaims, which sought recoupment based on Cal. Gov't Code § 815.6 and Cal. Health & Safety Code § 25400(b), failed to state a claim for relief. *See id.*

NL includes new allegations in its opposition, asserting that Plaintiff is also liable under Cal. Civ. Code § 1714(a) and the "state-created danger" doctrine. Generally, parties may not add new allegations to a complaint or counterclaim in opposition to a motion to dismiss. *See Mountjoy v. Bank of Am. Home Loans*, No. 2:15-cv-02204, 2016 WL 4192416, at *4 (E.D. Cal. Aug. 9, 2016).

In its previous order, the Court noted that claims for recoupment were likely inconsistent with CERCLA's statutory framework and purpose, but declined to find the claims barred for that reason. *See* ECF No. 177. The Court now finds this to be the case. Thus, NL's new allegations fail to move its counterclaims beyond the threshold of Fed. R. Civ. P. 12(b)(6).

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11293-SVW-AGR | Date | December 22, 2021 |
|---|---|---|---|
| Title | *California Department of Toxic Substances Control et al. v. NL Industries, Inc. et al.* | | |

A small number of courts have grappled with the nuanced relationship between a common law claim for recoupment and CERCLA's statutory remedies. Generally, these courts have found recoupment unavailable in the context of CERCLA. *See, e.g., United States v. Rohm & Haas Co.*, 939 F. Supp. 1157, 1162–63 (D. N.J. 1996) (holding that "allowing recoupment claims in effect allows remnants of the common law to infect what Congress meant to establish with CERCLA" because CERCLA provides "clear statutory relief"); *United States v. Keystone Sanitation Co.*, 867 F. Supp. 275, 282–84 (M.D. Pa. 1994) (finding recoupment "a rather tortured concept in the context of a CERCLA § 107 cost recovery action," seemingly "inconsistent with the statutory scheme" of CERCLA but postponing final ruling on recoupment issue); *United States v. Iron Mountain Mines, Inc.*, ("*Iron Mountain Mines II*") 881 F. Supp. 1432, 1454 (E.D. Cal. 1995) ("[T]here is no compelling need for application of the recoupment doctrine in the context of a government cost recovery action under CERCLA because CERCLA itself permits the defendant in a suit by the government to seek contribution and make claims against the government.").

In its review of cases in which defendants were permitted to assert claims for recoupment, the Court found these cases only marginally touched on the question now before the Court, if at all. For example, the court in *Montrose*—which permitted counterclaims for recoupment to go forward—only discussed a tangentially-related issue in a few short sentences. *United States v. Montrose Chem. Corp. of California*, 788 F. Supp. 1485, 1496 (C.D. Cal. 1992). Similarly, the court in *Iron Mountain Mines III* did not clearly explain its rationale or the basis for its reasoning. *United States v. Iron Mountain Mines, Inc.*, 952 F. Supp. 673, 677 (E.D. Cal. 1996) ("*Iron Mountain Mines III*"); *see also Berrey v. Asarco Inc.*, 439 F.3d 636, 644 (10th Cir. 2006) (discussing a recoupment claim in the context of tribal sovereign immunity).

More recently, in *General Electric*, the district court discussed the relevant authorities extensively and found the defendants' claim for recoupment barred. *New York v. Gen. Elec. Co.*, No. 1:14-CV-747, 2015 WL 12748007, at *12 (N.D.N.Y. Sept. 29, 2015). Permitting the claim to go forward "could result in the application of a standard and remedy not provided for by Congress as part of its statutory scheme, and may allow for relief when CERCLA itself would not[.]" *See id.*

Like in *General Electric*, Defendants' counterclaims for recoupment would "undermine the statutory scheme devised by Congress[,] which permits only those defenses listed in CERCLA section

:
_____
Initials of Preparer
PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11293-SVW-AGR | Date | December 22, 2021 |
|---|---|---|---|
| Title | *California Department of Toxic Substances Control et al. v. NL Industries, Inc. et al.* | | |

107(b) to be asserted during the liability phase of a CERCLA cost recovery action[.]" *See id.* (citing *United States v. American Color and Chem. Corp.*, 858 F. Supp. 445, 453 (M.D. Pa. 1994)).

For this reason, the Court finds that CERCLA's statutory scheme does not permit Defendants' Counterclaims Four and Five to go forward.[2]  Accordingly, Defendants' Counterclaims Four and Five are dismissed.

