Matthew K. Edling, SBN 250940
matt@sheredling.com
Yumehiko Hoshijima, SBN 331376
yumehiko@sheredling.com
**Sher Edling LLP**
100 Montgomery Street, Ste. 1410
San Francisco, CA 94104
Phone (628) 231-2500
Fax: (628) 231-2929

*Attorneys for Plaintiffs California*
*Department of Toxic Substances*
*Control and the Toxic Substances*
*Control Account*

Christopher T. Nidel, (*pro hac vice*)
Thomas Sims, SBN 264174
**Nidel & Nace, PLLC**
One Church Street, Suite 802
Rockville, MD 20850
Phone: (202) 780-5153
Email: Chris@nidellaw.com

*Attorneys for Plaintiffs California*
*Department of Toxic Substances*
*Control and the Toxic Substances*
*Control Account*

Rob Bonta
**Attorney General of California**
Sarah E. Morrison
Supervising Deputy Attorney General
Jon S. Tangonan, SBN 216705
Elizabeth B. Rumsey, SBN 257908
Donald A. Robinson, SBN 72402
Elizabeth Y. Song, SBN 326616
Kate M. Hammond, SBN 293433
Deputy Attorneys General
300 South Spring Street
Los Angeles, CA 90013
Phone: (213) 269-6531
Fax: (916) 731-2128
E-mail: kate.hammond@doj.ca.gov

*Attorneys for Plaintiffs California*
*Department of Toxic Substances Control*
*and the Toxic Substances Control*
*Account*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the TOXIC SUBSTANCES CONTROL ACCOUNT,<br><br>Plaintiffs,<br><br>v.<br><br>NL INDUSTRIES, INC., et al.,<br><br>Defendants. | No. 2:20-cv-11293-SVW-JPRx<br><br>**JOINT STIPULATION BETWEEN PLAINTIFFS AND DEFENDANT GOULD ELECTRONICS INC.**<br><br>Judge:  Stephen V. Wilson<br>Action Filed:  December 14, 2020<br>Trial Date:  May 30, 2023 |

# STIPULATION AND AGREEMENT

Whereas, Plaintiffs California Department of Toxic Substances Control ("DTSC") and the Toxic Substances Control Account (collectively "Plaintiffs") and Defendant Gould Electronics Inc. ("GEI") (collectively DTSC and GEI are the "Parties") wish, to the extent practicable, to minimize the burdens on the Court and themselves associated with the upcoming trial in this matter scheduled to commence on May 30, 2023 ("Phase II trial"); and

Whereas, the Parties have negotiated this Agreement and Stipulation to narrow the issues to be litigated between them and decided by the Court in the Phase II trial; and

Whereas, GEI has agreed to stipulate that the *prima facie* elements of liability under Section 107(a)(2) of CERCLA have been satisfied for purposes of this case, but GEI reserves all rights to litigate any affirmative defenses to such liability except the defense of divisibility in the Phase II trial, and the right in future phases of this litigation to litigate other matters, including but not limited to the defense of divisibility; and

Whereas, DTSC reserves all rights to oppose in the Phase II trial any affirmative defenses to liability, except the defense of divisibility, asserted by GEI, and reserves all rights to litigate other matters in future phases of this litigation, including but not limited to defenses to joint and several liability (e.g., divisibility); and

Whereas, to minimize burdens on the Court, the Parties have agreed that they will not introduce evidence or arguments at the Phase II trial regarding the *prima facie* elements of GEI's liability, unless necessary to respond to (a) an express indication or order by the Court; or (b) evidence or arguments introduced by other parties in this case.

Whereas, the foregoing paragraphs are intended to express the Parties' intent in entering into this agreement, as more particularly implemented through the numbered paragraphs below.

Plaintiffs and GEI hereby stipulate and agree, for purposes of this litigation only, as follows:

1.    GEI stipulates for purposes of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") that GEI is a successor to the liabilities of Gould Inc. arising from Gould Inc.'s ownership or operation from January 31, 1979 through December 31, 1982 of the properties identified in Paragraph 5 of the Complaint filed by Plaintiffs against GEI and other Defendants in the United States District Court for the Central District of California, Civil Action No. 2:20-cv-11293-SVW-JPR ("Complaint").

2.    GEI stipulates that the properties identified in Paragraph 5 of the Complaint constitute a "facility" (as defined in CERCLA), and that such "facility" contains "hazardous substances" (as defined in CERCLA).

3.    GEI stipulates that Gould Inc. was a "person" (as defined in CERCLA) that "owned or operated" (as used in CERCLA) the properties identified in Paragraph 5 of the Complaint from January 31, 1979 through December 31, 1982.

4.    GEI stipulates that there was a "disposal" (as defined by CERCLA) of a "hazardous substance" (as defined by CERCLA) during the time Gould Inc. owned or operated the properties identified in Paragraph 5 of the Complaint from January 31, 1979 through December 31, 1982.

5.    GEI stipulates there was a "release" or "threatened release" (as defined in CERCLA) of a "hazardous substance" (as defined in CERCLA) from one or more of the properties identified at Paragraph 5 of the Complaint

during the time Gould Inc. owned or operated the properties identified in Paragraph 5 of the Complaint from January 31, 1979 through December 31, 1982.

6.    GEI stipulates that a "release" or "threatened release" (as defined in CERCLA) from one or more of the properties identified in Paragraph 5 of the Complaint during the time Gould Inc. owned or operated the properties identified in Paragraph 5 of the Complaint from January 31, 1979 through December 31, 1982 caused DTSC to incur at least some response costs for the properties identified in Paragraph 5 of the Complaint.

