Alexander P. Swanson (State Bar No. 280947)
aswanson@rutan.com
RUTAN & TUCKER, LLP
18575 Jamboree Road, 9th Floor
Irvine, CA 92612
Telephone: (714) 641-5100
Facsimile: (714) 546-9035

Patrick W. Dennis (State Bar No. 106796)
pdennis@gibsondunn.com
Thomas F. Cochrane (State Bar No. 318635)
tcochrane@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520

Attorneys for Defendant and Counterclaimant
QUEMETCO, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA DTSC, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>NL INDUSTRIES, INC., et al.,<br><br>Defendants. | Case No. 2:20-cv-11293-SVW-JPR<br><br>Judge: Hon. Stephen V. Wilson<br>Ctrm: 10A<br><br>**JOINT STIPULATION BETWEEN PLAINTIFFS AND DEFENDANT QUEMETCO, INC.** |
| QUEMETCO, INC.,<br><br>Counterclaimant,<br><br>vs.<br><br>CALIFORNIA DTSC, et al.,<br><br>Counterdefendants. | Date Action Filed: December 14, 2020<br>Trial Date: May 30, 2023 |

# STIPULATION AND AGREEMENT

Whereas, Plaintiffs California Department of Toxic Substances Control ("DTSC") and the Toxic Substances Control Account (collectively "Plaintiffs") and Defendant Quemetco, Inc. ("Quemetco") wish, to the extent practicable, to minimize the burdens on the Court and themselves associated with the upcoming trial in this matter scheduled to commence on May 30, 2023 ("Phase II trial"); and

Whereas, the Parties have negotiated this Agreement and Stipulation to narrow the issues to be litigated between them and decided by the Court in the Phase II trial.

Plaintiffs and Quemetco hereby stipulate and agree, for purposes of this litigation only, as follows:

1.  Plaintiffs stipulate that all air emissions (except non-process fugitive emissions) from the properties identified in Paragraph 5 of the Complaint filed by Plaintiffs in the United States District Court for the Central District of California, Civil Action No. 2:20-cv-11293-SVW-JPR (the "Vernon Plant") associated with any materials referenced in any Uniform Hazardous Waste Manifest reflecting a shipment of hazardous substances from Quemetco to the Vernon Plant during the period of January 1, 1995 to March 31, 1995, were factually subject to and factually in compliance with[1] a permit or control regulation under section 111 of the Clean Air Act or under a State Implementation Plan submitted in accordance with section 110 of the Clean Air Act.

2.  Plaintiffs stipulate that all air emissions (except non-process fugitive emissions) from the Vernon Plant associated with any materials referenced in any Uniform Hazardous Waste Manifest reflecting a shipment of hazardous substances

---

[1] By stipulating to facts in Paragraphs 1 and 2, Plaintiffs do not concede any legal arguments, and expressly reserve all arguments (except as to Quemetco regarding the facts in Paragraphs 1 and 2) regarding the legal interpretation and meaning of "subject to" as used in 42 U.S.C. § 9601(10).

-1-

1  from Quemetco to the Vernon Plant during the period of May 1, 2001 to July 31,
2  2001, were factually subject to and factually in compliance with a permit or control
3  regulation under section 111 of the Clean Air Act or under a State Implementation
4  Plan submitted in accordance with section 110 of the Clean Air Act.

5        3.     Regarding the non-process fugitive emissions referenced in Paragraphs
6  1 and 2 above, Plaintiffs agree not to argue or take the position, as to Quemetco
7  only, that such non-process fugitive emissions were not subject to a permit or
8  control regulation under section 111 of the Clean Air Act or under a State
9  Implementation Plan submitted in accordance with section 110 of the Clean Air Act.
10 Likewise, Plaintiffs agree not to argue or take the position, as to Quemetco only,
11 that Quemetco failed to carry its burden to prove that such non-process fugitive
12 emissions were subject to a permit or control regulation under section 111 of the
13 Clean Air Act or under a State Implementation Plan submitted in accordance with
14 section 110 of the Clean Air Act. Plaintiffs reserve the right to assert against any
15 other Defendant that non-process fugitive emissions were not subject to a permit or
16 control regulation under section 111 of the Clean Air Act or under a State
17 Implementation Plan submitted in accordance with section 110 of the Clean Air Act.

18       4.     The Parties make no stipulations regarding divisibility.  For example,
19 Plaintiffs reserve their right to contend that Quemetco bears the burden to prove
20 divisibility to establish the federally permitted release affirmative defense and failed
21 to carry such burden.  Quemetco reserves the right to argue that it is not required to
22 establish divisibility with respect to the defense.

23       5.     Quemetco stipulates that the Vernon Plant constitutes a "facility" (as
24 defined in CERCLA), and that such "facility" contains "hazardous substances" (as
25 defined in CERCLA).

26       6.     Quemetco stipulates there was a "release" or "threatened release" (as
27 defined in CERCLA) of a "hazardous substance" (as defined in CERCLA) from the
28 Vernon Plant.

Rutan & Tucker, LLP
attorneys at law

3047/037568-0001
19180529.2 a05/24/23

-2-
JOINT STIPULATION BETWEEN PLAINTIFFS AND DEFENDANT
QUEMETCO, INC

7. Quemetco stipulates that a "release" or "threatened release" (as defined in CERCLA) from the Vernon Plant caused DTSC to incur response costs for the Vernon Plant.

8. This stipulation has been executed solely for the purposes of this litigation. It shall not be usable in any way or for any purpose by any person in any other proceeding and shall not be binding or used in evidence or in any manner in this litigation until an order substantially in the form as set forth in Exhibit A hereto is entered by the Court.

Dated: May 24, 2023

RUTAN & TUCKER, LLP

By: /s/ Alexander P. Swanson
Alexander P. Swanson

GIBSON, DUNN & CRUTCHER LLP
Patrick W. Dennis
Thomas F. Cochrane

*Attorneys for Defendant and Counterclaimant QUEMETCO, INC.*

By: /s/ Thomas Sims
Thomas Sims
Christopher T. Nidel
NIDEL & NACE, PLLC

*Attorneys for Plaintiffs California Department of Toxic Substances Control and the Toxic Substances Control Account*

## **L.R. 5-4.3.4(2) CERTIFICATION**

Pursuant to L.R. 5-4.3.4.(2), I certify that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated:  May 24, 2023                    RUTAN & TUCKER, LLP

By:     */s/ Alexander P. Swanson*
         Alexander P. Swanson