### 2. Counterclaim Six

NL's Counterclaim Six is a counterclaim for equitable indemnity. *See* Answer ¶¶ 106–110. "Equitable indemnity principles govern the allocation of loss or damages among multiple tortfeasors whose liability for the underlying injury is joint and several." *Expressions at Rancho Niguel Ass'n v. Ahmanson Devs., Inc.*, 86 Cal. App. 4th 1135, 1139 (2001). "Such principles are designed, generally, to do equity among defendants who are legally responsible for an indivisible injury by providing a basis on which liability for damage will be borne by each joint tortfeasor "in direct proportion to [its] respective fault." *Id.* (internal quotations and citation omitted).

"The elements of a cause of action for indemnity are (1) a showing of *fault* on the part of the indemnitor and (2) resulting damages to the indemnitee for which the indemnitor is contractually or equitably responsible." *Id.* (emphasis in original). In other words, for its equitable indemnity claim to go forward, NL must state a viable claim for liability against Plaintiff. *See Munoz v. Davis*, 141 Cal. App. 3d 420, 425 (1983) ("[T]here can be no indemnity without liability.").

However, NL fail to plead any statutory basis for its claim, as required pursuant to the California Government Claims Act. *See* Cal. Gov't. Code § 815. Rather, Defendants vaguely refer to nuisance, CERCLA, the HSAA, and "other law." This requires the Court and Plaintiff to improperly speculate as to various bases for liability. Though Plaintiffs' motion identifies a number of reasons why NL's Counterclaim Six is deficient, NL does not address any of Plaintiffs' arguments.[3]  *See* Opp'n at 9.

---

[2] Because Defendants' counterclaims are not viable, the Court need not decide whether Defendants' counterclaims are compulsory or permissive. *See* ECF No. 177; *see also United States v. Montrose Chem. Corp. of Cal.*, 788 F. Supp. 1485, 1493 (C.D. Cal. 1992).

[3] For example, Defendants' equitable indemnity claim cannot be based on Plaintiff's hypothetical CERCLA or HSAA liability because it would be duplicative of Defendants' Counterclaims One and Three. These counterclaims are already predicated on potential Plaintiff's liability for contribution/indemnity under CERCLA and the HSAA. *See* 42 U.S.C. § 9613(f); Cal. Health & Safety Code § 25363(d).

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11293-SVW-AGR | Date | December 22, 2021 |
| Title | *California Department of Toxic Substances Control et al. v. NL Industries, Inc. et al.* | | |

For these reasons, NL's Counterclaim Six is dismissed.

### 3. Counterclaim Seven

Defendants' Counterclaim Seven alleges a claim for negligence per se. Defendants concede that dismissal of this counterclaim is appropriate. Counterclaim Seven, therefore, is dismissed.

### C. CONCLUSION

For the above reasons, Plaintiffs' Motion to Dismiss Defendants' counterclaims is GRANTED.

## II.   MOTION TO STRIKE AFFIRMATIVE DEFENSES

Plaintiff moves to strike from NL's Affirmative Defenses No. 12, 14, 16, 17, 18, 20, 21, 22, 23, 24, 28, 29, 30, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, and 49. Plaintiff also moves to strike Trojan's Affirmative Defenses No. 2, 4, 5, 6, 7, 8, 10, 12, 14, 15, 16, 22, 23, 26, 30, and 31.[4]

For the below reasons, Plaintiff's motion is GRANTED IN PART. It is DENIED as to NL's Affirmative Defenses No. 16 and 39.

### A. LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) provides that a party may make a motion to strike any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of a Rule 12(f) motion is to avoid the costs that arise from litigating spurious issues by dispensing with those issues prior to trial. *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Under the plain meaning of the rule, there are five categories of allegations that are

---

[4] As with the Motion to Dismiss Defendants' counterclaims, Trojan did not file an opposition to Plaintiff's Motion to Strike. *See* n. 1, *supra*. Having considered NL's arguments as to many similar affirmative defenses, as well as the other defendants' earlier arguments as to identical defenses, the Court strikes Trojan's Affirmative Defenses No. 2, 4, 5, 6, 7, 8, 10, 12, 14, 15, 16, 22, 23, 26, 30, and 31. The Court's finds that the factors set forth *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (describing "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions") weigh in favor of granting Plaintiff's motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11293-SVW-AGR | Date | December 22, 2021 |
|---|---|---|---|
| Title | *California Department of Toxic Substances Control et al. v. NL Industries, Inc. et al.* | | |

properly subject to a motion to strike. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973-74 (9th Cir. 2010) ((1) an insufficient defense; (2) redundant; (3) immaterial; (4) impertinent; or (5) scandalous).