7.    GEI does not stipulate to any alleged fact or issue of law other than as expressly stated in Paragraphs 1 through 6 above and otherwise reserves all other rights and defenses relevant to this litigation, including but not limited to the rights (a) to assert in the May 2023 Phase II trial defenses to liability other than divisibility, including the defense that releases constituted "federally permitted releases" (as defined in CERCLA); (b) to dispute the factual basis for any specifically alleged "release" or "disposal" (as defined in CERCLA), (c) to dispute whether any specific response cost alleged by Plaintiffs was caused by a "release or threatened release" (as defined in CERCLA) from a property identified in Paragraph 5 of the Complaint, (d) to dispute that any property other than those identified in Paragraph 5 of the Complaint is part of the "facility" (as defined in CERCLA) for purposes of this litigation, (e) to assert in proceedings following the Phase II trial that some or all harms alleged by Plaintiffs in this litigation are distinct or, if indivisible, are capable of reasonable apportionment, (f) to challenge in proceedings following the Phase II trial the remedy selected by DTSC, whether costs claimed by Plaintiffs

are "response costs" (as defined in CERCLA) and (g) to challenge in proceedings following the Phase II trial the amount and NCP compliance status of DTSC's past and future response costs. The preceding list is meant to minimize potential misunderstanding among the parties to this stipulation and shall not be deemed an exhaustive description of GEI's reserved rights.

8.   GEI agrees that it shall not, during the May 2023 Phase II trial, introduce or otherwise adduce evidence regarding any of the matters described in subsections (b) though (d) of Paragraph 7, except in response to (1) evidence that has been introduced or adduced by another party in the May 2023 Phase II trial; or (2) an express indication or order by the Court that the May 2023 Phase II trial will address divisibility, orphan share, equitable allocation, or any other issue that the Court indicates will require evidence of releases or threatened releases during Gould Inc.'s ownership or operation of the properties identified in Paragraph 5 of the Complaint. Evidence introduced or adduced by GEI under this paragraph may be entered by any means, for example and without limitation, through cross-examination, rebuttal testimony and/or exhibits.

9.   Plaintiffs agree that they shall not, during the May 2023 Phase II trial, introduce or otherwise adduce evidence regarding a specific release or threatened release during Gould Inc.'s ownership or operation of the properties identified in Paragraph 5 of the Complaint, except in response to (1) evidence that has been introduced or adduced by another party in the May 2023 Phase II trial; or (2) an express indication or order by the Court that the May 2023 Phase II trial will address divisibility, orphan share, equitable allocation, or any other issue that the Court indicates will require evidence of specific releases or

threatened releases during Gould Inc.'s ownership or operation of the properties identified in Paragraph 5 of the Complaint. Evidence introduced or adduced by Plaintiffs under this paragraph may be entered by any means, for example and without limitation, through cross-examination, rebuttal testimony and/or exhibits. Plaintiffs reserve all other rights, including but not limited to the rights (a) to present evidence and argument that "facility" is not limited to the properties identified in Paragraph 5 of the Complaint; (b) to present evidence and argument that there is only one "facility"; and (c) to present evidence and argument in proceedings following the Phase II trial that Gould Inc.'s ownership or operation of the properties identified in Paragraph 5 of the Complaint continued beyond January 1, 1983. The preceding list is meant to minimize potential misunderstanding among the parties to this stipulation and shall not be deemed an exhaustive description of Plaintiffs' reserved rights.

10. GEI agrees that Plaintiffs' failure to introduce evidence at the Phase II trial of specific releases or types of releases does not limit the effect or scope of Paragraphs 5 and 6 or operates as a waiver of Plaintiffs' right to introduce such evidence after the Phase II trial in accordance with Paragraph 9.

11. No Party's reservation of rights in this stipulation shall be deemed as acceptance by any other Party as to the existence or relevance under CERCLA of such asserted right.

12. This stipulation has been executed solely for purposes of this litigation. It shall not be usable in any way or for any purpose by any person in any other proceeding and shall not be binding or used in evidence or in any manner in this litigation until an order substantially in the form as set forth in Exhibit A hereto is entered by the Court.

1

2     DATED: May 18, 2023                    Respectfully submitted,

3

4                                            */s/ Matthew K. Edling*
                                             Matthew K. Edling
5                                            Yumehiko Hoshijima
                                             **SHER EDLING LLP**

6
                                             Christopher T. Nidel
7                                            Thomas Sims
                                             **NIDEL NACE, PLLC**

8
                                             Rob Bonta
9                                            Attorney General of California
                                             Sarah E. Morrison
10                                           Supervising Deputy Attorneys General
                                             Jon S. Tangonan
11                                           Deputy Attorney General

12                                           *Counsel for Plaintiffs California*
                                             *Department of Toxic Substances Control*
13                                           *and the Toxic Substances Control Account*

14    DATED: May 18, 2023                    **BENESCH, FRIEDLANDER,**
                                             **COPLAN & ARONOFF LLP**
15

16                                           By: */s/ John A. Rego*
                                                 John A. Rego (*pro hac vice*)
17                                               Lily A. North
                                                 Nicholas J. Secco (*pro hac vice*)
18                                               Krista M. Enns
                                                 Andrew J. Jarzyna (*pro hac vice*)
19                                               Gregory Frohman (*pro hac vice*)

20                                           **WARREN TERZIAN LLP**
                                                 Thomas D. Warren
21                                               Dan Terzian
                                                 Erick Kees Kuylman

22                                           *Attorneys for Defendant and Counter-*
                                             *Claimant Gould Electronics Inc.*
23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## L.R. 5-4.3.4(2) CERTIFICATION

Pursuant to L.R. 5-4.3.4(2), I certify that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.


DATED: May 18, 2023                     Respectfully submitted,


                                        */s/ Matthew K. Edling*
                                        Matthew K. Edling
                                        Yumehiko Hoshijima
                                        SHER EDLING LLP