An insufficient defense will depend "upon the nature of the affirmative pleader's claim for relief and the particular defense that is in question. 5C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382 (2004). Redundant material "consists of allegations that constitute a needless repetition of other averments in the pleading." *Id.* Scandalous "matter is that which improperly casts a derogatory light on someone, most typically on a party to the action." *Id.* Immaterial matter is defined as matter that "has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (internal citations omitted), *rev'd on other grounds*, 510 U.S. 517 (1994). Impertinent matter is defined as "statements that do not pertain, and are not necessary, to the issues in question." *Id.*

As discussed in its previous order, the Court notes that under Fed. R. Civ. P. 15(a), leave to amend to plead additional affirmative defenses is freely granted, and any stricken defenses may be later asserted if deemed necessary, in compliance with the Federal Rules of Civil Procedure.

**B. DISCUSSION**

Similar to its motion to strike the affirmative defenses pled by other defendants in this matter, which was the subject of the Court's order at ECF No. 176, Plaintiff moves to strike a number of categories of NL's affirmative defenses. NL concedes that striking Affirmative Defenses No. 12, 36, 37, 41, 42, 43, 45, 46, and 47 is appropriate. The Court considers NL's remaining affirmative defenses below.

**1. Equitable Defenses**

NL's Affirmative Defenses No. 17, 18, 23, 24, and 33 raise equitable defenses, which NL argues are available as a result of Plaintiff's nuisance claim. The court in *ConAgra Grocery* held, "It is clear, however, that neither the doctrine of estoppel nor any other equitable principle may be invoked against a governmental body where it would operate to defeat the effective operation of a policy adopted to protect the public." *People v. ConAgra Grocery Prod. Co.*, 17 Cal. App. 5th 51, 136 (2017). NL does not address this argument in its opposition and does not otherwise dispute that equitable defenses are

|  | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11293-SVW-AGR | Date | December 22, 2021 |
| Title | *California Department of Toxic Substances Control et al. v. NL Industries, Inc. et al.* | | |

unavailable as to Plaintiff's CERCLA and HSAA claims. Thus, NL's equitable affirmative defenses are stricken.

### 2. Ripeness

NL's Affirmative Defense No. 14 asserts that Plaintiff's claims "are barred by the doctrine of ripeness." NL does not plead a factual basis for this defense, but argues in its opposition that Plaintiff might incur additional cleanup costs in the future. The Court is not persuaded that this renders Plaintiff's claims unripe. Accordingly, Affirmative Defense No. 14 is insufficient as a matter of law.

### 3. Attorneys' Fees and Interest

NL's Affirmative Defense Nos. 29 and 30. Affirmative Defense No. 29 asserts that attorneys' fees are not recoverable under CERCLA, but such fees are in fact recoverable response costs. NL's opposition implicitly concedes that, if it is liable under CERCLA, it is liable for attorneys' fees. Similarly, Affirmative Defense No. 30 relates to pre-judgment or post-judgment interest. This too is recoverable under CERCLA section 107(a), and NL only states that Plaintiff will not have a valid CERCLA claim against NL. The Court finds these two defenses insufficient, and strikes them accordingly.

### 4. Retroactivity Defenses

NL's Affirmative Defense No. 34 and 35 relate to retroactivity. CERCLA and the HSAA impose liability retroactively. *See Anderson Bros. v. St. Paul Fire & Marine Ins. Co.*, 729 F.3d 923, 926 (9th Cir. 2013). Though NL raises Constitutional questions as to the validity of this statutory framework, the Court considered this question extensively in its prior order. *See id.*; *see also* ECF No. 103. Thus, these affirmative defenses are stricken.

### 5. Negligence/Causation Defenses

NL's Affirmative Defenses No. 20, 21, 32 and 44 relate to causation, alleging that NL's conduct in handling substances or operating the Vernon Plant did not cause injury to Plaintiffs. However, such defenses are insufficient as a matter of law in light of the statutory defenses set forth in 42 U.S.C. § 9607(b). *See Alco Pacific*, 217 F. Supp. 2d 1028, 1037 (C.D. Cal. 2002) (citing *Alcan Aluminum Corp.*, 990 F.2d at 721); *United States v. Monsanto Co.*, 858 F.2d 160, 167 (4th Cir. 1988) (rejecting defenses

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11293-SVW-AGR | Date | December 22, 2021 |
|---|---|---|---|
| Title | *California Department of Toxic Substances Control et al. v. NL Industries, Inc. et al.* | | |

because the "elements of tort culpability on which the site-owners rely simply are absent from the statute"); *United States v. Marisol, Inc.*, 725 F.Supp. 833, 838–40 (M.D. Pa. 1989) (finding that "claims by defendants that they were not negligent or that they exercised due care cannot be used to avoid liability" and that the defense "that the third party was the proximate cause" of the contamination was insufficient because it failed to plead that the third party was "totally unrelated" to defendant as required by CERCLA). The Court is not persuaded that a "two-site" CERCLA case, *Castaic Lake Water Agency v. Whittaker Corp.*, 272 F. Supp. 3d 1053, 1066 (C.D. Cal. 2003) is relevant here.

Similarly, Affirmative Defense No. 22 alleges Plaintiff's failure to mitigate, which the Court struck in its previous order with respect to the other defendants. Though the court in *United States v. Hardage,* 116 F.R.D. 460, 466 (W.D.Okla. 1987) declined to strike a failure to mitigate defense, a number of cases have held to the contrary. *See, e.g., Dep't of Toxic Substances Control v. Jim Dobbas, Inc.*, No. 2:14-595, 2014 WL 4627248; *Marisol*, 725 F.Supp. at 841 ("[T]he court finds no persuasive authority which imposes a legal duty upon the Government to mitigate damages in a CERCLA action").

Further, Affirmative Defenses No. 18, 28, and 38 relate to Plaintiff's own "fault" for the releases. "[C]ourts have consistently 'rejected negligence on the part of the government as a defense to liability in CERCLA actions.'" *Dobbas*, 2014 WL 4627248 at *10 (citing *Alco Pacific*, 217 F.Supp.2d at 1037) (striking contributory fault defense and citing cases); *United States v. Kramer*, 757 F.Supp. 397, 419 (D.N.J. 1991) ("[T]he defense that the United States was contributorily negligent, caused the harm at the Site or assumed the risk of harm at the Site, are all insufficient and must be stricken"). Finding the above authorities persuasive, the Court strikes these affirmative defenses.

### 6. Cost-Related Defenses

NL's Affirmative Defense No. 48 provides a defense for proration and offset for "…(2) all funds provided to DTSC pursuant to legislation passed by the State of California, for investigation and/or remediation of this Site." The Court previously struck similar language in its earlier order discussing the other defendants' similar affirmative defenses. This portion of Affirmative Defense No. 48 is therefore stricken.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11293-SVW-AGR | Date | December 22, 2021 |
|---|---|---|---|
| Title | *California Department of Toxic Substances Control et al. v. NL Industries, Inc. et al.* | | |

### 7. Apportionment/Contribution Defenses

NL's Affirmative Defense No. 16 states: "DTSC is not entitled to recover costs, or any other expenses, and NL is not jointly and severally liable for costs, or any other expenses arising from contamination that is divisible from contamination attributable to NL, if any." Affirmative Defense No. 39 states: "NL denies liability for any and all damages alleged in the Complaint. To the extent that NL is found liable for any of the damages alleged in the Complaint, NL alleges that it is entitled to an appropriate proration of damages because of the negligence and fault of other parties named and/or not named in this action." In its previous order, the Court noted that divisibility is a valid defense. Therefore, it declines to strike Affirmative Defenses No. 16. and 39, which relate to this issue.

### 8. Failure to Join Parties

NL's Affirmative Defense No. 40 asserts that Plaintiffs failed to join certain defendants. However, a government entity "is under no obligation to sue all potentially responsible parties in a CERCLA Section 107 cost recovery action." *City of Colton v. Am. Promotional Events, Inc.*, 2012 WL 32606, at *6 (C.D. Cal. 2012). This defense is also redundant of Affirmative Defense 11, which Plaintiffs do not move to strike, asserting that Plaintiffs failed to join indispensable parties. Therefore, Affirmative Defense No. 40 is stricken.

### 9. Claims Barred by Lead-Paint Settlement

NL's Affirmative Defense No. 49 asserts that Plaintiffs' claims are barred by a settlement that resolved claims against a number of defendants involving soil lead contamination. This Court has already ruled that Plaintiffs' claims are not barred by that settlement. *See* MTD Order at 19–20. As a result, this defense is insufficient as a matter of law.

### III. CONCLUSION

For the reasons discussed above, Plaintiff's Motion to Dismiss Defendants' counterclaims is GRANTED. Plaintiff's Motion to strike certain of Defendants' Affirmative Defenses is GRANTED IN PART. The Court declines to strike NL's Affirmative Defenses No. 16 and 39.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | |
| PMC | |